1 | MAYER BROWN LLP
DONALD M. FALK (SBN 150256)
2 | *dfalk@mayerbrown.com*
Two Palo Alto Square, Suite 300
3 | 3000 El Camino Real
Palo Alto, CA 94306-2112
4 | Tel: 650-331-2000
Fax: 650-331-2060

5 | MAYER BROWN LLP
BRONWYN F. POLLOCK (SBN 210912)
6 | *bpollock@mayerbrown.com*
350 S. Grand Ave., 25th Floor
7 | Los Angeles, CA 90071-1503
Tel: 213-229-9500
8 | Fax: 213-625-0248

9 | Attorneys for Plaintiff
The Bank of New York Mellon
10 | (f/k/a The Bank of New York)

**FILED**

**AUG 07 2013**

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**JCS**

11 | **UNITED STATES DISTRICT COURT**

12 | **NORTHERN DISTRICT OF CALIFORNIA**

13 | THE BANK OF NEW YORK MELLON (f/k/a
The Bank of New York), as Trustee, on behalf
14 | of the Trusts listed in Exhibit A,

Case No.

**CV 13 3664**

15 | Plaintiff,

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

16 |

17 | v.

18 | CITY OF RICHMOND, CALIFORNIA, a
municipality; RICHMOND CITY COUNCIL;
19 | MORTGAGE RESOLUTION PARTNERS
L.L.C., a Delaware limited liability company;
20 | and GORDIAN SWORD LLC, a Delaware
limited liability company;

21 | Defendants.

22 |

23 |

24 | FILE VIA FAX

25 |

26 |

27 |

28 |

1   Plaintiff allege as follows based on information and belief:

2   **INTRODUCTION**

3   1.   This is a case about the misuse of public power for private benefit.

4   2.   Following a scheme devised by a mortgage investment firm that stands to profit

5   handsomely from the deal, the City of Richmond (the "City") has made clear that it imminently

6   plans to seize residential mortgages—mortgages that are current on their payments—at deep

7   discounts and then refinance the properties at reduced loan values. The borrowers would retain

8   their homes with a lower debt load. The City and the investment firm each would receive certain

9   fees generated by the refinancing transactions, and then the firm and its investors would profit

10  from reselling federally guaranteed loans. And the trusts and their investors, including pension

11  funds and other institutional investors, who held current, performing loans that had financed the

12  purchase of homes in the City would be left holding the bag, losing tens of millions of dollars in

13  loan principal.

14  3.   The contemplated use of the eminent domain power in this seizure and refinance

15  scheme violates the constitutions of both the United States and California, along with several

16  California statutes.

17  4.   Plaintiff, The Bank of New York Mellon, is the Trustee of certain trusts that were

18  created to hold residential mortgage loans (the "Trusts," listed in Exhibit A hereto). The Trusts'

19  beneficiaries include both municipal and private pension plans, 401(k) plans, mutual funds, and

20  other investors.

21  5.   Defendants City and Mortgage Resolution Partners L.L.C. ("MRP") have entered

22  into an agreement, pursuant to which they will use the City's eminent domain power to seize

23  performing debt instruments—which are not located in Richmond and are held by out-of-state

24  trusts—at deeply discounted prices. Defendants would then profit by refinancing and

25  resecuritizing those loans, while paying fees to MRP and to the City. MRP's investors—whose

26  funds will be used to acquire the loans—will reap substantial profits. Defendants' mortgage loan

27  seizure program is referred to herein as the "Seizure Program."

28

1  6. Defendants attempt to justify the Seizure Program as one that will help
2  homeowners and communities in Richmond that are struggling with foreclosures, but the Seizure
3  Program actually targets performing loans and does nothing to help homeowners in foreclosure.
4  These loans, which have survived the recession and housing crisis intact, are the ones for which
5  seizure will be most valuable to MRP's investors but least likely to generate any public benefit.
6  Even if the City did intend to take high-risk loans, the Seizure Program still could not create any
7  public benefit, because many of the Trusts' servicers already can and do forgive principal where
8  doing so would make the loan more valuable, by reducing the risk of default enough to justify
9  the loss of principal.

10  7. The Seizure Program is unlawful and unconstitutional and violates numerous
11  federal, state and local laws, including the City's own Charter. Nevertheless, in connection with
12  its agreement with MRP, the City intends to employ the Seizure Program and has taken
13  substantial steps in its furtherance.

14  8. Defendants have already selected over 100 mortgage loans that they wish to seize
15  from the Trusts. The City has nominally offered to "purchase" the loans on behalf of MRP. The
16  offers, however, are not in good faith: Defendants' valuation method is designed to produce
17  values that are far below any reasonable level because they give no value to homeowners' steady
18  payment record. And MRP has stated publicly that federal law precludes the Trusts from selling
19  the loans through the voluntary purchase proposal offered by Defendants.

20  9. The low offers are no accident, nor are they the beginning of a constructive
21  negotiation. Defendants cannot simply purchase the loans consensually from their owners (*i.e.*,
22  the Trusts), because the Seizure Program does not work if the City actually pays fair value. MRP
23  and its investors do not plan to hold the loans for the long-term and collect principal and interest
24  from borrowers. The Seizure Program is pure financial engineering. MRP and its investors,
25  with the critical assistance of City's purported power of eminent domain, intend to take the loans
26  for a fraction of their value and then flip them, reselling them in a new securitization.

27  10. Defendants do not plan to do anything to enhance the value of the mortgaged
28  properties, to bear market risk, or to work with borrowers to improve their ability to pay. In fact,

3

1  the only modification that they plan is to *write off* much of each loan's balance before acquiring
2  the loans.

3       11.    The Seizure Program purportedly is intended to assist homeowners at risk of
4  defaulting on their mortgage loans and thereby somehow avoid urban blight. But the design and
5  implementation of the Seizure Program show that the rationale is a pretext. The Seizure Program
6  actually is intended to generate significant sums for MRP and its investors, with payments to the
7  City in exchange for the use of its eminent domain powers. The Seizure Program also generates
8  private benefits for the homeowners who are selected for it.

9       12.    Many of the Trusts' existing guidelines and practices, implemented by the
10  servicers, of modifying loans is further proof that undercompensation, not modification, is the
11  source of the Seizure Program's profit. The true value of the loans already reflects the Trusts'
12  ability to enhance their value through modification. There is no indication that MRP, which
13  describes itself as a "community advisory firm," will be as qualified as experienced servicers.
14  Indeed, the blanket modifications that Defendants plan are unlikely to increase the price of the
15  loans in a resale. For example, while it is sometimes possible to increase a loan's value with a
16  carefully considered modification, it rarely makes sense to reduce the loan balance when the
17  borrower is making the existing, agreed payments. Nor is it often the case that a loan will be
18  more valuable if its principal is reduced below the value of the house. That MRP expects to
19  profit nonetheless demonstrates that undercompensation of the Trusts is an essential element of
20  the Seizure Program.

21       13.    There are numerous reasons that this scheme is unconstitutional. As outlined
22  above, the Seizure Program cannot be successful on its own terms if the Trusts receive fair
23  market value. Thus, this case is more than a dispute about valuation of individual loans. The
24  takings also are manifestly not for public use—indeed, the Seizure Program specifically carves
25  out loans whose modification might avoid foreclosure, in apparent recognition that many Trusts
26  already can conduct such modifications. Further, the Seizure Program involves the taking of
27  loans that are located outside of the City's limits and therefore are beyond its eminent domain
28  power.

4

1        14.    The Seizure Program violates other provisions of the U.S. and California

2  Constitutions as well. By coercing transactions across state lines and threatening massive

3  disruption to the national mortgage lending and securitization markets, it conflicts with federal

4  power under the Commerce Clause. It also runs afoul of the Contracts Clause, which bars States

5  and their political subdivisions like the City from modifying private contracts. In fact, the

6  Seizure Program is a paradigmatic example of the types of misconduct that each Clause was

7  intended to prevent. The City seeks to abrogate debts that its citizens owe to out-of-town entities

8  and permit a local speculator to reap the profits.

9        15.    Already, the federal government has expressed its concerns about the

10  unconstitutional nature of the Seizure Program and the federal interest in avoiding havoc to

11  mortgage lending nationwide. In a public statement dated August 9, 2012, the Federal Housing

12  Finance Administration ("FHFA"), the conservator of Fannie Mae and Freddie Mac (the two

13  Government–Sponsored Enterprises ("GSEs") that are among the largest investors in residential-

14  mortgage backed securitization ("RMBS") trusts), stated that "FHFA has significant concerns

15  about the use of eminent domain to revise existing financial contracts" and that "resulting losses

16  from such a program would represent a cost ultimately borne by taxpayers" and would have "a

17  chilling effect on the extension of credit to borrowers seeking to become homeowners and on

18  investors that support the housing market." 77 Fed. Reg. 47,652 (August 9, 2012). FHFA noted

19  that "[a]mong questions raised regarding the proposed use of eminent domain are the

20  constitutionality of such use," "the effects on holders of existing securities," "the impact on

21  millions of negotiated and performing mortgage contracts," and "critical issues surrounding the

22  valuation by local governments of complex contractual arrangements that are traded in national

23  and international markets." *Id.*

24        16.    As stated, the targeted loans are out-of-Richmond interests, held by out-of-

25  Richmond entities. Nevertheless, as an alternative, and to the extent that loans targeted by the

26  Seizure Program may be considered local interests (they are not), the Seizure Program also

27  violates the California Constitution, which, as amended by voter proposition in 2008, expressly

28  prohibits local governments from using eminent domain to seize owner-occupied residences for

1  the purpose of conveying it to a private person. Cal. Const. art. I, § 19(b). Specifically, as an

2  alternative basis, the Seizure Program is unlawful if the targeted mortgage loans constitute

3  interests in real property that are secured exclusively by owner-occupied residences and are

4  conveyed to private persons.

5      17.    Injunctive and declaratory relief is necessary to avoid imminent and irreversible

6  harm, not only to the Trusts but to the national economy. The City intends to use California's

7  "quick take" procedure, which allows it to condemn property first and ask the courts to

8  determine fair compensation second. Once each loan is taken, MRP will destroy it through

9  refinancing; a new loan would then be imposed on each borrower, and those new loans would be

10  hastily sold to other investors. If the Seizure Program is found unconstitutional afterwards, that

11  egg may prove impossible to unscramble, and certainly not without harming innocent

12  homeowners and investors. Moreover, because of the design of the Seizure Program, the

13  compensable losses to the Trusts will be far greater than the City realizes and may exceed its

14  ability to pay. MRP is indemnifying the City for these costs, but its financial resources are

15  unknown.

16      18.    Moreover, several other municipalities—including North Las Vegas, Nevada; El

17  Monte, California; La Puente, California; Orange Cove, California; Pomona, California; and San

18  Joaquin, California—have entered into agreements with MRP. Litigating each taking

19  individually in state court while waiting for definitive guidance on federal constitutional issues

20  would be wasteful and protracted and lead to years of uncertainty.

21      19.    The Seizure Program is a scheme that should be nipped in the bud. That is why

22  Plaintiff seeks immediate relief from this Court.

23                          **THE PARTIES**

24      **A.    Plaintiff**

25      20.    Plaintiff, The Bank of New York Mellon, is a bank organized under the laws of

26  the State of New York and having its principal place of business at One Wall Street, New York,

27  New York 10286. The Bank of New York Mellon serves as Trustee for Trusts listed on Exhibit

28  A hereto that hold mortgage loans targeted by the Seizure Program.

1       21.     The beneficial owners of the Trusts include municipal and private pension plans,

2   401(k) plans, mutual funds, and other investors.

3       22.     As the first phase of the Seizure Program, the City sent out letters to 32 trustees

4   and servicers of RMBS trusts offering to purchase approximately 624 loans. The Mayor of

5   Richmond publicly indicated that this was only the "first batch" of loans and that she hopes to

6   expand the Program. Plaintiff received a letter from the City dated July 31, 2013 demanding to

7   purchase more than 100 loans from the Trusts. Attached hereto as Exhibit B is a true and correct

8   copy of the City's letter.

9       23.     None of the Trusts is incorporated in California or otherwise organized under the

10   laws of California. All of the Trusts are organized under New York common law.

11      24.     The physical notes and other documents evidencing the mortgage loans that

12   Defendants intend to seize all are valid and binding, and located outside of the territorial

13   boundaries of the City.

14      25.     The beneficiaries of the Trusts are located across the country and the world.

15     **B.**    **Defendants**

16       26.     Defendant MRP is a limited liability company organized and existing under the

17   laws of Delaware, and it is headquartered in San Francisco, California.

18       27.     MRP is a privately-owned, for-profit company that will manage and facilitate the

19   loan restructuring process of the Seizure Program, including (a) raising funds to finance the

20   seizures; (b) identifying mortgage loans to be acquired by eminent domain; and (c) arranging for

21   the loan refinancing. MRP will receive a $4,500 fee for each loan seized and refinanced. In

22   addition, MRP's investors would receive the profit between the seizure price and price at which

23   the new loan to the homeowner is sold, net of MRP's fee, the City's fee, and any expenses

24   incurred by MRP. MRP has no other business operations.

25       28.     Defendant Gordian Sword LLC is a limited liability company organized and

26   existing under the laws of Delaware, and it is headquartered in San Francisco, California. It was

27   established to create the Seizure Program and is the managing member that controls and directs

28

1    MRP. The name Gordian Sword is an apparent reference to the Gordian Knot, a legend and

2    metaphor for an intractable problem that is solved easily by cheating (*i.e.*, cutting the knot).

3        29.    On or about April 2, 2013, the City, through its City Council and upon the

4    recommendation of its City Manager, voted to enter into an "Advisory Services Agreement" with

5    MRP, under which MRP would provide contractual services to the City regarding, among other

6    things, mortgage relief for City homeowners and the acquisition of existing mortgage loans

7    through eminent domain. It is not clear whether this is the only written agreement between the

8    City and MRP or if there are other undisclosed oral or written agreements between them.

9        30.    Defendant City , a municipality, is located in Contra Costa County in the State of

10   California, with the territorial boundaries described in Article I, section 2 of the City's Charter.

11       31.    Defendant Richmond City Council (the "City Council") is the City's governing

12   body. Defendant City Council is the governing body with legal responsibility for making

13   decisions with respect to the City's exercise of its eminent domain powers.

14                      **JURISDICTION AND VENUE**

15       32.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal

16   question jurisdiction) and 1343(a)(3) and (4) (jurisdiction over actions for violations of

17   constitutional and federal rights secured by 42 U.S.C. § 1983), and over Plaintiff's declaratory

18   relief causes of action under 28 U.S.C. §§ 2201 and 2202. Plaintiff's state-law claims form part

19   of the same case or controversy as the federal claims. Accordingly, this Court has supplemental

20   jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

21       33.    This Court has personal jurisdiction over Defendants City and City Council, as

22   municipalities or agents and officers of municipalities located in this judicial district. The Court

23   also has personal jurisdiction over those Defendants because Plaintiff's claims arise out of

24   actions taken by those Defendants in this judicial district.

25       34.    The Court has personal jurisdiction over Defendants MRP and Gordian Sword

26   because they are headquartered in San Francisco, California, and Plaintiff's claims arise out of

27   MRP's and Gordian Sword's transaction of business in this judicial district.

28

1    35.    Venue is proper in this judicial district based on 28 U.S.C. § 1391(b). Defendants

2  City and City Council reside in this judicial district, Defendants MRP and Gordian Sword

3  conduct business in this district, and a substantial part of the events or omissions giving rise to

4  the claims asserted herein occurred in this district.

5                              **INTRADISTRICT ASSIGNMENT**

6    36.    Pursuant to Civil Local Rules 3-2(c) and 3-2(d), this action is properly assigned to

7  either the San Francisco or Oakland Division of this Court, because a substantial part of the

8  events giving rise to the claims asserted herein occurred in Contra Costa County.

9                                **FACTUAL BACKGROUND**

10  **I.    DEFENDANTS' SEIZURE PROGRAM**

11    37.    Defendants seek to enrich themselves through an elaborate program under which

12  the City would use its eminent domain powers and litigation to seize residential mortgage loans,

13  secured by owner-occupied residences in the City, held by outsiders, at steeply and unjustifiably

14  discounted prices. MRP would then refinance those loans with new federally insured loans and

15  sell the new loans at a substantial markup.

16    38.    Defendants would profit by sharing in the spread between the price paid by the

17  City (by MRP's investors) to seize the loans and the proceeds received by the City (through

18  MRP) for selling the new loan to the homeowner to a third party. The outside-of-Richmond

19  Trusts whose mortgage loans would be seized under the Seizure Program would lose significant

20  value—potentially hundreds of thousands of dollars on some individual loans. Thus, the Seizure

21  Program amounts to a seizure and transfer of wealth from private parties outside of the City, on

22  the one hand, to other private parties, on the other hand, with the City receiving a payment as its

23  fee for renting out its eminent domain powers.

24       **A.    The Seizure Program's Targeting of Performing Loans**

25    39.    The Seizure Program primarily targets for eminent domain seizure mortgage loans

26  that meet a specific profile: (a) performing loans (meaning where the borrower is current on

27  payment); (b) underwater (meaning that the principal loan balance is greater than the underlying

28  home value); and (c) held by "private-label" securitization trusts (meaning that the trusts are

9

1 sponsored by a private entity, rather than by a Government-Sponsored Enterprise (GSEs), such a

2 Fannie Mae and Freddie Mac).[1]

3    40.    The Seizure Program seeks to cherry-pick loans that are "relatively current (not in

4 default)," and only from *"borrowers who appear likely to repay their loans." See* Exhibit C at 9

5 (emphasis added).[2] Thus, the Seizure Program does not target loans where there is a serious risk

6 of default (much less a serious risk of foreclosure). Indeed, of the approximately 624 loans that

7 the City has offered to purchase, approximately 85% are not in any stage of the foreclosure

8 process and approximately 81% of the loans have never had a notice of default filed or are now

9 current. Of the 105 loans held by Plaintiff as trustee, over 90% are not in any stage of the

10 foreclosure process.

11    41.    The stated justifications for the Seizure Program—to prevent "blight" or some

12 other "public" harm caused by foreclosures—are mere pretexts for this profit-driven scheme.

13 Indeed, the fact that the Seizure Program primarily targets performing loans—loans that will be

14 the most profitable to restructure and sell but are the least likely to default—shows that the

15 Seizure Program is designed to create profits for MRP and its investors.

16    42.    MRP has included a small percentage of loans in default or foreclosure for optics

17 only, in a thinly-veiled attempt to justify its scheme under the guise of public good. The Seizure

18 Program is not structured to help borrowers actually facing foreclosure because such borrowers

19 are a bad credit risk, unlikely to qualify for refinancing. In MRP's own words, one of the "key

20 steps to the MRP process" is that "[h]omeowners who opt into the program, but do not qualify

21 for a refinance or a lease *will be dropped* from the eminent domain motion before their mortgage

22 is purchased." *See* Exhibit D at 13 (emphasis added).[3]

23

24 ─────────────────────────
[1] The Seizure Program has been described in several public sources, attached hereto as Exhibits
25 C and D.
[2] *Available at* http://online.wsj.com/public/resources/documents/EMINENT-powerpoint.pdf (last
26 visited August 7, 2013).
[3] *Available at*
27 http://sireweb.ci.richmond.ca.us/sirepub/cache/2/mb1qpzgj4mcgl3zqu31kl0y3/36546408062013
071309684.PDF (last visited August 7, 2013). This presentation is attached to explain the
28 Seizure Program, which would be unlawful if fully implemented.

43.     Defendants attempt to justify the Seizure Program as correcting what they claim to be a contractual bar on forgiving principal in securitization trusts *See, e.g.*, Exhibit D at 5. As to the Trusts administered by Plaintiff, that is simply false.  Many of the loans' servicers can and do forgive principal when doing so would maximize the value of the loan.

44.     Another seemingly arbitrary provision is that the Seizure Program is limited to loans held by private RMBS trusts, all located outside of the City of Richmond.

45.     The Seizure Program excludes loans held by trusts sponsored and guaranteed by Freddie Mac or Fannie Mae.  It also excludes loans held directly by banks.  These exceptions demonstrate that the stated justifications are a pretext and appear intended to minimize opposition from local banks and federal agencies.

**B.      The Seizure and Refinancing of the Targeted Loans**

46.     Having now selected loans held by the Trusts for seizure, the City will attempt to seize the loan through eminent domain for a fraction of its value.[4]  The example frequently given by MRP of its proposed valuation methodology is that for a loan with a principal balance of $300,000 secured by a home worth $200,000, Defendants would seize the loan at $160,000.  *See* Exhibit D at 7, 16-18.

47.     Once Defendants expropriate each loan for less than fair market value, they then intend to replace it with a new loan to be sold into a FHA securitized pool in an amount equal to approximately 95% of the underlying home value.  Defendants and MRP's investors would profit by sharing the spread between the discounted seizure price and the 95% refinancing price.  *See id.*

48.     Because the loans are underwater (*i.e.*, the home value is less than the outstanding principal balance), Defendants have calculated a discounted valuation that is far lower than the unpaid principal balance of the loan.

49.     The offers also are totally disconnected from, and far less than, any measure of fair value.  Defendants have primarily selected loans that are current and not in foreclosure.  The

---

[4] In one instance, the City's July 31, 2013 letter offered a mere 11% of the principal balance of the loan. *See* Exhibit B at Trustee Exhibit B therein.

1    fair value of such loans includes the anticipated principal and interest payments over the life of

2    the loan. That is especially so for long-term holders of the loans like the Trusts, which were

3    designed to hold loans to maturity, not to trade them in the market.

4         **C.    Defendants Have Taken Substantial Steps Towards Implementing the**

5              **Seizure Program.**

6         50.    Defendants have taken substantial steps towards implementing the Seizure

7    Program. In April 2013, the City entered into an "Advisory Services Agreement" with MRP,

8    which is an operative agreement between the City and MRP with respect to the Seizure Program,

9    attached hereto as Exhibits E (agreement) and F (City Council minutes indicating approval).

10   Recently, MRP began sending letters to Plaintiff and other trustees and servicers for RMBS

11   trusts stating that unidentified California cities were interested in acquiring mortgage loans and

12   would soon be making purchase offers on the loans, one of the prerequisites under California

13   eminent domain law before a local government can seize property.

14        51.    On multiple occasions over the past months, the Mayor of Richmond or other City

15   officials have publicly discussed the City's implementation of the Seizure Program, including

16   confirming that the City Council entered into a partnership with MRP to implement the Seizure

17   Program and discussing MRP and the City's readiness to begin implementing the Seizure

18   Program.

19        52.    On or about July 31, 2013, Richmond sent a letter to Plaintiff (attached hereto as

20   Exhibit B) and other trustees and servicers for RMBS trusts making offers to purchase loans

21   from the Trusts. The offer letters attached a list of approximately 624 mortgage loans

22   purportedly held by RMBS trusts (including approximately 105 held by the Trusts) that the City

23   is offering to acquire, "at the present time." The letters state that the offers are not binding on

24   the City but provide a deadline of August 13, 2013 for Plaintiff to respond, after which the City

25   may "decide[] to proceed with the acquisition of the loans through eminent domain." After

26   sending the letters, the Mayor of Richmond reportedly declared: "If financial institutions do not

27   cooperate, the city will seize the loans using eminent domain." *See* Exhibit G hereto.[5] The

28   _____
     [5] *Available at* http://www.latimes.com/business/money/la-fi-mo-richmond-eminent-domain-

                                                                                    (cont'd)

1   City's offer letters constitute a first wave of offers, and if Defendants are successful in acquiring

2   or seizing these loans, it is expected that they will attempt to acquire or seize many other loans.

3        53.     If the offers are not accepted, the City will attempt to quickly seize possession of

4   the loans. The City Council must first hold a condemnation hearing, and immediately thereafter

5   could file an eminent domain lawsuit in California and use an expedited procedure known as a

6   "quick take" to quickly obtain a court order giving the City possession of the loan. MRP has

7   indicated that the "quick take" procedure is a critical component of the Seizure Program. *See*

8   Exhibit H hereto at 3.[6] Once the City receives possession of the loans, it could then extinguish,

9   restructure, and refinance them, causing immediate and irreparable harm to the Trusts that will

10   be exceedingly difficult, if not impossible, to unwind.

11        54.     Thus, there is a high likelihood that Defendants will very soon exercise the City's

12   eminent domain powers to seize possession of mortgage loans under the Seizure Program.

13   **II.   IMPLEMENTATION OF THE SEIZURE PROGRAM WOULD RESULT IN**

14         **SIGNIFICANT HARM TO THE TRUSTS AND WILL AFFECT INTERSTATE**

15         **COMMERCE**

16        **A.   Harm to the Trusts**

17        55.     If implemented, the Seizure Program would cause significant harm to Trusts.

18        56.     First, the targeting of performing loans within the Trusts' portfolios would, by

19   itself, completely upend the purpose of the securitization process. The structure and value of a

20   particular securitization trust is based upon diversification of loans, in both the terms of the loans

21   and the geographic location of the property secured by the loans, and the associated risks.

22   RMBS trusts are dependent on the stable and non-saleable nature of performing loans within the

23   pool. Cherry-picking performing loans from the Trusts disrupts the risk diversification on which

24   the Trusts were structured.

25        57.     Second, the number of loans targeted in the City alone—hundreds of mortgage

26   loans—would cause significant direct losses to the Trusts and other RMBS trusts. Indeed, the

27

  20130730,0,7196420.story.
28   [6] *Available at* http://online.wsj.com/public/resources/documents/EMINENT-faqs.pdf.

1 first wave of the approximately 624 loans targeted by Defendants could potentially cause losses

2 to the RMBS trusts holding those loans of over $90 million or more.

3      58.    Third, there is a risk that the takings could jeopardize the Trusts' tax status. The

4 Trusts are organized as Real Estate Mortgage Investment Conduits (REMICs), a status that

5 Congress created to apply uniformly on a national basis to encourage securitization of static

6 pools of residential mortgage loans. The REMIC regulations do not permit the transfer of non-

7 defaulted loans out of the trusts without the imposition of potentially significant and adverse tax

8 consequences, nor do they contemplate the City's unprecedented seizure of mortgage loans from

9 securitized trusts. Particularly if the Seizure Program is copied by other municipalities, the IRS

10 may find that the Trusts are not REMIC-eligible. If as a result of the seizure of such loans, the

11 IRS concluded that the Trusts are no longer REMIC-eligible, the results of that finding would be

12 catastrophic: the Trusts, which currently pay no tax at the trust level, would be subject to a 35%

13 tax on all of their income. That tax liability could result in a sharp loss of income for pension

14 funds, retirees, and others who rely on regular payments from these securities.

15      59.    Fourth, many other municipalities across the U.S. are watching to see whether

16 Defendants are able to carry out the Seizure Program. If even a few other municipalities of

17 City's size implement the Seizure Program, losses could range in the billions of dollars. If more

18 than a few implement the Seizure Program, far greater losses could mount. This widespread

19 transfer of substantial funds from the Trusts' beneficiaries, including municipal pension funds

20 and private retirement plans, on the one hand, to Defendants, on the other hand, could destabilize

21 the national housing market and the larger economy.

22     **B.**    **The Effect on Interstate Commerce and the National Housing Market**

23      60.    The Seizure Program also would cause significant harm to interstate commerce

24 and the national housing market. As a preliminary matter, because the Trusts and the loans are

25 located out of California, the Seizure Program would coerce interstate transactions.

26 Additionally, the Seizure Program is expressly designed to favor local interests—MRP and

27 underwater homeowners—at the expense of out-of-state creditors. Furthermore, in addition to

28 the losses suffered by the Trusts from the seizure of performing residential mortgage loans at

1  below fair market values, the Seizure Program would have a chilling effect on the extension of

2  credit to homeowners. The Seizure Program also will disrupt the national nature of the mortgage

3  market by subjecting investors to qualitatively different types of risk in different jurisdictions.

4  Mortgage rates would rise, and some prospective homeowners may be unable to obtain loans at

5  all, lowering housing prices across the country.

6      61.    Further, the Seizure Program would undermine investor confidence in the

7  residential mortgage-backed securities market, and by extension, the national housing market

8  and national economy. The securitization market would be upended, as investors in residential

9  mortgage-backed securities would be unable to adequately evaluate underlying mortgage pools

10  that collateralize their investment, and prices for affected securities would decrease. A broad

11  range of investors hold interests in residential mortgage-backed securitizations as part of

12  common diversification strategies. Thus, the detrimental effects of a valuation crisis as to the

13  securities evidencing such interests would flow through the national housing market, and

14  likewise, the larger economy.

15      62.    Likewise, industries dependent on a vibrant housing market and an active home

16  lending environment would suffer, such as the home building, construction, and realty industries.

17      63.    In comments published in the Federal Register, 77 Fed. Reg. 47,652 (August 9,

18  2012) discussing the "Use of Eminent Domain To Restructure Performing Loans," the FHFA

19  recognized the harm that programs like the Seizure Program would cause. Among other things,

20  FHFA has explained that the GSEs, as well as the multiple Federal Home Loan Banks for which

21  FHFA acts as a regulator, because they are substantial holders of RMBS trusts, would be

22  harmed, as well as the communities themselves that attempt to use eminent domain. According

23  to FHFA:

24      FHFA has significant concerns about the use of eminent domain to revise
existing financial contracts and the alteration of the value of Enterprise or Bank

25      securities holdings. In the case of the Enterprises, resulting losses from such a
program would represent a cost ultimately borne by taxpayers. At the same time,

26      FHFA has significant concerns with programs that could undermine and have a
chilling effect on the extension of credit to borrowers seeking to become

27      homeowners and on investors that support the housing market.

28      FHFA has determined that action may be necessary on its part as conservator for

15

1  below fair market values, the Seizure Program would have a chilling effect on the extension of

2  credit to homeowners. The Seizure Program also will disrupt the national nature of the mortgage

3  market by subjecting investors to qualitatively different types of risk in different jurisdictions.

4  Mortgage rates would rise, and some prospective homeowners may be unable to obtain loans at

5  all, lowering housing prices across the country.

6      61.      Further, the Seizure Program would undermine investor confidence in the

7  residential mortgage-backed securities market, and by extension, the national housing market

8  and national economy. The securitization market would be upended, as investors in residential

9  mortgage-backed securities would be unable to adequately evaluate underlying mortgage pools

10  that collateralize their investment, and prices for affected securities would decrease. A broad

11  range of investors hold interests in residential mortgage-backed securitizations as part of

12  common diversification strategies. Thus, the detrimental effects of a valuation crisis as to the

13  securities evidencing such interests would flow through the national housing market, and

14  likewise, the larger economy.

15     62.      Likewise, industries dependent on a vibrant housing market and an active home

16  lending environment would suffer, such as the home building, construction, and realty industries.

17     63.      In comments published in the Federal Register, 77 Fed. Reg. 47,652 (August 9,

18  2012) discussing the "Use of Eminent Domain To Restructure Performing Loans," the FHFA

19  recognized the harm that programs like the Seizure Program would cause. Among other things,

20  FHFA has explained that the GSEs, as well as the multiple Federal Home Loan Banks for which

21  FHFA acts as a regulator, because they are substantial holders of RMBS trusts, would be

22  harmed, as well as the communities themselves that attempt to use eminent domain. According

23  to FHFA:

24         FHFA has significant concerns about the use of eminent domain to revise
           existing financial contracts and the alteration of the value of Enterprise or Bank
25         securities holdings. In the case of the Enterprises, resulting losses from such a
           program would represent a cost ultimately borne by taxpayers. At the same time,
26         FHFA has significant concerns with programs that could undermine and have a
           chilling effect on the extension of credit to borrowers seeking to become
27         homeowners and on investors that support the housing market.

28         FHFA has determined that action may be necessary on its part as conservator for

1    the Enterprises and as regulator for the Banks to avoid a risk to safe and sound
     operations and to avoid taxpayer expense.

2    Among questions raised regarding the proposed use of eminent domain are the
     constitutionality of such use; the application of federal and state consumer
3    protection laws; the effects on holders of existing securities; the impact on
     millions of negotiated and performing mortgage contracts; the role of courts in
4    administering or overseeing such a program, including available judicial
     resources; fees and costs attendant to such programs; and, in particular, critical
5    issues surrounding the valuation by local governments of complex contractual
     arrangements that are traded in national and international markets.

6
     64.    Likewise, the U.S. House of Representatives Financial Services Committee,
7
     which has oversight of Fannie Mae and Freddie Mac, recently issued a draft reform bill, a stated
8
     purpose of which is to implement the following reform: "To combat constitutionally-suspect
9
     'eminent domain' schemes by local municipalities to seize mortgages out of legally binding
10
     securities for purposes of rewriting their terms, prohibit the GSEs from purchasing or
11
     guaranteeing loans originated in municipalities where such practices have been employed during
12
     the last ten years." Executive Summary of the Protecting American Homeowners (PATH) Act,
13
     July 11, 2013, at 2.[7]
14
     65.    The concerns expressed by the FHFA and the House Financial Services
15
     Committee are well-founded. The Seizure Program will have a devastating effect on interstate
16
     commerce, including on the mortgage-backed securities market and the national housing market,
17
     and would detrimentally affect both borrowers and lenders.
18
     C.    The Adverse Effects on the City and Its Homeowners
19
     66.    The City, and its residents, would not be spared from the harm caused by the
20
     Seizure Program. The Seizure Program will have negative consequences for borrowers and
21
     prospective homeowners with respect to lending products in communities that seize mortgage
22
     loans at unfairly reduced values through eminent domain. The risks associated with lending in
23
     such communities will force lenders to place more stringent conditions on borrowers seeking a
24
     mortgage. With less people qualifying for mortgages, homeownership rates would drop and
25
     property values would plummet.
26

27   _____
     [7] *Available at*
28   http://financialservices.house.gov/news/documentsingle.aspx?DocumentID=342165.

     COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

67.     The relatively small number of select City homeowners who could potentially receive a windfall under the Program by having their underwater mortgages refinanced will not offset the devastation to the local housing market and economy due to the Seizure Program's chilling effect on credit.

68.     City homeowners whose loans are in the Seizure Program actually may be damaged by it. Debt forgiveness generally is treated as taxable income for both state and federal income tax purposes. The Seizure Program intends to seize loans at a price that is hundreds of thousands of dollars lower than the principal balance on the loan. This principal balance reduction may be treated as debt forgiveness and subject to income tax. Thus, these select City homeowners could owe upwards of six figures in income tax liability. Even more, unlike mortgage debt, income tax debt is not necessarily dischargeable in bankruptcy. Instead of creating more stable neighborhoods, having more money in our local economy to stimulate community wealth, and saving homeowners money on their mortgage payments, as MRP and the City claim will happen, the Seizure Program in fact may undermine the growing economy and push the City back into recession. Although certain federal and state programs temporarily allow for mortgage debt forgiveness to be excluded from taxable income, it is far from clear whether the Seizure Program would qualify for any such exclusion or whether the Seizure Program would complete the seizure process before the expiration of the tax holiday at the end of 2013.

III.    **INJUNCTIVE RELIEF IS NECESSARY TO PREVENT IMMEDIATE AND IRREPARABLE HARM.**

69.     Defendants should be enjoined from implementing the Seizure Program. The Seizure Program would cause significant and widespread harm, and the transactions that will occur under the Seizure Program will be exceedingly difficult, if not impossible, to unwind.

70.     Under the Seizure Program, once new loans are issued to refinance the original loans, they would be securitized. Thus, to unwind these unlawful seizures would require extinguishing the new loan—thereby harming the new trust that holds that loan, and its beneficiaries—and then reinstating the homeowner's old loan. It is doubtful that either step of this process could occur—that is, that MRP could "claw back" the new loan, and any payments

17

1    that have been made, from the new trust and its investors, or that the Trusts could reinstate the

2    old loans.

3        71.    Nor could money damages adequately compensate the Trusts. First, widespread

4    seizure and extinguishment of the loans may cause significant damage to the Trusts and their

5    beneficiaries, including, among other things, causing the Trusts to lose their REMIC status and

6    affecting the credit rating of the Trusts' certificates and the market value of trust securities,

7    which could cause systemic problems for other RMBS securitizations and their

8    Certificateholders—including the Trusts—that cannot be compensated by money damages.

9        72.    Second, even if money damages could somehow be adequate, there is serious

10    doubt that Defendants would have the financial means necessary to compensate the Trusts (at the

11    same time that they also must compensate all similarly-situated RMBS trusts) for the potentially

12    hundreds of millions of dollars in losses caused by the Seizure Program, in which case the Trusts

13    will be left without recourse for their loss.

14                            **JUSTICIABLE DISPUTE**

15        73.    By reason of the foregoing, there now exists a justifiable dispute and controversy

16    for which immediate relief is necessary.

17        74.    Accordingly, Plaintiff seeks injunctive and declaratory relief as set forth herein.

18                            **CLAIMS FOR RELIEF**

19                                **FIRST CLAIM**

20       **(DECLARATORY RELIEF REGARDING VIOLATION OF THE "PUBLIC USE"**

21      **REQUIREMENT OF THE TAKINGS CLAUSES OF THE U.S. AND CALIFORNIA**

22      **CONSTITUTIONS, THE RICHMOND CITY CHARTER, AND CLAIM UNDER 42**

23                         **U.S.C. § 1983)**

24                     **(AGAINST ALL DEFENDANTS)**

25        75.    Plaintiff repeats and reallege the allegations contained in each preceding

26    paragraph as if fully set forth herein.

27        76.    The Fifth Amendment to the U.S. Constitution provides that "private property"

28    shall not be "taken for public use, without just compensation" (the "Takings Clause"). This

1    requirement is incorporated and made applicable to the states and their political subdivisions and

2    actors by the Fourteenth Amendment of the U.S. Constitution.

3        77.     42 U.S.C. § 1983 provides that any person, acting under the color of state law,

4    that subjects or causes to be subjected any citizen of the United States or other person within its

5    jurisdiction to the deprivation of any rights, privileges, or immunities under the Constitution,

6    shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding

7    for redress.

8        78.     California Constitution Article I, section 19 provides that private property may be

9    taken only for a "public use."

10       79.     The Richmond City Charter Article II, section 19 provides that a private property

11    may be taken only for a "public use."

12       80.     The Seizure Program is carried out by Defendants, who are inextricably

13    intertwined, under the color of state law.

14       81.     The Seizure Program violates the "public use" requirement of the Takings Clause

15    of the Fifth and Fourteenth Amendments, the California Constitution, and the Richmond City

16    Charter.

17       82.     The Seizure Program is not implemented for a public purpose, but rather for the

18    purpose of seizing property from one set of private entities (the Trusts) to enrich MRP, a private

19    investment firm, and its investors. Even if individual homeowners do benefit, and those benefits

20    are not wiped out by, for example, federal tax liability, those homeowners are private parties as

21    well.

22       83.     The stated justifications for the Seizure Program—to prevent "blight" or some

23    other "public" harm caused by foreclosures—are mere pretexts for this profit-driven scheme.

24    Indeed, the fact that the Seizure Program primarily targets performing loans—loans that will be

25    the most profitable to restructure and sell but are the least likely to default—shows that the

26    Seizure Program is designed to create profits for MRP and its investors. Furthermore, even if the

27    purported justification of preventing future foreclosures were true, prevention of future blight or

28    harm is not a valid public use.

84.     In addition, the Seizure Program would not benefit the City's citizens on a whole, but would instead lead to windfalls for the select group of homeowners who meet a loan profile profitable to MRP and its investors, to the detriment of all others. Even this small group of intended beneficiaries may receive a severe tax burden that would offset any windfall and may worsen the homeowners' financial situations. Further, the Seizure Program expressly excludes many borrowers and primarily targets performing mortgage loans that are not in default or foreclosure. If the Seizure Program is fully implemented and performing loans are seized for well-below their unpaid principal balance, and thus at significant losses to the Trusts holding those loans, lenders will be unwilling to extend credit in the City at the current level, creating, at a minimum, a chilling effect on the local home lending environment. This will have severe consequences for current and prospective City homeowners.

85.     For all of the reasons asserted herein, there is an actual controversy between Plaintiff and Defendants sufficient for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

86.     Defendants have taken substantial steps towards seizing loans under the Seizure Program, and such seizures are imminent. If those seizures occur, the Trusts will be irreparably harmed.

87.     Accordingly, Plaintiff respectfully requests that the Court issue a judgment for declaratory and injunctive relief against Defendants, declaring that the implementation of the Seizure Program would violate the Fifth and Fourteenth Amendments of the U.S. Constitution, Article I, section 19 of the California Constitution, and Article II, section 19 of the Richmond Charter, and permanently enjoining Defendants from implementing any aspect of the Seizure Program.

1

## SECOND CLAIM

2    (DECLARATORY RELIEF REGARDING VIOLATION OF THE PROHIBITIONS

3    AGAINST EXTRATERRITORIAL SEIZURES UNDER THE TAKINGS CLAUSES OF

4    THE U.S. AND CALIFORNIA CONSTITUTIONS AND THE CALIFORNIA CODE OF

5    CIVIL PROCEDURE, AND CLAIM UNDER 42 U.S.C. § 1983)

6    (AGAINST ALL DEFENDANTS)

7         88.    Plaintiff repeats and realleges the allegations contained in each preceding

8    paragraph as if fully set forth herein.

9         89.    The Fifth Amendment to the U.S. Constitution prohibits a local government from

10   extraterritorially seizing property pursuant to eminent domain powers. This requirement is

11   incorporated and made applicable to the states and their political subdivisions and actors by the

12   Fourteenth Amendment of the U.S. Constitution.

13        90.    42 U.S.C. § 1983 provides that any person, acting under the color of state law,

14   that subjects or causes to be subjected any citizen of the United States or other person within its

15   jurisdiction to the deprivation of any rights, privileges, or immunities under the Constitution,

16   shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding

17   for redress.

18        91.    The California Constitution prohibits local governments from extraterritorially

19   seizing property pursuant to eminent domain powers.

20        92.    Under section 1240.050 of the California Code of Civil Procedure, a local public

21   entity may acquire by eminent domain only property located within its territorial limits. Under

22   section 1250.020 of the California Code of Civil Procedure, an eminent domain proceeding must

23   be commenced in the county in which the property sought to be taken is located.

24        93.    The Seizure Program is carried out by Defendants, who are inextricably

25   intertwined, under the color of state law.

26        94.    Defendants' implementation of the Seizure Program violates prohibitions against

27   extraterritorial property seizures under the Fifth and Fourteenth Amendments of the U.S.

28   Constitution, the California Constitution, and the California Code of Civil Procedure. The debt

21

1  instruments that Defendants target under the Seizure Program are not located within the

2  territorial boundaries of the City and are held by Trusts located outside of Richmond. Because

3  the situs of a debt instrument for eminent domain purposes is the location of the physical

4  instrument, and the situs of an intangible debt is the location of the creditor, Defendants have no

5  power to seize these outside-of-Richmond debts.

6      95.      In addition, the notes evidencing the mortgage loans are held outside of the

7  territorial boundaries of the City. Defendants have no power to effect extraterritorial seizures of

8  those tangible instruments.

9      96.      For all of the reasons asserted herein, there is an actual controversy between

10  Plaintiff and Defendants sufficient for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and

11  2202.

12      97.      Defendants have taken substantial steps towards seizing loans under the Seizure

13  Program, and such seizures are imminent. If those seizures occur, the Trusts will be irreparably

14  harmed.

15      98.      Accordingly, Plaintiff respectfully requests that the Court issue a judgment for

16  declaratory and injunctive relief against Defendants, declaring that the implementation of the

17  Seizure Program would violate the Fifth and Fourteenth Amendments of the U.S. Constitution,

18  the California Constitution, and the California Code of Civil Procedure, and permanently

19  enjoining Defendants from implementing any aspect of the Seizure Program.

20                          **THIRD CLAIM**

21  **(DECLARATORY RELIEF REGARDING VIOLATION OF THE COMMERCE**

22  **CLAUSE OF THE U.S. CONSTITUTION AND CLAIM UNDER 42 U.S.C. § 1983)**

23                  **(AGAINST ALL DEFENDANTS)**

24      99.      Plaintiff repeats and reallege the allegations contained in each preceding

25  paragraph as if fully set forth herein.

26      100.     Article I, section 8, clause 3 of the U.S. Constitution (the "Commerce Clause")

27  gives Congress the power to regulate commerce among the several states. The Commerce

28  Clause bars states and their political subdivisions from taking action designed to benefit in-state

22

1  economic interests by burdening out-of-state interests. Direct regulation of interstate commerce
2  by the states and their political subdivisions is prohibited, and incidental regulation is permissible
3  only where the burden imposed on such commerce is not excessive in comparison with the
4  putative local benefits.

5      101.   42 U.S.C. § 1983 provides that any person, acting under the color of state law,
6  that subjects or causes to be subjected any citizen of the United States or other person within its
7  jurisdiction to the deprivation of any rights, privileges, or immunities under the Constitution,
8  shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding
9  for redress.

10      102.   The Seizure Program is carried out by Defendants, who are inextricably
11  intertwined, under the color of state law.

12      103.   Defendants violate the Commerce Clause of the U.S. Constitution by
13  implementing the Seizure Program, which is designed to benefit local Defendants' own
14  economic interests at the expense of out-of-Richmond and out-of-state interests, including the
15  Trusts that hold the mortgage loans targeted for seizure.

16      104.   In addition, the Seizure Program is a direct regulation of interstate commerce by
17  the City. The Seizure Program expressly targets for seizure private-label mortgage loans held by
18  out-of-Richmond and out-of-state Trusts. The Seizure Program thus seeks to impermissibly
19  coerce interstate transactions. In addition, the Trusts are investment vehicles designed to   .
20  distribute economic and financial risk by holding a diversified collateral base of mortgage loans,
21  including loans that are diverse based on, among other factors, their geographic and risk profiles.
22  Thus, by design, the Trusts hold not only loans secured by property in the City or even
23  California, but from a variety of states and localities.

24      105.   Also, the private-label mortgage loans targeted by MRP at issue here were
25  acquired by a private sponsor, who securitized them in private RMBS Trusts, in which the loans
26  are serviced, and mortgage payments flow through the Trusts to be ultimately distributed to the
27  Trusts' beneficiaries. Therefore, the Seizure Program would directly regulate an investment
28  structure that by its very nature depends on a pool of collateral located in different states, and on

23

1    the interstate flows of proceeds from homeowners, to loan servicers, to the Trusts, and then
2    ultimately to the Trusts' investors.

3         106.    Furthermore, the residential mortgage-backed securities market is a national
4    industry that crosses state lines, with investors and other market participants located throughout
5    the country. The Seizure Program would significantly and directly regulate, if not destroy, this
6    market by seizing assets from nationwide trusts.

7         107.    Moreover, the burden imposed on interstate commerce by the Seizure Program
8    would be excessive, and would greatly outweigh any purported benefits to the City and its
9    residents. Among other things, the Seizure Program could cause tens of millions of dollars in
10   losses to the trusts that hold the approximately 624 targeted mortgage loans, which is just the
11   first wave of the Seizure Program. It also would upend the heavily negotiated investment
12   structures used across the national residential mortgage backed securitization industry, diminish
13   investor confidence in such structures, and have a chilling effect on credit and insurance of
14   mortgaged properties and loans throughout the U.S. Moreover, it could severely disrupt the
15   uniform application of the REMIC rules, which Congress enacted to encourage private
16   securitization. In addition, the purported benefits to the City—preventing foreclosures and their
17   local consequences—are non-existent. The Seizure Program does not aim to seize loans in
18   default or at serious risk of default or foreclosure, but performing loans at low risk of default,
19   which would not address the harms that the Seizure Program purports to prevent. The potential
20   benefits to the relatively small number of private City homeowners receiving a windfall under
21   the Seizure Program (should that windfall not be blown away by the tax liability) would not
22   outweigh the harm that the Seizure Program would cause to the Trusts and the national economy.

23        108.    For all of the reasons asserted herein, there is an actual controversy between
24   Plaintiff and Defendants sufficient for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and
25   2202.

26        109.    Defendants have taken substantial steps towards seizing loans under the Seizure
27   Program, and such seizures are imminent. If those seizures occur, the Trusts will be irreparably
28   harmed.

1   the interstate flows of proceeds from homeowners, to loan servicers, to the Trusts, and then

2   ultimately to the Trusts' investors.

3       106.    Furthermore, the residential mortgage-backed securities market is a national

4   industry that crosses state lines, with investors and other market participants located throughout

5   the country. The Seizure Program would significantly and directly regulate, if not destroy, this

6   market by seizing assets from nationwide trusts.

7       107.    Moreover, the burden imposed on interstate commerce by the Seizure Program

8   would be excessive, and would greatly outweigh any purported benefits to the City and its

9   residents. Among other things, the Seizure Program could cause tens of millions of dollars in

10  losses to the trusts that hold the approximately 624 targeted mortgage loans, which is just the

11  first wave of the Seizure Program. It also would upend the heavily negotiated investment

12  structures used across the national residential mortgage backed securitization industry, diminish

13  investor confidence in such structures, and have a chilling effect on credit and insurance of

14  mortgaged properties and loans throughout the U.S. Moreover, it could severely disrupt the

15  uniform application of the REMIC rules, which Congress enacted to encourage private

16  securitization. In addition, the purported benefits to the City—preventing foreclosures and their

17  local consequences—are non-existent. The Seizure Program does not aim to seize loans in

18  default or at serious risk of default or foreclosure, but performing loans at low risk of default,

19  which would not address the harms that the Seizure Program purports to prevent. The potential

20  benefits to the relatively small number of private City homeowners receiving a windfall under

21  the Seizure Program (should that windfall not be blown away by the tax liability) would not

22  outweigh the harm that the Seizure Program would cause to the Trusts and the national economy.

23      108.    For all of the reasons asserted herein, there is an actual controversy between

24  Plaintiff and Defendants sufficient for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and

25  2202.

26      109.    Defendants have taken substantial steps towards seizing loans under the Seizure

27  Program, and such seizures are imminent. If those seizures occur, the Trusts will be irreparably

28  harmed.

1    110.    Accordingly, Plaintiff respectfully requests that the Court issue a judgment for

2    declaratory and injunctive relief against Defendants, declaring that the implementation of the

3    Seizure Program would violate the Commerce Clause of the U.S. Constitution, and permanently

4    enjoining Defendants from implementing any aspect of the Seizure Program.

5                                    **FOURTH CLAIM**

6         **(DECLARATORY RELIEF REGARDING VIOLATION OF THE CONTRACTS**

7          **CLAUSE OF THE U.S. CONSTITUTION AND CLAIM UNDER 42 U.S.C. § 1983)**

8                              **(AGAINST ALL DEFENDANTS)**

9    111.    Plaintiff repeats and reallege the allegations contained in each preceding

10   paragraph as if fully set forth herein.

11   112.    Article I, section 10 of the U.S. Constitution—the "Contracts Clause"—prohibits

12   states from "impairing the Obligation of Contracts." The Contracts Clause prevents states and

13   their political subdivisions from passing any law that would abrogate debts of their citizens,

14   where that law would impair commercial intercourse and threaten the existence of credit.

15   113.    42 U.S.C. § 1983 provides that any person, acting under the color of state law,

16   that subjects or causes to be subjected any citizen of the United States or other person within its

17   jurisdiction to the deprivation of any rights, privileges, or immunities under the Constitution,

18   shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding

19   for redress.

20   114.    The Seizure Program is carried out by Defendants, who are inextricably

21   intertwined, under the color of state law.

22   115.    Defendants violate the Contracts Clause by implementing a scheme that would

23   severely impair the Trusts' contractual rights to receive full payments of unpaid principal from

24   borrowers. In exchange, the Seizure Program provides cash payments worth significantly less

25   than the rights abrogated by Defendants. The purpose of this significant impairment of

26   contractual rights is improper and without a legitimate public purpose or necessity: to abrogate

27   debts owed by a selected group of that jurisdiction's residents while enriching a private

28   investment firm and its backers.

1    116.    For all of the reasons asserted herein, there is an actual controversy between

2    Plaintiff and Defendants sufficient for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and

3    2202.

4    117.    Defendants have taken substantial steps towards seizing loans under the Seizure

5    Program, and such seizures are imminent. If those seizures occur, the Trusts will be irreparably

6    harmed.

7    118.    Accordingly, Plaintiff respectfully requests that the Court issue a judgment for

8    declaratory and injunctive relief against Defendants, declaring that the implementation of the

9    Seizure Program would violate the Contracts Clause of the U.S. Constitution, and permanently

10   enjoining Defendants from implementing any aspect of the Seizure Program.

11                                        **FIFTH CLAIM**

12              **(DECLARATORY RELIEF REGARDING VIOLATION OF THE "JUST**

13    **COMPENSATION" REQUIREMENTS OF THE TAKINGS CLAUSE OF THE U.S. AND**

14              **CALIFORNIA CONSTITUTIONS AND CLAIM 42 U.S.C. § 1983)**

15                                **(AGAINST ALL DEFENDANTS)**

16    119.    Plaintiff repeats and realleges the allegations contained in each preceding

17    paragraph as if fully set forth herein.

18    120.    The Fifth Amendment to the U.S. Constitution provides that "private property"

19    shall not be "taken for public use, without just compensation." This requirement is incorporated

20    and made applicable to the states and their political subdivisions and actors by the Fourteenth

21    Amendment of the U.S. Constitution.

22    121.    42 U.S.C. § 1983 provides that any person, acting under the color of state law,

23    that subjects or causes to be subjected any citizen of the United States or other person within its

24    jurisdiction to the deprivation of any rights, privileges, or immunities under the Constitution,

25    shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding

26    for redress.

27    122.    A property owner is entitled to just compensation for any taking under Article I,

28    section 19 of the California Constitution. California Code of Civil Procedure § 1263.320

1    provides that the test for assessing "fair market value" for purposes of the "just compensation"

2    requirement is the highest price that a hypothetical buyer and seller would agree to in the

3    marketplace, assuming both were willing and able to complete the transaction but had no

4    particular or urgent necessity to do so.

5        123.    The Seizure Program is carried out by Defendants, who are inextricably

6    intertwined, under the color of state law..

7        124.    Defendants violate the just compensation requirements of the Takings Clause of

8    the U.S. Constitution and California Constitution.  The Seizure Program proposes seizing

9    performing mortgage loans at fractions of their unpaid principal balance, prices that are below

10   the fair market value even if the loans would be in default.  To achieve its profit goals, the

11   Seizure Program must compensate the Trusts inadequately by seizing loans at prices far less than

12   their actual or fair market values.  This unconstitutional feature of the Seizure Program is not

13   merely a question of the valuation of a single property, but is central to the Seizure Program's

14   financing and viability.

15       125.    For all of the reasons asserted herein, there is an actual controversy between

16   Plaintiff and Defendants sufficient for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and

17   2202.

18       126.    Defendants have taken substantial steps towards seizing loans under the Seizure

19   Program, and such seizures are imminent.  If those seizures occur, the Trusts will be irreparably

20   harmed.

21       127.    Accordingly, Plaintiff respectfully requests that the Court issue a judgment for

22   declaratory and injunctive relief against Defendants, declaring that the implementation of the

23   Seizure Program would violate the Takings Clause of the U.S. Constitution and California

24   Constitution, and permanently enjoining Defendants from implementing any aspect of the

25   Seizure Program.

26

27

28

1 | **SIXTH CLAIM**

2 | **(DECLARATORY RELIEF REGARDING TORTIOUS INTERFERENCE WITH**

3 | **CONTRACT)**

4 | **(AGAINST ALL DEFENDANTS)**

5 |     128.   Plaintiff repeats and reallege the allegations contained in each preceding

6 | paragraph as if fully set forth herein.

7 |     129.   Under California law, a defendant commits the tort of intentional interference

8 | with contract where: (1) there is a valid contract between plaintiff and a third party; (2) defendant

9 | has knowledge of the contract; (3) defendant's intentional acts are designed to induce a

10 | disruption of the contractual relationship; (4) the contractual relationship is disrupted; and (5) the

11 | disruption results in damages.

12 |     130.   The implementation of the Seizure Program would constitute tortious interference

13 | with contracts. The loan agreements are valid contracts. Defendants have knowledge of those

14 | contracts, especially as Defendants select which loans to target for seizure based on certain terms

15 | of those contracts, such as the principal balance of the loans. The Seizure Program is designed to

16 | induce a disruption of the contractual relationship for Defendants' own profit, by extinguishing

17 | those contracts through the City's eminent domain powers so that the loans can be refinanced by

18 | the Defendants for a substantial profit. The Seizure Program is unconstitutional under the United

19 | States and California constitutions, and violates California's statutory restriction on the use of

20 | eminent domain, and therefore Defendants are causing the disruption of the borrowers' contracts

21 | with the Trusts through wrongful means—*i.e.*, the illegal Seizure Program. Moreover, the

22 | disruption of the Trusts' contracts is not merely an incidental effect of the seizures; the contracts

23 | are the very object of the seizure, and their abrogation is the purpose of the Seizure Program. The

24 | disruption to the contractual relationship that would be caused by the Seizure Program will result

25 | in significant damages to the Trusts that are parties to the contracts, and should be enjoined and

26 | declared unlawful.

27 |

28 |

28
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    131.    For all of the reasons asserted herein, there is an actual controversy between

2  Plaintiff and Defendants sufficient for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and

3  2202.

4    132.    Defendants have taken substantial steps towards seizing loans under the Seizure

5  Program, and such seizures are imminent. If those seizures occur, the Trusts will be irreparably

6  harmed.

7    133.    Accordingly, Plaintiff respectfully requests that the Court issue a judgment for

8  declaratory and injunctive relief against Defendants, declaring that the implementation of the

9  Seizure Program would constitute tortious interference with contract, and permanently enjoining

10  Defendants from implementing any aspect of the Seizure Program.

11                              **SEVENTH CLAIM**

12      **(DECLARATORY RELIEF REGARDING VIOLATION OF CAL. CODE CIV. PROC.**

13                                **§ 1240.030)**

14                          **(AGAINST ALL DEFENDANTS)**

15    134.    Plaintiff repeats and reallege the allegations contained in each preceding

16  paragraph as if fully set forth herein.

17    135.    Section 1240.030 of the California Code of Civil Procedure provides that the

18  power of eminent domain may exercised to acquire property "only if all of the following are

19  established: (a) The public interest and necessity require the project. (b) The project is planned

20  or located in the manner that will be most compatible with the greatest public good and the least

21  public injury. (c) The property sought to be acquired is necessary for the project."

22    136.    The Seizure Program violates section 1240.030 because public interest and

23  necessity do not require the seizure of the Trust's loans under the Seizure Program, and it is not

24  planned in the manner that is the most compatible with the greatest public good and the least

25  private injury. Far from being required or from being implemented for the public good, the

26  Seizure Program has been devised for the purpose of seizing property from one set of private

27  entities (the Trusts) to enrich MRP, a private investment firm, and its investors. The fact that the

28  Seizure Program principally targets performing loans shows that it is not designed to prevent

                                        29

1    foreclosures or their economic consequences, but rather to confer private benefits on a select set

2    of individuals.

3         137.   In addition, the Seizure Program would not benefit the City's residents on a

4    whole, but would instead lead to windfalls for the select group of homeowners that meet a loan

5    profile profitable to Defendants and MRP's investors, to the detriment of all others.  Even this

6    small group of intended beneficiaries may receive a severe tax burden that would offset any

7    windfall and may worsen their financial situations.  Further, the Seizure Program expressly

8    excludes many borrowers and principally targets performing mortgage loans that are not in

9    default or foreclosure.  If the Seizure Program is fully implemented and performing loans are

10   seized for well-below their unpaid principal balance, and thus at significant losses to the Trusts

11   holding those loans, future lenders will be unwilling to extend credit in Richmond at the current

12   level, creating, at a minimum, a chilling effect on the local home lending environment.  This will

13   have severe consequences for current and prospective City homeowners.

14        138.   As described above, the private injury that this Seizure Program would inflict will

15   vastly outweigh its minimal or nonexistent benefits.

16        139.   For all of the reasons asserted herein, there is an actual controversy between

17   Plaintiff and Defendants sufficient for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and

18   2202.

19        140.   Defendants have taken substantial steps towards seizing loans under the Seizure

20   Program, and such seizures are imminent.  If those seizures occur, the Trusts will be irreparably

21   harmed.

22        141.   Accordingly, Plaintiff respectfullys request that the Court issue a judgment for

23   declaratory and injunctive relief against Defendants, declaring that the implementation of the

24   Seizure Program would violate section 1240.030 of the California Code of Civil Procedure, and

25   permanently enjoining Defendants from implementing any aspect of the Seizure Program.

26                                    **EIGHTH CLAIM**

27   **(ALTERNATIVE CLAIM FOR DECLARATORY RELIEF REGARDING VIOLATION**

28   **OF THE PROHIBITION AGAINST TAKING OWNER-OCCUPIED RESIDENCES FOR**

                                          30

THE PURPOSE OF CONVEYING IT TO A PRIVATE PERSON UNDER THE

CALIFORNIA CONSTITUTION)

(AGAINST ALL DEFENDANTS)

142.    Plaintiff repeats and reallege the allegations contained in each preceding paragraph as if fully set forth herein.

143.    Plaintiff pleads this claim as an alternative to other alleged claims and only to the extent that the mortgage loans constitute an owner-occupied residence in the City, and thus, Article I, section 19(b) of the California Constitution applies and renders the Seizure Program unconstitutional.

144.    Article I, section 19(b) of the California Constitution provides that "local governments are prohibited from acquiring by eminent domain an owner-occupied residence for the purpose of conveying it to a private person."

145.    As an alternative to the claims pleaded above, if the Court determines that the mortgage loans at issue in the Seizure Program constitute owner-occupied residences in the City, the Seizure Program would thus violate the prohibition against taking owner-occupied residences for the purpose of conveying it to a private person of the California Constitution. The Seizure Program is implemented expressly for the purpose of seizing an interest in an owner-occupied residence to convey to (and enrich) private entities including MRP, a private investment firm, and its investors, which are funding the seizures. Indeed, the Seizure Program hinges on the City exercising eminent domain solely to convey the interest seized to private entities and those entities' supplying the City with the funds to conduct the seizure. Without these features, the Seizure Program collapses.

146.    As an alternative to the claims pleaded above, the Seizure Program does not qualify for the exceptions to this prohibition because the stated justifications for the Seizure Program—to prevent foreclosures and their attendant economic affects—are mere pretexts for this profit-driven scheme. Furthermore, the Seizure Program will inflict significant harm, both locally and nationally, with no likely benefit to the City or its residents.

1    147.    For all of the reasons asserted herein, there is an actual controversy between

2    Plaintiff and Defendants sufficient for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and

3    2202.

4    148.    Defendants have taken substantial steps towards seizing loans under the Seizure

5    Program, and such seizures are imminent.  If those seizures occur, the Trusts will be irreparably

6    harmed.

7    149.    Accordingly, Plaintiff respectfully requests that the Court issue a judgment for

8    declaratory and injunctive relief against Defendants, declaring that the implementation of the

9    Seizure Program would violate Article I, section 19(b) of the California Constitution, and

10   permanently enjoining Defendants from implementing any aspect of the Seizure Program.

11                              **PRAYER FOR RELIEF**

12   WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their

13   favor on all claims asserted in the Complaint and that the Court:

14   A.    Declare that Defendants' implementation of the Seizure Program violates the

15   Takings Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States,

16   and enjoin Defendants from implementing the Seizure Program on that basis;

17   B.    Declare that Defendants' implementation of the Seizure Program violates the

18   Commerce Clause of the Constitution of the United States, and enjoin Defendants from

19   implementing the Seizure Program on that basis;

20   C.    Declare that Defendants' implementation of the Seizure Program violates the

21   Contracts Clause of the Constitution of the United States, and enjoin Defendants from

22   implementing the Seizure Program on that basis;

23   D.    Declare that Defendants' implementation of the Seizure Program violates Article

24   I, section 19(a) of the Constitution of the State of California, and enjoin Defendants from

25   implementing the Seizure Program on that basis;

26   E.    Alternatively, declare that Defendants' implementation of the Seizure Program

27   violates Article I, section 19(b) of the California Constitution, and enjoin Defendants from

28   implementing the Seizure Program on that basis;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

F.      Declare that Defendants' implementation of the Seizure Program violates Article II, section 19 of the Richmond City Charter, and enjoin Defendants from implementing the Seizure Program on that basis;

G.      Declare that Defendants' implementation of the Seizure Program violates section 1263.320 of the California Code of Civil Procedure, and enjoin Defendants from implementing the Seizure Program on that basis;

H.      Declare that Defendants' implementation of the Seizure Program violates section 1240.050 of the California Code of Civil Procedure, and enjoin Defendants from implementing the Seizure Program on that basis;

I.      Declare that Defendants' implementation of the Seizure Program violates section 1240.030 of the California Code of Civil Procedure, and enjoin Defendants from implementing the Seizure Program on that basis;

J.      Declare that Defendants' implementation of the Seizure Program constitutes tortious interference with contract and, enjoin Defendants from implementing the Seizure Program on that basis;

K.      Declare that Defendants' Implementation of the Seizure Program constitutes a violation of 42 U.S.C. § 1983 and, enjoin Defendants from implementing the Seizure Program on that basis;

L.      Issue a temporary restraining order and preliminary and permanent injunctions restraining Defendants, their officers, employees, agents, successors, and assigns from implementing the Seizure Program;

M.      Award to Plaintiff the costs and expenses of suit and counsel fees pursuant to 42 U.S.C. § 1988; and

///

///

///

///

33

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    N.    Award to Plaintiffs such other and further relief as this Court may deem just and

2    proper.

3    Dated: August 6, 2013                          MAYER BROWN LLP
                                                     DONALD M. FALK
4                                                    BRONWYN F. POLLOCK

5

6                                             By:
                                                     Bronwyn F. Pollock
7                                                    Attorneys for Plaintiffs
                                                     THE BANK OF NEW YORK MELLON
8                                                    (F/K/A THE BANK OF NEW YORK)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                           34

# Exhibit A

**Trusts For Which The Bank of New York Mellon, f/k/a The Bank of New York, is Trustee:**

| # | Trust | # | Trust | # | Trust | # | Trust |
|---|---|---|---|---|---|---|---|
| 1 | CWALT 2004-14T2 | 29 | CWALT 2006-OC10 | 57 | CWL 2004-ECC1 | | |
| 2 | CWALT 2004-20T1 | 30 | CWALT 2006-OC8 | 58 | CWL 2005-17 | | |
| 3 | CWALT 2005-11CB | 31 | CWALT 2007-11T1 | 59 | CWL 2005-3 | | |
| 4 | CWALT 2005-16 | 32 | CWALT 2007-16CB | 60 | CWL 2005-4 | | |
| 5 | CWALT 2005-20CB | 33 | CWALT 2007-17CB | 61 | CWL 2005-AB4 | | |
| 6 | CWALT 2005-27 | 34 | CWALT 2007-4CB | 62 | CWL 2005-AB5 | | |
| 7 | CWALT 2005-3CB | 35 | CWALT 2007-8CB | 63 | CWL 2006-13 | | |
| 8 | CWALT 2005-43 | 36 | CWALT 2007-HY4 | 64 | CWL 2006-14 | | |
| 9 | CWALT 2005-51 | 37 | CWALT 2007-OH2 | 65 | CWL 2006-16 | | |
| 10 | CWALT 2005-56 | 38 | CWALT 2007-OH3 | 66 | CWL 2006-18 | | |
| 11 | CWALT 2005-58 | 39 | CWHL 2004-7 | 67 | CWL 2006-19 | | |
| 12 | CWALT 2005-62 | 40 | CWHL 2005-31 | 68 | CWL 2006-20 | | |
| 13 | CWALT 2005-63 | 41 | CWHL 2005-9 | 69 | CWL 2006-22 | | |
| 14 | CWALT 2005-71 | 42 | CWHL 2006-16 | 70 | CWL 2006-24 | | |
| 15 | CWALT 2005-76 | 43 | CWHL 2006-19 | 71 | CWL 2006-26 | | |
| 16 | CWALT 2006-33CB | 44 | CWHL 2006-20 | 72 | CWL 2006-3 | | |
| 17 | CWALT 2006-39CB | 45 | CWHL 2006-9 | 73 | CWL 2006-BC4 | | |
| 18 | CWALT 2006-42 | 46 | CWHL 2006-HYB1 | 74 | CWL 2007-13 | | |
| 19 | CWALT 2006-43CB | 47 | CWHL 2007-11 | 75 | CWL 2007-3 | | |
| 20 | CWALT 2006-6CB | 48 | CWHL 2007-12 | 76 | CWL 2007-5 | | |
| 21 | CWALT 2006-HY10 | 49 | CWHL 2007-15 | 77 | CWL 2007-7 | | |
| 22 | CWALT 2006-HY13 | 50 | CWHL 2007-2 | 78 | CWL 2007-8 | | |
| 23 | CWALT 2006-OA1 | 51 | CWHL 2007-7 | 79 | CWL 2007-BC3 | | |
| 24 | CWALT 2006-OA10 | 52 | CWHL 2007-HY6 | 80 | FHAMS 2005-FA9 | | |
| 25 | CWALT 2006-OA17 | 53 | CWHL 2007-HYB1 | 81 | FHAMS 2006-AA4 | | |
| 26 | CWALT 2006-OA2 | 54 | CWL 2003-5 | 82 | FHAMS 2006-FA4 | | |
| 27 | CWALT 2006-OA21 | 55 | CWL 2004-14 | | | | |
| 28 | CWALT 2006-OA12 | 56 | CWL 2004-BC4 | | | | |

# Exhibit B

CITY MANAGER'S OFFICE



July 31, 2013

Ms. Loretta Lundberg
Bank of New York Mellon
101 Barclay Street
New York, NY 10286

Dear Ms. Lundberg:

This letter is being forwarded to you as the Servicer of the mortgage loans in the private securitization trust(s) listed in Attachment A. The City of Richmond ("City"), has been investigating the acquisition of mortgage loans from the trust(s) as part of a public program to modify underwater mortgage loans to reduce principal and avoid foreclosures. The City is experiencing an historic home mortgage crisis that is harming the community in many ways, including: unprecedented rates of default and foreclosure; the loss of jobs, homeowner equity, family wealth and shelter; reductions in income, consumer demand, investment, property values, and tax revenues; and an increase in vandalism, abandoned homes and other decay that harm the economy and the quality of life for residents.

By way of this letter, the City hereby offers to acquire all rights to the mortgage loans listed in Attachment A (the "Loans"). If you do not believe that you are the correct party to consider this offer, please notify me immediately of the party that you believe is the correct party to consider this offer.

The City had the Loans appraised on June 30, 2013 to determine their fair market value. Mortgage Industry Advisory Corporation conducted the appraisal.
Based on the appraisal, the City hereby offers to purchase the Loans (free and clear of any encumbrances to title or other interests that the City, in its discretion, deems unacceptable) for the fair market value determined by the appraisal, which is set out in Attachment B (the "Purchase Price"). The Purchase Price is the full amount believed by the City to be just compensation for the Loans and is not less than the appraisal of the fair market value of the Loans.

The basis for this offer is set forth in Attachment B, which summarizes the basis for the appraisal and is made a part of this offer by reference. The Purchase Price amount is for all owners of any interest in the Loans, and division of this amount among parties that have an interest in the Loans will be your responsibility.

This offer is subject to the approval of the City's City Council, including final conditions that the City Council requires as part of its program.
If you certify that you are the owner of the Loans with the authority to convey them to the City, and wish to obtain your own independent appraisal of the Loans, the City may be willing to provide reasonable reimbursement. Please contact me if you are interested in discussing this issue.

If the offer price is acceptable to you, please so indicate to the undersigned, in writing. This matter will then be presented to the City Council, which has final ratification authority. Upon City Council approval, the City will prepare and forward to you a proposed agreement to acquire the Loans.
If for any reason you are not satisfied with this offer of just compensation, and have relevant information you would like the City to consider, please contact the undersigned. In addition, you

450 Civic Center Plaza, Richmond, CA 94804-1630
Telephone: (510) 620-6512   Fax: (510) 620-6542   www.ci.richmond.ca.us

should be aware that, in the event that negotiations fail to result in agreement, and the City decides to proceed with the acquisition of the Loans through eminent domain, the owner will have the right to have the amount of just compensation to be paid by the City for the Loans fixed by a court of law. Please be advised that, in such event, the terms of this offer and the contents of this letter may be excluded from consideration as an offer of settlement, under California Evidence Code sections 1152, 1154, or other applicable provisions of law.

Included with this letter is a pamphlet describing the eminent domain process in California. This pamphlet is provided for informational purposes only and should not be construed as legal advice. Some parts of the pamphlet are addressed to the acquisition of real property and may not be applicable to the present situation.

I hope that this offer meets with your approval and that it can serve as the basis for a quick and mutually beneficial transaction. I look forward to hearing from you after you have had the opportunity to review it. Again, if you are not the correct party with which to negotiate for the acquisition of the Loans, please let me know immediately. In any event, please provide a response no later than August 13, 2013.

The mortgage loans listed in Attachment A are a subset of the mortgage loans the City is interested in acquiring. The full list of mortgage loans the City is interested in acquiring at the present time is provided in Attachment C. The City is making offers to acquire groups of loans based on the Trustee/Servicer information available to the City. If you are the party with authority to consider an offer to purchase any of the other mortgage loans listed in Attachment C and have not received a letter from the City offering to purchase the loans, please let me know immediately.

Thank you for your cooperation.

Sincerely,

City of Richmond

by

William A. .Lindsay
City Manager

Attachments and Enclosure

injury or inconvenience. If it is determined that all or a portion of your property may
be necessary for a public use project, the City of Richmond will begin the appraisal
process to determine the property's fair market value.

- **How is the fair market value of my property determined?**

The City of Richmond will retain an appraiser to appraise your property. In the case
of real property, the appraiser will invite you to accompany him or her during an
inspection of your property. You may give the appraiser any information about
improvements and any special features that you believe may affect the value of your
property. It is in your best interest to provide the appraiser with all the useful
information you can in order to ensure that nothing of value will be overlooked. If
you are unable to meet with the appraiser, you may wish to have a person who is
familiar with your property meet with the appraiser instead.

After the inspection, the appraiser will complete an appraisal that will include the
appraiser's determination of your property's fair market value and the information
upon which the fair market value is based. The appraiser will provide the City of
Richmond with the appraisal. The City of Richmond will then make a written offer to
purchase the property. The offer will also include a summary of the appraisal. The
offer will be for no less than the amount of the appraisal.

- **What factors does the appraiser consider in determining fair market value?**

Each parcel of real property is different and, therefore, no single formula can be used
to appraise all properties. Among the factors an appraiser typically considers in
estimating fair market value are:
    - The location of the property;
    - The age and condition of improvements on the property;
    - How the property has been used;
    - Whether there are any lease agreements relating to the property;
    - Whether there are any environmental issues, such as contaminated soil;
    - Applicable current and potential future zoning and land use requirements;
    - How the property compares with similar properties in the area that have
      been sold recently;
    - How much it would cost to reproduce the buildings and other structures,
      less any depreciation; and
    - How much rental income the property produces, or could produce if put to
      its highest and best use.

If the property to be appraised is not real property, the appraiser would consider
factors commonly considered in determining the market value of that type of
property.

- **Will I receive a copy of the appraisal?**

- 2 -

The City of Richmond will provide you with its purchase offer, a summary of the appraiser's opinion, and the basis for the City of Richmond's offer. Among other things, the offer letter will include:

- o A general statement of the City of Richmond's proposed use for the property;
- o An accurate description of the property to be acquired;
- o A list of the improvements covered by the offer;
- o The amount of the offer; and
- o The amount considered to be just compensation for each improvement which is owned by a tenant and the basis for determining that amount.

However, the City of Richmond is only required to show you a copy of the full appraisal if your property is an owner-occupied residential property with four or fewer residential units. Otherwise, the City of Richmond may, but is not required, to disclose its full appraisal during negotiations (though different disclosure requirements apply during the litigation process if the issue of fair market value goes to court).

- • **Can I have my own appraisal done?**

Yes. You may decide to obtain your own appraisal of the property in negotiating the fair market value with the City of Richmond. For real property, at the time of making its initial offer to you, the City of Richmond will offer to reimburse you the reasonable costs, not to exceed $5,000, of an independent appraisal of your property. To be eligible for reimbursement, the independent appraisal must be conducted by an appraiser licensed by the State Office of Real Estate Appraisers.

- • **What advantages are there in selling my property to the City of Richmond?**

A real estate transaction with the City of Richmond is typically handled in the same way as the sale of private property. However, there may be a financial advantage to selling to the City of Richmond.

- o You will not be required to pay for real estate commissions, title costs, preparation of documents, title policy or recording fees required in closing the sale. The City of Richmond will pay all these costs.

- o Although the City of Richmond cannot give you tax advice or direction, you might also be eligible for certain property and income tax advantages. You should check with the Internal Revenue Service (IRS) for details or consult your personal tax advisor.

- • **If only a portion of my property is taken, will I be paid for the loss to my remaining property?**

In general, when only a part of your property is needed, every reasonable effort is made to ensure you do not suffer a financial loss to the "remainder" property. The City of Richmond will pay you the fair market value of the property being taken as well as compensation for any loss in value to your remaining property that is not offset by the benefits conferred by the project. The compensation for the loss in value to your remaining property is often referred to as "severance damages."

Also, if any remaining part is of such a size, shape, or condition as to be of little market value, the City of Richmond will offer to acquire that remaining part (or remnant) from you, if you so desire.

- **Will I be compensated for loss of goodwill to my business?**

If you are the owner of a business that is conducted on the property being acquired, you may have a right to compensation for lost business goodwill if the loss is caused by the acquisition of the property. "Goodwill" consists of the benefits that accrue to a business as a result of its location, reputation for dependability, skill or quality, and any other circumstances resulting in probable retention of old or acquisition of new patronage.

- **What will happen to the loan on my property?**

Where the City of Richmond is acquiring the entire property, generally the compensation payable to the owner is first used to satisfy outstanding loans or liens as in a typical real estate transaction. Where less than the entire property is being acquired, whether outstanding loans or liens are paid from the compensation will depend on the particular facts and circumstances.

- **Do I have to sell at the price offered?**

No. If you and the City of Richmond are unable to reach an agreement on a mutually satisfactory price, you are not obligated to sign an offer to sell or enter into a purchase agreement.

- **If I agree to accept the City of Richmond's offer, how soon will I be paid?**

If you reach a voluntary agreement to sell your property or an interest in the property to the City of Richmond, payment will be made at a mutually acceptable time. Generally, this should be possible within 30 to 60 days after a purchase/sale contract is signed by all parties.

- **What happens if we are unable to reach an agreement on the property's fair market value?**

- 4 -

The City of Richmond, to the greatest extent practicable, will make every reasonable effort to acquire your property by negotiated purchase. If, however, the negotiations are unsuccessful, the City of Richmond may either file an eminent domain action in a court located within the same county where your property is located or it may decide to abandon its intention to acquire the property. If the City of Richmond abandons its intention to acquire, it will promptly notify you.

If the City of Richmond proceeds with eminent domain, the first step is for City of Richmond staff to request authority from the City Council to file a condemnation action. The approval from the City Council is called a "Resolution of Necessity." In considering whether condemnation is necessary, the City Council must determine whether the public interest and necessity require the project, whether the project is planned or located in the manner that will be most compatible with the greatest public good and the least private injury, and whether your property is necessary for the project. You will be given notice and an opportunity to appear before the City Council when it considers whether to adopt the Resolution of Necessity. You may want to call an attorney or contact an attorney referral service right away. You or your representatives can raise any objections to the Resolution of Necessity and the condemnation either orally before the City Council or in writing to the City Council.

If the City Council adopts the Resolution of Necessity, the City of Richmond can file a complaint in court to acquire title to the property upon payment of the property's fair market value. The City of Richmond is the plaintiff. Anyone with a legal interest in the property, generally determined from a title report on the property (including tenants or mortgage holders), are named as defendants. Often, the City of Richmond will also deposit the amount the City of Richmond believes is the "probable amount of compensation" with the State Treasurer where the complaint is filed. A deposit must be made if the City of Richmond is seeking to acquire possession of the property before agreement is reached on the fair market value.

- **Can the City of Richmond acquire possession of my property before the property's fair market value is determined in the eminent domain lawsuit?**

In some cases, the City of Richmond may decide it needs possession of the property before the property's fair market value is finally determined. In such a case, the City of Richmond must apply to the court for an "order for possession" to allow it to take possession and control of the property prior to resolution of the property's fair market value. The City of Richmond is required to schedule a hearing with the court on the proposed order for possession and to give you notice of the hearing. Notice must generally be sent at least 90 days before the hearing date if the property is occupied and 60 days before the hearing date if the property is unoccupied. A judge will decide whether the order for possession should be granted. As noted above, the City of Richmond must deposit with the State Treasurer the probable amount of just compensation in order to obtain possession of the property.

- **Can I oppose the motion for an order for possession?**

Yes. You may oppose the motion in writing by serving the City of Richmond and the court with your written opposition within the period of time set forth in the notice from the City of Richmond.

- **Can I rent the property from the City of Richmond?**

If the City of Richmond agrees to allow you or your tenants to remain on the property after the City of Richmond acquires possession, you or the tenants will be required to pay a fair rent to the City of Richmond. Generally, such rent will not be more than that charged as rent for the use of a property similar to yours in a similar area.

- **Can I withdraw the amount deposited with the State Treasurer before the eminent domain action is completed, even if I don't agree that the amount reflects the fair market value of my property?**

Yes. Subject to the rights of any other persons having a property interest (such as a lender, tenant, or co-owner), you may withdraw the amount deposited with the State Treasurer before the eminent domain action is completed. If you withdraw the amount on deposit, you may still seek a higher fair market value during the eminent domain proceedings, but you may not contest the right of the City of Richmond to acquire the property, meaning you cannot contest that the acquisition of your property is for a public purpose or is otherwise improper.

You also have the right to ask the court to require the City of Richmond to increase the amount deposited with the State Treasurer if you believe the amount the City of Richmond has deposited less than the "probable amount of compensation."

- **Can I contest the condemning agency's acquisition of the property?**

Yes. Provided you have not withdrawn the amount deposited, you can challenge in court the City of Richmond's right to acquire or condemn the property.

- **What happens in an eminent domain trial?**

The main purpose of an eminent domain trial is to determine the fair market value of your property, including compensable interests such as lost business goodwill caused by the taking or severance damages. The trial is usually conducted before a judge and jury. You (and any others with interests in the property) and the City of Richmond will have the opportunity to present evidence of value, and the jury will determine the property's fair market value. In cases where the parties choose not to have a jury, the

judge will decide the property's fair market value. Generally, each party to the litigation must disclose its respective appraisals to the other parties prior to trial.

If you challenge the City of Richmond's right to acquire the property, the eminent domain trial will also determine whether or not the City of Richmond has the legal right to acquire the property. In such cases, the judge (not the jury) will make this determination before any evidence is presented concerning the property's fair market value.

At the end of the trial, the judge will enter a judgment requiring the City of Richmond to pay fair market value. Once the City of Richmond pays the amount listed in the judgment, the judge will enter a final order of condemnation. The City of Richmond will record the final order with the County Recorder, and title to the property will then pass to the City of Richmond

- **Am I entitled to interest?**

Anyone receiving compensation in an eminent domain action is generally entitled to interest on that compensation from the date the condemning agency takes possession of the property until the person receiving the compensation has been fully paid. The rate and calculation of the interest is determined under formulas in State law.

- **Will the City of Richmond pay my attorneys' fees and costs.**

In an eminent domain action, you are entitled to be reimbursed by the condemning agency for your court costs such as court filing fees. In some circumstances, you may also be entitled to be reimbursed by the condemning agency for your attorneys' fees in the lawsuit. Whether you will be entitled to receive reimbursement for your attorneys' fees will depend on the particular facts and circumstances of the case and the offers and demand for compensation made in the action.

- **Will I receive assistance with relocation?**

Any person, business, or farm operation displaced as a result of the property acquisition is typically entitled to relocation advisory and financial assistance for eligible relocation expenses, such as moving expenses. The amount of relocation compensation is determined on a case-by-case basis in accordance with prescribed law. Relocation benefits are handled separate and apart from the determination of the property's fair market value and are not part of the eminent domain process.

## III.   Contact Information

We are available to answer your questions and to assist you in understanding the acquisition program and the eminent domain process. Should you desire further

information, please contact the City of Richmond using the contact information contained in the accompanying offer letter.

Trustee Exhibit A

City of Richmond, California

| Trustee | LoanId | Bloomberg Dea Name | LewtanDealName |
|---|---|---|---|
| Bank of New York | 1765493317 | CHASE 2005-S2 | Chase Mortgage Finance Trust 2005-S2 |
| Bank of New York | 1844561126 | CHASE 2006-S2 | Chase Mortgage Finance Trust 2006-S2 |
| Bank of New York | 1730035940 | CHASE 2007-A1 | Chase Mortgage Finance Trust 2007-A1 |
| Bank of New York | 1190465323 | CHASE 2007-S4 | Chase Mortgage Finance Trust 2007-S4 |
| Bank of New York | 1846934720 | CHASE 2007-S4 | Chase Mortgage Finance Trust 2007-S4 |
| Bank of New York | 58451350 | CWALT 2004-14T2 | Countrywide ALT 2004-14T2 |
| Bank of New York | 62501425 | CWALT 2004-20T1 | Countrywide ALT 2004-20T1 |
| Bank of New York | 90406550 | CWALT 2005-11CB | Countrywide ALT 2005-11CB |
| Bank of New York | 91586615 | CWALT 2005-11CB | Countrywide ALT 2005-11CB |
| Bank of New York | 92058835 | CWALT 2005-11CB | Countrywide ALT 2005-11CB |
| Bank of New York | 89714502 | CWALT 2005-16 | Countrywide ALT 2005-16 |
| Bank of New York | 91780832 | CWALT 2005-20CB | Countrywide ALT 2005-20CB |
| Bank of New York | 92615128 | CWALT 2005-27 | Countrywide ALT 2005-27 |
| Bank of New York | 79627544 | CWALT 2005-3CB | Countrywide ALT 2005-03CB |
| Bank of New York | 110951421 | CWALT 2005-43 | Countrywide ALT 2005-43 |
| Bank of New York | 114890560 | CWALT 2005-51 | Countrywide ALT 2005-51 |
| Bank of New York | 111665575 | CWALT 2005-56 | Countrywide ALT 2005-56 |
| Bank of New York | 106106728 | CWALT 2005-58 | Countrywide ALT 2005-58 |
| Bank of New York | 114850053 | CWALT 2005-62 | Countrywide ALT 2005-62 |
| Bank of New York | 104540177 | CWALT 2005-62 | Countrywide ALT 2005-62 |
| Bank of New York | 105230579 | CWALT 2005-63 | Countrywide ALT 2005-63 |
| Bank of New York | 112776914 | CWALT 2005-71 | Countrywide ALT 2005-71 |
| Bank of New York | 121564271 | CWALT 2005-76 | Countrywide ALT 2005-76 |
| Bank of New York | 106726342 | CWALT 2005-76 | Countrywide ALT 2005-76 |
| Bank of New York | 130265480 | CWALT 2006-33CB | Countrywide ALT 2006-33CB |
| Bank of New York | 131941882 | CWALT 2006-39CB | Countrywide ALT 2006-39CB |
| Bank of New York | 145059832 | CWALT 2006-42 | Countrywide ALT 2006-42 |
| Bank of New York | 146421206 | CWALT 2006-43CB | Countrywide ALT 2006-43CB |
| Bank of New York | 153855284 | CWALT 2006-43CB | Countrywide ALT 2006-43CB |
| Bank of New York | 124990972 | CWALT 2006-6CB | Countrywide ALT 2006-06CB |
| Bank of New York | 120461533 | CWALT 2006-HY10 | Countrywide ALT 2006-HY10 |

Trustee Exhibit A

| Trustee | Loanid | Bloomberg Dea lName | LewterDealName |
|---|---|---|---|
| Bank of New York | 152246994 | CWALT 2006-HY13 | Countrywide ALT 2006-HY13 |
| Bank of New York | 116284608 | CWALT 2006-OA1 | Countrywide ALT 2006-OA1 |
| Bank of New York | 103169871 | CWALT 2006-OA1 | Countrywide ALT 2006-OA1 |
| Bank of New York | 135559340 | CWALT 2006-OA10 | Countrywide ALT 2006-OA10 |
| Bank of New York | 139711739 | CWALT 2006-OA12 | Countrywide ALT 2006-OA12 |
| Bank of New York | 139712763 | CWALT 2006-OA12 | Countrywide ALT 2006-OA12 |
| Bank of New York | 128712070 | CWALT 2006-OA12 | Countrywide ALT 2006-OA12 |
| Bank of New York | 139998777 | CWALT 2006-OA17 | Countrywide ALT 2006-OA17 |
| Bank of New York | 117526880 | CWALT 2006-OA2 | Countrywide ALT 2006-OA2 |
| Bank of New York | 152798299 | CWALT 2006-OA21 | Countrywide ALT 2006-OA21 |
| Bank of New York | 138118747 | CWALT 2006-OC10 | Countrywide ALT 2006-OC10 |
| Bank of New York | 141766506 | CWALT 2006-OC8 | Countrywide ALT 2006-OC8 |
| Bank of New York | 143169373 | CWALT 2006-OC8 | Countrywide ALT 2006-OC8 |
| Bank of New York | 143390505 | CWALT 2006-OC8 | Countrywide ALT 2006-OC8 |
| Bank of New York | 141198489 | CWALT 2006-OC8 | Countrywide ALT 2006-OC8 |
| Bank of New York | 156204417 | CWALT 2007-11T1 | Countrywide ALT 2007-11T1 |
| Bank of New York | 161820588 | CWALT 2007-16C8 | Countrywide ALT 2007-16C8 |
| Bank of New York | 188836065 | CWALT 2007-17C8 | Countrywide ALT 2007-17C8 |
| Bank of New York | 146428111 | CWALT 2007-4C8 | Countrywide ALT 2007-4C8 |
| Bank of New York | 148978808 | CWALT 2007-8C8 | Countrywide ALT 2007-8C8 |
| Bank of New York | 149821904 | CWALT 2007-HY4 | Countrywide ALT 2007-HY4 |
| Bank of New York | 160503011 | CWALT 2007-OH2 | Countrywide ALT 2007-OH2 |
| Bank of New York | 188526300 | CWALT 2007-OH3 | Countrywide ALT 2007-OH3 |
| Bank of New York | 170243820 | CWALT 2007-OH3 | Countrywide ALT 2007-OH3 |
| Bank of New York | 36874141 | CWHL 2004-7 | Countrywide MBS 2004-7 |
| Bank of New York | 121022869 | CWHL 2005-31 | Countrywide MBS 2005-31 |
| Bank of New York | 80981155 | CWHL 2005-9 | Countrywide MBS 2005-9 |
| Bank of New York | 130131104 | CWHL 2006-16 | Countrywide MBS 2006-16 |
| Bank of New York | 115124282 | CWHL 2006-19 | Countrywide MBS 2006-19 |
| Bank of New York | 131573004 | CWHL 2006-19 | Countrywide MBS 2006-19 |
| Bank of New York | 156067321 | CWHL 2006-20 | Countrywide MBS 2006-20 |

City of Richmond, California

Trustee Exhibit A

| Trustee | LoanId | Bloomberg Dea IName | LewfanDealName |
|---|---|---|---|
| Bank of New York | 127603895 | CWHL 2006-9 | Countrywide MBS 2006-9 |
| Bank of New York | 125196560 | CWHL 2006-HYB1 | Countrywide MBS 2006-HYB1 |
| Bank of New York | 168828443 | CWHL 2007-11 | Countrywide MBS 2007-11 |
| Bank of New York | 169083967 | CWHL 2007-12 | Countrywide MBS 2007-12 |
| Bank of New York | 171003971 | CWHL 2007-15 | Countrywide MBS 2007-15 |
| Bank of New York | 147234577 | CWHL 2007-2 | Countrywide MBS 2007-2 |
| Bank of New York | 158641490 | CWHL 2007-7 | Countrywide MBS 2007-7 |
| Bank of New York | 165173585 | CWHL 2007-7 | Countrywide MBS 2007-7 |
| Bank of New York | 177670383 | CWHL 2007-HY6 | Countrywide MBS 2007-HY6 |
| Bank of New York | 131848431 | CWHL 2007-HYB1 | Countrywide MBS 2007-HYB1 |
| Bank of New York | 155357087 | CWHL 2007-HYB1 | Countrywide MBS 2007-HYB1 |
| Bank of New York | 35500861 | CWL 2003-5 | Countrywide ABS 2003-05 |
| Bank of New York | 68002999 | CWL 2004-14 | Countrywide ABS 2004-14 |
| Bank of New York | 82011128 | CWL 2004-BC4 | Countrywide ABS 2004-BC4 |
| Bank of New York | 64866931 | CWL 2004-ECC1 | Countrywide ABS 2004-ECC1 |
| Bank of New York | 121468862 | CWL 2005-17 | Countrywide ABS 2005-17 |
| Bank of New York | 87088919 | CWL 2005-3 | Countrywide ABS 2005-03 |
| Bank of New York | 91660817 | CWL 2005-4 | Countrywide ABS 2005-04 |
| Bank of New York | 111821486 | CWL 2005-AB4 | Countrywide ABS 2005-AB4 |
| Bank of New York | 112017955 | CWL 2005-AB4 | Countrywide ABS 2005-AB4 |
| Bank of New York | 115877156 | CWL 2005-AB5 | Countrywide ABS 2005-AB5 |
| Bank of New York | 140376168 | CWL 2006-13 | Countrywide ABS 2006-13 |
| Bank of New York | 128639261 | CWL 2006-14 | Countrywide ABS 2006-14 |
| Bank of New York | 140640723 | CWL 2006-16 | Countrywide ABS 2006-16 |
| Bank of New York | 138118947 | CWL 2006-18 | Countrywide ABS 2006-18 |
| Bank of New York | 138733007 | CWL 2006-19 | Countrywide ABS 2006-19 |
| Bank of New York | 138733351 | CWL 2006-20 | Countrywide ABS 2006-20 |
| Bank of New York | 151116447 | CWL 2006-22 | Countrywide ABS 2006-22 |
| Bank of New York | 131907566 | CWL 2006-24 | Countrywide ABS 2006-24 |
| Bank of New York | 151887254 | CWL 2006-26 | Countrywide ABS 2006-26 |
| Bank of New York | 145423567 | CWL 2006-26 | Countrywide ABS 2006-26 |

City of Richmond, California

Trustee Exhibit A

| Trustee | LoanId | Bloomberg Dea lName | LewlanDealName |
|---------|--------|---------------------|----------------|
| Bank of New York | 123046953 | CWL 2006-3 | Countrywide ABS 2006-03 |
| Bank of New York | 135467170 | CWL 2006-BC4 | Countrywide ABS 2006-BC4 |
| Bank of New York | 178568736 | CWL 2007-13 | Countrywide ABS 2007-13 |
| Bank of New York | 156187991 | CWL 2007-3 | Countrywide ABS 2007-3 |
| Bank of New York | 149372479 | CWL 2007-5 | Countrywide ABS 2007-5 |
| Bank of New York | 156274328 | CWL 2007-5 | Countrywide ABS 2007-5 |
| Bank of New York | 158291840 | CWL 2007-7 | Countrywide ABS 2007-7 |
| Bank of New York | 149483677 | CWL 2007-8 | Countrywide ABS 2007-8 |
| Bank of New York | 165777756 | CWL 2007-BC3 | Countrywide ABS 2007-BC3 |
| Bank of New York | 55490239 | FHAMS 2005-FA9 | First Horizon Mortgage Pass-Through Trust 2005-FA9 |
| Bank of New York | 57840753 | FHAMS 2006-AA4 | First Horizon Alternative Mortgage Securities Trust 2006-AA4 |
| Bank of New York | 57807083 | FHAMS 2006-FA4 | First Horizon Alternative Mortgage Securities Trust 2006-FA4 |

City of Richmond, California

Trustee Exhibit A

| Trustee | LoanId | Parcel Number | House Number | Dir. | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bank of New York | 176549331.7 | 519210017.9 | 544 | | MCLAUGHLIN | ST | | | RICHMOND | 94805 | 1947 |
| Bank of New York | 184456112.6 | 432192011.0 | 5537 | | CABRILLO NORTE | | | | RICHMOND | 94803 | 3877 |
| Bank of New York | 173003594.0 | 519240005.8 | 5215 | | SILVA | AVE | | | RICHMOND | 94805 | 2409 |
| Bank of New York | 115946532.3 | 433431003.6 | 208 | | PIONEER | CT | | | RICHMOND | 94803 | 2648 |
| Bank of New York | 184636347.20 | 556152002.3 | 68 | | IDAHO | ST | | | RICHMOND | 94801 | 4045 |
| Bank of New York | 58451350 | 518112002.2 | 677 | | 37TH | ST | | | RICHMOND | 94805 | 1776 |
| Bank of New York | 62501425 | 529012024.7 | 1076 | | MCLAUGHLIN | ST | | | RICHMOND | 94805 | 1044 |
| Bank of New York | 90406550 | 513035011.8 | 3014 | | CENTER | AVE | | | RICHMOND | 94804 | 3063 |
| Bank of New York | 91586615 | 515060004.6 | 637 | | 27TH | ST | | | RICHMOND | 94804 | 1505 |
| Bank of New York | 92058835 | 544082007.3 | 228 | S | 20TH | ST | | | RICHMOND | 94804 | 2710 |
| Bank of New York | 89714502 | 517130001.4 | 463 | | 44TH | ST | | | RICHMOND | 94805 | 2329 |
| Bank of New York | 91780832 | 433131010.8 | 2618 | | SHELDON | DR | | | RICHMOND | 94803 | 2317 |
| Bank of New York | 92615128 | 527032004.6 | 1524 | | HAYES | ST | | | RICHMOND | 94806 | 4809 |
| Bank of New York | 79627544 | 526240022.0 | 2911 | | HUMPHREY | AVE | | | RICHMOND | 94804 | 1117 |
| Bank of New York | 110351421 | 518280011.9 | 615 | | 35TH | ST | | | RICHMOND | 94805 | 1753 |
| Bank of New York | 114890560 | 530280016.3 | 1333 | | LINCOLN | AVE | | | RICHMOND | 94801 | 2327 |
| Bank of New York | 111665575 | 483110002.95 | 2912 | | CINDY | CT | | | RICHMOND | 94803 | 3230 |
| Bank of New York | 106106728 | 405520024.2 | 3770 | | NORTHRIDGE | DR | | | RICHMOND | 94806 | 5269 |
| Bank of New York | 114850053 | 524270009.3 | 3423 | | CLINTON | AVE | | | RICHMOND | 94805 | 1722 |
| Bank of New York | 104540177 | 534272009.3 | 517 | | 2ND | ST | | | RICHMOND | 94801 | 2603 |
| Bank of New York | 105230579 | 513396008.7 | 5020 | | FRAY | AVE | | | RICHMOND | 94804 | 4375 |
| Bank of New York | 112776914 | 528290011.6 | 723 | | 30TH | ST | | | RICHMOND | 94804 | 1405 |
| Bank of New York | 121564271 | 513403046.8 | 4508 | | BELL | CT | | | RICHMOND | 94804 | 4310 |
| Bank of New York | 106726342 | 519231010.9 | 473 | | MOUNT | ST | | | RICHMOND | 94805 | 2405 |
| Bank of New York | 130285480 | 540310001.8 | 1102 | | CHANSLOR | AVE | | | RICHMOND | 94801 | 3546 |
| Bank of New York | 131941882 | 405690017.8 | 1050 | | SUMMER | LN | | | RICHMOND | 94806 | 2088 |
| Bank of New York | 145009832 | 508090002.43 | 1332 | | MARIPOSA | ST | | | RICHMOND | 94804 | 4935 |
| Bank of New York | 146421206 | 524040010.0 | 957 | | 36TH | ST | | | RICHMOND | 94805 | 1316 |
| Bank of New York | 153855284 | 538041010.9 | 455 | | 2ND | ST | | | RICHMOND | 94801 | 2910 |
| Bank of New York | 124990972 | 515140017.2 | 560 | | CIVIC CENTER | ST | | | RICHMOND | 94804 | 1613 |
| Bank of New York | 120461533 | 405600018.7 | 3325 | | PARK RIDGE | DR | | | RICHMOND | 94806 | 5817 |

Trustee Exhibit A

City of Richmond, California

| Trustee | LoanId | Parcel Number | House Number | Dir. | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bank of New York | 152246994 | 5605900223 | 20 | | DEEP WATER | CT | | | RICHMOND | 94804 | 7467 |
| Bank of New York | 116284608 | 4352202224 | 2191 | | PYRAMID | DR | | | RICHMOND | 94803 | 3219 |
| Bank of New York | 103169871 | 5440920048 | 226 | S | 18TH | ST | | | RICHMOND | 94804 | 2626 |
| Bank of New York | 135555940 | 5605200368 | 1201 | | BRICKYARD | WAY | APT | 218 | RICHMOND | 94801 | 4141 |
| Bank of New York | 139711739 | 5182900190 | 612 | | 35TH | ST | | | RICHMOND | 94805 | 1754 |
| Bank of New York | 139712763 | 5201220018 | 676 | | YUBA | ST | | | RICHMOND | 94805 | 1567 |
| Bank of New York | 128712070 | 5404800970 | 326 | | MARINA | WAY | | | RICHMOND | 94801 | 3208 |
| Bank of New York | 139998777 | 5182700036 | 628 | | 33RD | ST | | | RICHMOND | 94804 | 1538 |
| Bank of New York | 117526880 | 4055400404 | 3916 | | SELMI | GRV | | | SAN PABLO | 94806 | 1863 |
| Bank of New York | 152798299 | 5132370023 | 5008 | | NUNN | ST | | | RICHMOND | 94804 | 4342 |
| Bank of New York | 138118747 | 5141100213 | 418 | | 21ST | ST | | | RICHMOND | 94801 | 3304 |
| Bank of New York | 141765506 | 5152200142 | 430 | | 27TH | ST | | | RICHMOND | 94804 | 1729 |
| Bank of New York | 143169373 | 5291400165 | 1527 | | GARVIN | AVE | | | RICHMOND | 94801 | 2427 |
| Bank of New York | 143390505 | 5301700141 | 1405 | | HELLINGS | AVE | | | RICHMOND | 94801 | 2394 |
| Bank of New York | 141198489 | 5340220044 | 866 | | 6TH | ST | | | RICHMOND | 94801 | 2215 |
| Bank of New York | 156204417 | 5581850038 | 367 | | WESTERN | DR | | | RICHMOND | 94801 | 3754 |
| Bank of New York | 161820588 | 5142600104 | 653 | | 20TH | ST | | | RICHMOND | 94801 | 2868 |
| Bank of New York | 168836065 | 5093900123 | 886 | | CARLSON | BLVD | | | RICHMOND | 94804 | 4643 |
| Bank of New York | 146428111 | 5100810547 | 5223 | | CENTRAL | AVE | | | RICHMOND | 94804 | 5805 |
| Bank of New York | 149976803 | 5142500190 | 2017 | | ROOSEVELT | AVE | | | RICHMOND | 94801 | 3348 |
| Bank of New York | 149821904 | 4331202067 | 3465 | | FLEETWOOD | DR | | | RICHMOND | 94803 | 2045 |
| Bank of New York | 160589011 | 5170600216 | 4220 | | ROOSEVELT | AVE | | | RICHMOND | 94805 | 1857 |
| Bank of New York | 168521500 | 5082510016 | 1546 | | SANTA CLARA | ST | | | RICHMOND | 94804 | 5037 |
| Bank of New York | 170243820 | 5605900470 | 66 | | SEA ISLE | DR | | | RICHMOND | 94804 | 7470 |
| Bank of New York | 368741141 | 4056400494 | 862 | | MULBERRY | CT | | | RICHMOND | 94806 | 6114 |
| Bank of New York | 121022869 | 4056000229 | 3317 | | PARK RIDGE | DR | | | RICHMOND | 94806 | 5817 |
| Bank of New York | 80981155 | 4055600384 | 713 | | LEGENDS | PL | | | RICHMOND | 94806 | 1899 |
| Bank of New York | 130131104 | 4334820175 | 1282 | | FASCINATION | CIR | | | RICHMOND | 94803 | 2651 |
| Bank of New York | 151124282 | 4053410256 | 3609 | | RIDGEWOOD | WAY | | | RICHMOND | 94806 | 1943 |
| Bank of New York | 131573004 | 5241100113 | 2919 | | GARVIN | AVE | | | RICHMOND | 94804 | 1352 |
| Bank of New York | 156067321 | 5605900090 | 15 | | BAY HARBOR | CT | | | RICHMOND | 94804 | 7465 |

Trustee Exhibit A

City of Richmond, California

| Trustee | LoanId | Parcel Number | House Number | Dir. | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bank of New York | 127603895 | 560620490 | 68 | | SANDPOINT | DR | | | RICHMOND | 94804 | 4518 |
| Bank of New York | 125196960 | 519010015 | 4920 | | CLINTON | AVE | | | RICHMOND | 94805 | 1418 |
| Bank of New York | 168828443 | 560620268 | 74 | | HARBOR VIEW | DR | | | RICHMOND | 94804 | 7499 |
| Bank of New York | 169083967 | 560700733 | 2065 | | NORTHSHORE | DR | | | RICHMOND | 94804 | 2582 |
| Bank of New York | 171003371 | 507040253 | 1718 | | BUTTE | ST | | | RICHMOND | 94804 | 5216 |
| Bank of New York | 147224577 | 432220130 | 5311 | | COUNTRY VIEW | DR | | | RICHMOND | 94803 | 3893 |
| Bank of New York | 156641490 | 405550385 | 3951 | | SELMI | GRV | | | RICHMOND | 94806 | 1867 |
| Bank of New York | 165173585 | 507040212 | 1806 | | BUTTE | ST | | | RICHMOND | 94804 | 5218 |
| Bank of New York | 176670383 | 432112021 | 4949 | | WAGON WHEEL | WAY | | | RICHMOND | 94803 | 3820 |
| Bank of New York | 131848431 | 405690162 | 2844 | | HILLTOP MALL | RD | | | RICHMOND | 94806 | 2100 |
| Bank of New York | 155357087 | 414860031 | 3744 | | WAY VERDI | | | | RICHMOND | 94803 | 2741 |
| Bank of New York | 35500861 | 426300277 | 999 | | PARKSIDE | DR | | | RICHMOND | 94803 | 1239 |
| Bank of New York | 68002999 | 534030190 | 829 | | 10TH | ST | | | RICHMOND | 94801 | 2281 |
| Bank of New York | 82011128 | 405600037 | 757 | | ROCK ROSE | WAY | | | RICHMOND | 94806 | 1894 |
| Bank of New York | 64886931 | 513840057 | 4611 | | TAFT | AVE | | | RICHMOND | 94804 | 3493 |
| Bank of New York | 121468862 | 414321015 | 4070 | | MOZART | DR | | | EL SOBRANTE | 94803 | 2748 |
| Bank of New York | 87038919 | 560500353 | 314 | | COMMODORE | DR | | | RICHMOND | 94804 | 7418 |
| Bank of New York | 91650817 | 513164007 | 319 | S | 35TH | ST | | | RICHMOND | 94804 | 3226 |
| Bank of New York | 111821486 | 432110085 | 4928 | | SWEETWOOD | DR | | | RICHMOND | 94803 | 2523 |
| Bank of New York | 112017955 | 534060223 | 701 | | GTH | ST | APT | 4 | RICHMOND | 94801 | 2270 |
| Bank of New York | 115877156 | 530230073 | 1914 | | HELLINGS | AVE | | | RICHMOND | 94801 | 4204 |
| Bank of New York | 140376168 | 549160069 | 2725 | | MARTIN LUTHER KING JR | AVE | | | RICHMOND | 94804 | 4038 |
| Bank of New York | 128639261 | 515100089 | 609 | | 29TH | ST | | | RICHMOND | 94804 | 1521 |
| Bank of New York | 140640723 | 513293073 | 4610 | | ESCUELA | CT | | | RICHMOND | 94804 | 4390 |
| Bank of New York | 138118947 | 533820059 | 250 | S | 47TH | ST | | | RICHMOND | 94804 | 3422 |
| Bank of New York | 138733007 | 510153011 | 5434 | | SACRAMENTO | AVE | | | RICHMOND | 94804 | 5602 |
| Bank of New York | 138733351 | 529070027 | 2101 | | GAYNOR | AVE | | | RICHMOND | 94801 | 4200 |
| Bank of New York | 151116447 | 529080050 | 1828 | | ESMOND | AVE | | | RICHMOND | 94801 | 2531 |
| Bank of New York | 131907566 | 405600556 | 5332 | | HASKEL | CT | | | RICHMOND | 94806 | 5896 |
| Bank of New York | 151897254 | 414031002 | 2934 | | GROOM | DR | | | RICHMOND | 94806 | 2643 |
| Bank of New York | 145423667 | 524190015 | 3701 | | GARVIN | AVE | | | RICHMOND | 94805 | 1738 |

Trustee Exhibit A

| Trustee | LoanId | Parcel Number | House Number | Dir. | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bank of New York | 128046953 | 408012006B | 4400 | | JENKINS | WAY | | | RICHMOND | 94806 | 1742 |
| Bank of New York | 185467170 | 405550051B | 608 | | ROCK ROSE | WAY | | | RICHMOND | 94806 | 1853 |
| Bank of New York | 178568736 | 414221011B | 3015 | | WISWALL | DR | | | RICHMOND | 94806 | 2753 |
| Bank of New York | 156187391 | 5607800140 | 203 | | LAKESHORE | CT | | | RICHMOND | 94804 | 7424 |
| Bank of New York | 149372479 | 433341021B | 19 | | CLEAR WATER | CT | | | RICHMOND | 94803 | 2103 |
| Bank of New York | 156274328 | 5133960483 | 4901 | | POTRERO | AVE | | | RICHMOND | 94804 | 4444 |
| Bank of New York | 158291840 | 5133130325 | 336 | S | 41ST | ST | | | RICHMOND | 94804 | 3337 |
| Bank of New York | 149483677 | 4142530064 | 3006 | | BARKLEY | DR | | | RICHMOND | 94806 | 2649 |
| Bank of New York | 165777756 | 5133220300 | 268 | S | 46TH | ST | | | RICHMOND | 94804 | 3417 |
| Bank of New York | 55490239 | 5083400183 | 6010 | | WENK | AVE | | | RICHMOND | 94804 | 5059 |
| Bank of New York | 57840753 | 5606500469 | 312 | | SEAVIEW | DR | | | POINT RICHMON | 94801 | 4161 |
| Bank of New York | 57807083 | 5281610021 | 2324 | | LINCOLN | AVE | | | RICHMOND | 94804 | 1207 |

City of Richmond, California

Trustee Exhibit B

| Trustee | LoanId | Balance | Price as % of Balance | Price |
|---|---|---|---|---|
| Bank of New York | 1765493317 | 313,167.49 | 51% | 161,093.36 |
| Bank of New York | 1844561126 | 568,637.77 | 47% | 269,380.77 |
| Bank of New York | 1730035940 | 449,588.78 | 80% | 361,244.58 |
| Bank of New York | 1190465323 | 459,512.09 | 92% | 420,674.13 |
| Bank of New York | 1846634720 | 464,644.66 | 85% | 394,097.66 |
| Bank of New York | 58451350 | 293,907.23 | 75% | 220,151.21 |
| Bank of New York | 62501425 | 345,553.05 | 23% | 78,171.01 |
| Bank of New York | 90406550 | 235,132.87 | 67% | 158,575.96 |
| Bank of New York | 91586615 | 312,321.75 | 76% | 236,065.27 |
| Bank of New York | 92058835 | 190,151.92 | 55% | 104,376.29 |
| Bank of New York | 89714502 | 423,541.59 | 59% | 248,513.03 |
| Bank of New York | 91780832 | 262,630.78 | 90% | 236,659.22 |
| Bank of New York | 92615128 | 373,901.02 | 64% | 239,135.88 |
| Bank of New York | 79627544 | 241,120.83 | 91% | 219,554.98 |
| Bank of New York | 110351421 | 320,501.97 | 66% | 210,582.61 |
| Bank of New York | 114890560 | 197,570.21 | 73% | 144,244.03 |
| Bank of New York | 111665575 | 465,602.90 | 48% | 224,797.74 |
| Bank of New York | 106106728 | 352,669.48 | 50% | 177,442.12 |
| Bank of New York | 114850053 | 434,550.04 | 25% | 108,168.20 |
| Bank of New York | 104540177 | 309,835.61 | 29% | 88,343.43 |
| Bank of New York | 105230579 | 386,039.51 | 26% | 99,822.10 |
| Bank of New York | 112776914 | 367,777.49 | 28% | 102,227.43 |
| Bank of New York | 121564271 | 255,753.64 | 65% | 165,723.24 |
| Bank of New York | 106726342 | 465,045.28 | 60% | 280,240.94 |
| Bank of New York | 130265480 | 136,532.03 | 85% | 116,576.51 |
| Bank of New York | 131941882 | 381,317.72 | 39% | 147,131.44 |
| Bank of New York | 145009832 | 309,961.67 | 41% | 128,404.72 |
| Bank of New York | 146421206 | 329,907.11 | 19% | 63,517.02 |
| Bank of New York | 153855284 | 141,516.04 | 18% | 25,460.15 |
| Bank of New York | 124990972 | 214,940.56 | 67% | 144,437.91 |
| Bank of New York | 120461533 | 781,996.43 | 33% | 257,542.70 |
| Bank of New York | 152246994 | 488,000.00 | 60% | 294,937.44 |
| Bank of New York | 116284608 | 484,132.38 | 47% | 229,895.10 |
| Bank of New York | 103169871 | 239,321.69 | 46% | 111,138.60 |
| Bank of New York | 135559340 | 542,273.18 | 30% | 163,761.08 |
| Bank of New York | 139711739 | 327,215.72 | 24% | 78,119.48 |
| Bank of New York | 139712763 | 575,548.14 | 47% | 268,631.34 |
| Bank of New York | 128712070 | 106,036.17 | 75% | 80,012.77 |
| Bank of New York | 139998777 | 183,120.32 | 61% | 112,617.17 |
| Bank of New York | 117526880 | 610,035.64 | 33% | 201,635.08 |
| Bank of New York | 152798299 | 372,000.15 | 63% | 232,652.61 |

City of Richmond, California

Trustee Exhibit B

| Trustee | LoanId | Balance | Price as % of Balance | Price |
|---|---|---|---|---|
| Bank of New York | 138118747 | 288,889.34 | 27% | 78,473.90 |
| Bank of New York | 141766506 | 384,438.92 | 33% | 127,030.15 |
| Bank of New York | 143169373 | 288,400.00 | 31% | 88,446.51 |
| Bank of New York | 143390505 | 396,110.31 | 21% | 84,605.20 |
| Bank of New York | 141198489 | 335,979.20 | 32% | 108,054.27 |
| Bank of New York | 156204417 | 1,122,189.39 | 61% | 679,833.55 |
| Bank of New York | 161820588 | 205,809.33 | 11% | 23,184.42 |
| Bank of New York | 168836065 | 278,826.70 | 59% | 163,526.28 |
| Bank of New York | 146428111 | 298,649.86 | 78% | 231,522.33 |
| Bank of New York | 149976803 | 145,082.58 | 89% | 128,933.44 |
| Bank of New York | 149821904 | 446,800.79 | 61% | 274,661.85 |
| Bank of New York | 160503011 | 442,179.76 | 53% | 232,683.83 |
| Bank of New York | 168526300 | 438,929.50 | 51% | 222,352.91 |
| Bank of New York | 170243820 | 594,689.40 | 33% | 193,523.82 |
| Bank of New York | 36874141 | 491,007.03 | 30% | 144,891.26 |
| Bank of New York | 121022869 | 628,951.30 | 60% | 379,016.77 |
| Bank of New York | 80981155 | 410,638.86 | 54% | 219,897.11 |
| Bank of New York | 130131104 | 489,642.80 | 89% | 436,854.41 |
| Bank of New York | 151124282 | 347,489.24 | 63% | 217,375.37 |
| Bank of New York | 131573004 | 409,596.11 | 52% | 212,326.43 |
| Bank of New York | 156067321 | 479,616.31 | 84% | 403,122.30 |
| Bank of New York | 127603895 | 481,759.04 | 59% | 286,290.13 |
| Bank of New York | 125196960 | 356,978.84 | 34% | 122,982.78 |
| Bank of New York | 168828443 | 548,189.56 | 73% | 401,592.71 |
| Bank of New York | 169083967 | 493,316.00 | 75% | 372,167.46 |
| Bank of New York | 171003371 | 429,098.26 | 43% | 184,949.93 |
| Bank of New York | 147234577 | 510,176.26 | 84% | 429,435.77 |
| Bank of New York | 158641490 | 493,360.88 | 22% | 106,857.03 |
| Bank of New York | 165173585 | 431,709.13 | 82% | 354,981.47 |
| Bank of New York | 177670383 | 491,361.42 | 63% | 310,972.82 |
| Bank of New York | 131848431 | 455,511.00 | 59% | 266,592.37 |
| Bank of New York | 155357087 | 207,923.31 | 44% | 91,785.67 |
| Bank of New York | 35500861 | 216,540.57 | 84% | 182,859.85 |
| Bank of New York | 68002999 | 235,990.23 | 64% | 151,099.82 |
| Bank of New York | 82011128 | 380,134.24 | 71% | 271,556.50 |
| Bank of New York | 64886931 | 195,328.20 | 63% | 122,728.61 |
| Bank of New York | 121468862 | 541,954.26 | 52% | 283,826.87 |
| Bank of New York | 87038919 | 438,433.32 | 29% | 125,102.56 |
| Bank of New York | 91660817 | 334,873.02 | 50% | 166,743.32 |
| Bank of New York | 111821486 | 413,130.36 | 81% | 334,693.43 |
| Bank of New York | 112017955 | 312,037.13 | 64% | 198,546.11 |

City of Richmond, California

Trustee Exhibit B

| Trustee | LoanId | Balance | Price as % of Balance | Price |
|---|---|---|---|---|
| Bank of New York | 115877156 | 149,681.83 | 75% | 112,306.28 |
| Bank of New York | 140376168 | 241,519.85 | 64% | 155,567.77 |
| Bank of New York | 128639261 | 436,087.33 | 23% | 99,580.54 |
| Bank of New York | 140640723 | 256,862.89 | 71% | 182,421.46 |
| Bank of New York | 138118947 | 314,265.87 | 73% | 230,752.86 |
| Bank of New York | 138733007 | 239,640.36 | 57% | 135,957.56 |
| Bank of New York | 138733351 | 239,194.82 | 70% | 167,878.88 |
| Bank of New York | 151116447 | 263,125.22 | 51% | 134,241.22 |
| Bank of New York | 131907566 | 476,863.45 | 26% | 122,057.97 |
| Bank of New York | 151897254 | 342,201.70 | 71% | 242,569.68 |
| Bank of New York | 145423667 | 263,105.04 | 54% | 141,474.21 |
| Bank of New York | 123046953 | 213,746.24 | 46% | 97,694.86 |
| Bank of New York | 135467170 | 512,295.59 | 54% | 278,442.90 |
| Bank of New York | 178563736 | 366,090.63 | 64% | 233,331.52 |
| Bank of New York | 156187391 | 276,550.00 | 31% | 85,290.79 |
| Bank of New York | 149372479 | 435,192.84 | 64% | 280,211.97 |
| Bank of New York | 156274328 | 437,667.13 | 31% | 137,838.89 |
| Bank of New York | 158291840 | 355,657.50 | 30% | 107,604.18 |
| Bank of New York | 149483677 | 526,058.30 | 54% | 282,577.48 |
| Bank of New York | 165777756 | 183,069.13 | 65% | 118,330.39 |
| Bank of New York | 55490239 | 359,118.37 | 68% | 245,823.71 |
| Bank of New York | 57840753 | 782,690.40 | 32% | 246,547.48 |
| Bank of New York | 57807083 | 181,339.38 | 68% | 123,918.27 |

City of Richmond, California

Exhibit C

| Loanid | Bloomberg DealName | Lender/DealName | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1578 | MLMI 2006-HE4 | Merrill Lynch Mortgage Investors Inc. 2006-HE4 | 405500046 | 784 | | ROCK ROSE | WAY | | | RICHMOND | 94806 | 1895 |
| 4228 | IXIS 2007-S4 | Lehman XS Trust 2007-SH | 405501000 | 6218 | | HEAVENLY RIDGE | LN | | | RICHMOND | 94803 | 2824 |
| 5635 | CBASS 2007-CB2 | Credit-Based Asset Servicing and Securitization LLC Mortgage Loan Asset-Backed Certificates 2007-CB2 | 506231016 | 1658 | | MARIPOSA | ST | | | RICHMOND | 94804 | 5018 |
| 209027 | ALST 2007-OA1 | Alliance Securities Corp. 2007-OA1 | 414142003 | 2838 | | GONZAGA | AVE | | | RICHMOND | 94806 | 3114 |
| 222560 | BAYV 2006-C | Bayview Financial Acquisition Trust 2006-C | 432210548 | 8370 | | SADDLEBACK | CT | | | RICHMOND | 94803 | 3880 |
| 234040 | HVMLT 2006-10 | Harborview Mortgage Loan Trust 2006-10 | 431392026 | 4806 | | SKYHAWK | DR | | | RICHMOND | 94803 | 2141 |
| 649344 | HVMLT 2007-4 | Harborview Mortgage Loan Trust 2007-4 | 526040079 | 3621 | | ANDRADE | AVE | | | RICHMOND | 94801 | 1115 |
| 726985 | ECR 2005-3 | Encore Credit Receivables Trust 2005-3 | 408040148 | 701 | | JOHNSON | DR | | | RICHMOND | 94806 | 1747 |
| 781570 | CMLTI 2005-8 | Citigroup Mortgage Loan Trust 2005-8 | 510041033 | 2816 | | SAN MATEO | ST | | | RICHMOND | 94804 | 5640 |
| 826092 | AHM 2005-2 | American Home Mortgage Investment Trust 2005-2 | 527082116 | 1406 | | 25TH | ST | | | RICHMOND | 94806 | 4512 |
| 840119 | CMLTI 2007-10 | Citigroup Mortgage Loan Trust 2007-10 | 414162009 | 3011 | | PARKER | RD | | | RICHMOND | 94806 | 2741 |
| 905086 | AHM 2005-3 | American Home Mortgage Investment Trust 2005-3 | 414281027 | 2657 | | OXFORD | AVE | | | RICHMOND | 94806 | 2816 |
| 942627 | AHM 2005-4 | American Home Mortgage Investment Trust 2005-4 | #N/A | #N/A | | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 966913 | AHM 2005-4 | American Home Mortgage Investment Trust 2005-4 | 515400193 | 2719 | | CHANSLOR | AVE | | | RICHMOND | 94801 | 1927 |
| 1011387 | AHM 2006-1 | American Home Mortgage Investment Trust 2006-1 | 513101028 | 4224 | | FLORIDA | AVE | | | RICHMOND | 94804 | 3433 |
| 1091032 | AHM 2006-1 | American Home Mortgage Investment Trust 2006-1 | 414242009 | 2851 | | SHANE | DR | | | RICHMOND | 94806 | 2857 |
| 1317624 | HVMLT 2006-14 | Harborview Mortgage Loan Trust 2006-14 | 526070048 | 1347 | | MARIPOSA | ST | | | RICHMOND | 94804 | 4934 |
| 1323513 | AHMA 2005-3 | American Home Mortgage Assets Trust 2005-3 | 433401017 | 5124 | | RAIN CLOUD | DR | | | RICHMOND | 94803 | 2833 |
| 1331744 | AHMA 2005-3 | American Home Mortgage Assets Trust 2005-3 | 435510062 | 5463 | | ALLISON | LN | | | RICHMOND | 94803 | 3460 |
| 1398506 | AHM 2007-SD2 | American Home Mortgage Investment Trust 2007-SD2 | 414182057 | 3290 | | ANNAPOLIS | AVE | | | RICHMOND | 94806 | 2702 |
| 1572986 | AHMA 2005-5 | American Home Mortgage Assets Trust 2005-5 | 519120018 | 478 | | 33RD | ST | | | RICHMOND | 94804 | 1510 |
| 1598192 | AHMA 2005-5 | American Home Mortgage Assets Trust 2005-5 | 405402040 | 3641 | | WEST | CT | | | RICHMOND | 94806 | 5248 |
| 1429871 | AHMA 2007-1 | American Home Mortgage Assets Trust 2007-1 | 526070048 | 1326 | | MAINE | AVE | | | RICHMOND | 94804 | 2229 |
| 1441125 | MASTR 2007-1 | MASTR Adjustable Rate Mortgages Trust 2007-1 | 550161024 | 355 | | MODOC | ST | | | RICHMOND | 94804 | 8236 |
| 1453640 | MSM 2007-5AX | Morgan Stanley Mortgage Loan Trust 2007-5AX | 607130040 | 8440 | | PARKWAY | DR | | | EL SOBRANTE | 94803 | 1245 |
| 1479114 | MARM 2007-1 | MASTR Adjustable Rate Mortgages Trust 2007-1 | 526351008 | 1219 | | BUCKBOARD | WAY | | | RICHMOND | 94803 | 3802 |
| 1480317 | MSM 2007-5AX | Morgan Stanley Mortgage Loan Trust 2007-5AX | 432106035 | 4611 | S | | | | | RICHMOND | 94804 | 4022 |
| 1487090 | MARM 2007-1 | MASTR Adjustable Rate Mortgages Trust 2007-1 | 546200161 | 809 | | 31ST | ST | | | RICHMOND | 94801 | 3268 |
| 1487602 | AHMA 2007-1 | American Home Mortgage Assets Trust 2007-1 | 540470162 | 1711 | | LIVINGSTON | LN | | | RICHMOND | 94806 | 2819 |
| 1496846 | AHMA 2007-1 | American Home Mortgage Assets Trust 2007-1 | 414282008 | 2816 | | OXFORD | AVE | | | RICHMOND | 94806 | 5642 |
| 1502367 | AHMA 2007-1 | American Home Mortgage Assets Trust 2007-1 | 405500648 | 1027 | | REDHAWK | CT | | | RICHMOND | 94806 | 1944 |
| 1505450 | AHMA 2007-2 | American Home Mortgage Assets Trust 2007-2 | 405060773 | 2823 | | MEADOW CREST | CT | | | RICHMOND | 94806 | 1844 |
| 1511596 | AHMA 2007-1 | American Home Mortgage Assets Trust 2007-1 | 405551091 | 6 | | BOARDWALK | PL | | | RICHMOND | 94806 | 1864 |
| 1521444 | MSHEL 2006-2 | Morgan Stanley Home Equity Loan Trust 2006-2 | 534072009 | 781 | | 8TH | ST | | | RICHMOND | 94801 | 2222 |
| 1552064 | MSM 2007-15AR | Morgan Stanley Mortgage Loan Trust 2007-15AR | 432112022 | 4827 | | WAGON WHEEL | WAY | | | RICHMOND | 94803 | 3620 |
| 1643363 | MSM 2007-15AR | Morgan Stanley Mortgage Loan Trust 2007-15AR | 526000149 | 3431 | | HUMPHREY | AVE | | | RICHMOND | 94804 | 1121 |
| 1845002 | MSM 2007-15AR | Morgan Stanley Mortgage Loan Trust 2007-15AR | 526230030 | 2916 | | RHEEM | AVE | | | RICHMOND | 94804 | 1144 |
| 1713316 | AHMA 2007-4 | American Home Mortgage Assets Trust 2007-4 | 414151040 | 2711 | | MOYERS | RD | | | RICHMOND | 94806 | 2728 |
| 1727645 | AHMA 2007-4 | American Home Mortgage Assets Trust 2007-4 | 414191018 | 5206 | | PHILLIPS | CT | | | RICHMOND | 94806 | 2744 |
| 1731021 | MSM 2007-13 | Morgan Stanley Mortgage Loan Trust 2007-13 | 433491016 | 5800 | | KIPLING | DR | | | RICHMOND | 94803 | 3585 |
| 2218456 | NCHET 2005-D | New Century Home Equity Loan Trust 2005-D | 517140028 | 448 | | 42ND | ST | | | RICHMOND | 94805 | 2325 |
| 2609412 | PRIME 2005-3 | Prime Mortgage Trust 2005-3 | 431552043 | 3914 | | PAINTED PONY | RD | | | RICHMOND | 94803 | 2131 |
| 3141844 | GSR 2005-9F | GSR Mortgage Loan Trust 2005-9F | 560250106 | 428 | S | 37TH | ST | | | RICHMOND | 94804 | 2928 |
| 3150066 | RAST 2004-A5 | IndyMac Residential Asset Securities Trust (RAST) 2004-A5 | 509120240 | 1604 | | OSCAR | ST | | | RICHMOND | 94804 | 5119 |
| 3537006 | MLMI 2005-A1 | Merrill Lynch Mortgage Loans, Inc. 2005-A1 | 405560081 | 782 | | ROCK ROSE | WAY | | | RICHMOND | 94806 | 1865 |
| 3901630 | RESIF 2005-B | RESI Finance Limited Partnership 2005-B | 519080005 | 891 | | KERN | ST | | | RICHMOND | 94805 | 1950 |
| 4268077 | RESIF 2005-D | RESI Finance Limited Partnership 2005-D | 518240142 | 809 | | 31ST | ST | | | RICHMOND | 94804 | 1529 |

Exhibit C

| Loanid | Bloomberg/DealName | LenderDealName | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6649123 | NATCM 2006-1 | National City Mortgage Capital Trust 2006-1 | 435110048B | 5358 | | DEBRA | LN | | | RICHMOND | 94803 | 3488 |
| 9014223 | HVMLT 2006-10 | Harbor View Mortgage Loan Trust 2006-10 | 544110005G | 225 | S | 17TH | ST | | | RICHMOND | 94804 | 2903 |
| 9024347 | INDX 2006-AR14 | IndyMac INDX Mortgage Loan Trust 2006-AR14 | 513141024Z | 347 | S | 39TH | ST | | | RICHMOND | 94801 | 3330 |
| 9079282 | GSAMP 2007-NC1 | GSAMP Trust 2007-NC1 | 340160031B | 238 | | 15TH | ST | | | RICHMOND | 94801 | 3213 |
| 9424427 | GSAA 2007-4 | GSAA Home Equity Trust 2007-4 | 527050127 | 1414 | | 24TH | ST | | | RICHMOND | 94806 | 4634 |
| 8697763 | LBMLT 2006-WL1 | Long Beach Mortgage Loan Trust 2006-WL1 | 526300014Z | 2979 | | MARICOPA | AVE | | | RICHMOND | 94804 | 1013 |
| 9749818 | LBMLT 2006-8 | Long Beach Mortgage Loan Trust 2006-8 | #N/A | #N/A | | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 9785079 | LBMLT 2006-8 | Long Beach Mortgage Loan Trust 2006-8 | #N/A | #N/A | #N/A | KIPLING | DR | | | RICHMOND | 94803 | 3568 |
| 9680618 | GSAA 2007-8 | GSAA Home Equity Trust 2007-8 | 435480152 | 5908 | | WHITECLIFF | WAY | | | EL SOBRANT | 94803 | 2441 |
| 9659005 | GSR 2007-AR2 | GSR Mortgage Loan Trust 2007-AR2 | 431120321 | 4481 | | LANDMARK | CT | | | RICHMOND | 94806 | 9445 |
| 9656644 | GSR 2007-AR2 | GSR Mortgage Loan Trust 2007-AR2 | 405650003B | 1024 | | LANDMARK | CIR | | | RICHMOND | 94806 | 1639 |
| 7106157 | GSR 2007-4F | GSR Mortgage Loan Trust 2007-4F | 405400800 | 4042 | | COLEMAN | CIR | | | RICHMOND | 94806 | 3978 |
| 7179041 | GSR 2007-5F | GSR Mortgage Loan Trust 2007-5F | 432210472 | 5314 | | SADDLEBACK | CT | | | RICHMOND | 94803 | 2818 |
| 8817079 | RASC 2003-KS4 | Residential Asset Securities Corp. 2003-KS4 | 514280027A | 919 | | 16TH | ST | | | RICHMOND | 94801 | 1434 |
| 9617804 | RPMS 2005-SS | Residential Funding Mortgage Securities I 2005-SS | 529030001 | 883 | | MCLAUGHLIN | DR | | | RICHMOND | 94805 | 2607 |
| 9269522 | RAMP 2005-EFC5 | Residential Asset Mortgage Products, Inc. 2005-EFC5 | 414050074 | 3662 | | GILMA | DR | | | RICHMOND | 94806 | 5260 |
| 10007760 | RPMS 2005-35 | Residential Funding Mortgage Securities I 2005-35 | 408391072 | 2209 | | HIGHGATE | DR | | | RICHMOND | 94806 | 3531 |
| 10072210 | RPMS 2006-SA1 | Residential Funding Mortgage Securities I 2006-SA1 | 513142009 | 580 | B | 39TH | ST | | | RICHMOND | 94804 | 3838 |
| 10067080 | REBF 2005-D | REBS Finance Limited Partnership 2005-D | 566170061 | 233 | | WATER | DR | | | RICHMOND | 94801 | 2125 |
| 10125691 | REBF 2005-D | REBS Finance Limited Partnership 2005-D | 431301006 | 3705 | | BLACK FEATHER | DR | | | RICHMOND | 94803 | 2432 |
| 10140611 | ACE 2004-HE4 | ACE Securities Corp. Home Equity Loan Trust 2004-HE4 | 431170047B | 3218 | | WAY | RD | | | RICHMOND | 94803 | 2285 |
| 10162487 | RASC 2005-KS11 | Residential Asset Securities Corp. 2005-KS11 | 530160014B | 1401 | | DUNN | AVE | | | RICHMOND | 94801 | 1957 |
| 10266665 | MABS 2006-HE2 | MASTR Asset Backed Securities Trust 2006-HE2 | 405470059B | 2414 | | BRANCHWOOD | CT | | | RICHMOND | 94806 | #N/A |
| 10306417 | RAMP 2006-RS1 | Residential Asset Mortgage Products, Inc. 2006-RS1 | #N/A | 543 | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | 1856 |
| 10299689 | MLMI 2007-HE3 | Merrill Lynch Mortgage Investors Inc. 2007-HE3 | 405500017 | 543 | | ROCK ROSE | WAY | | | RICHMOND | 94806 | 3102 |
| 10365487 | MLMI 2007-HE3 | Merrill Lynch Mortgage Investors Inc. 2007-HE3 | 414144007 | 2520 | | MOYERS | RD | | | RICHMOND | 94806 | 2715 |
| 10399087 | RAU 2006-OD2 | Residential Asset Backed Securities Trust 2006-OD2 | 414110257 | 2784 | | JO ANN | WAY | | | RICHMOND | 94806 | 4145 |
| 10421217 | RAU 2006-QS3 | Residential Accredit Loans Inc. 2006-QS3 | 560460018Z | 1200 | | BRICKYARD | WAY | APT | 202 | RICHMOND | 94801 | 4634 |
| 10430085 | RAU 2006-QO3 | Residential Accredit Loans Inc. 2006-QO3 | 506920009B | 1326 | | MARIPOSA | ST | | | RICHMOND | 94804 | 2739 |
| 10476722 | RASC 2006-KS6 | Residential Asset Securities Corp. 2006-KS6 | 414251026B | 4059 | | MINUET | CIR | | | RICHMOND | 94803 | 1831 |
| 10511081 | RAU 2006-QO4 | Residential Accredit Loans Inc. 2006-QO4 | 405440031 4 | 57652 | | STONEGLEN | N | | | RICHMOND | 94806 | 1486 |
| 10776048 | MABS 2006-WMC1 | MASTR Asset Backed Securities Trust 2006-WMC1 | 525080023 | 2601 | | DOWNER | AVE | | | RICHMOND | 94804 | 2441 |
| 10989913 | BSABS 2006-HE7 | Bear Stearns Asset Backed Securities Trust 2006-HE7 | 518010129 | 5224 | | NEVIN | AVE | | | RICHMOND | 94805 | 5045 |
| 10776731 | BSABS 2006-HE7 | Bear Stearns Asset Backed Securities Trust 2006-HE7 | 510061014 | 5239 | | SAN JOSE | AVE | | | RICHMOND | 94804 | 9101 |
| 10848422 | RAU 2007-QO1 | Residential Accredit Loans Inc. 2007-QO1 | 405470005B1 | 3844 | | PARK RIDGE | DR | | | RICHMOND | 94806 | 3570 |
| 10851151 | RAU 2006-QS10 | Residential Accredit Loans Inc. 2006-QS10 | 435440002B | 812 | | MASON | WAY | | | RICHMOND | 94803 | 4944 |
| 10851550 | RAU 2006-QS10 | Residential Accredit Loans Inc. 2006-QS10 | 506070013D | 1384 | | CARLSON | BLVD | | | RICHMOND | 94804 | 1621 |
| 11253039 | RAU 2007-QS3 | Residential Accredit Loans Inc. 2007-QS3 | 516190021 | 2500 | | ROOSEVELT | AVE | | | RICHMOND | 94804 | 3204 |
| 11335971 | RAU 2007-QO4 | Residential Accredit Loans Inc. 2007-QO4 | 513050003B | 212 | S | 38TH | ST | | | RICHMOND | 94804 | #N/A |
| 11359013 | RAU 2007-QO3 | Residential Accredit Loans Inc. 2007-QO3 | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | 1905 |
| 11411373 | RAU 2007-QA3 | Residential Accredit Loans Inc. 2007-QA3 | 431180002 | 3115 | | KEITH | DR | | | RICHMOND | 94803 | 9364 |
| 11490841 | GSR 2007-OA2 | GSR Mortgage Loan Trust 2007-OA2 | 405070020B | 5712 | | OAKMONT | DR | | | RICHMOND | 94806 | 5042 |
| 11427883 | REMIS 2007-S4 | Residential Funding Mortgage Securities I 2007-S4 | 507100024G | 5919 | | SANTA CRUZ | AVE | | | RICHMOND | 94804 | |

Exhibit C

| Loanid | Bloomberg/Deal Name | Lender/Deal Name | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11514824 | MSHC 2008-WMC2 | Morgan Stanley ABS Capital I Trust 2008-WMC2 | 513040008 | 3522 | | CENTER | AVE | | | RICHMOND | 94804 | 3213 |
| 11842287 | SASC 2004-13 | Structured Asset Securities Corp. 2004-13 | #N/A | #N/A | #N/A | #N/A | #N/A | | | RICHMOND | #N/A | #N/A |
| 11729471 | SVHE 2007-WMC1 | Soundview Home Loan Trust 2007-WMC1 | 414350189 | 3774 | | VIA VERDI | #N/A | | | EL SOBRANT | 94803 | 2791 |
| 11740033 | SVHE 2007-WMC1 | Soundview Home Loan Trust 2007-WMC1 | 435492123 | 5805 | | AMEND | RD | | | RICHMOND | 94803 | 3500 |
| 11773954 | BVHE 2007-WMC1 | Soundview Home Loan Trust 2007-WMC1 | 516070150 | 822 | | 27TH | ST | | | RICHMOND | 94804 | 1505 |
| 12026689 | SASC 2005-4XS | Structured Asset Securities Corp. 2005-4XS | #N/A | #N/A | #N/A | #N/A | #N/A | | | RICHMOND | #N/A | #N/A |
| 12078392 | SASC 2005-7XS | Structured Asset Securities Corp. 2005-7XS | 405600392 | 1135 | | ARROWHEAD | CT | | | RICHMOND | 94806 | 5925 |
| 13785630 | BSABS 2006-1 | Bear Stearns Asset Backed Securities Trust 2006-1 | 544020048 | 228 | S | 18TH | ST | | | RICHMOND | 94804 | 2028 |
| 15839154 | BSMF 2008-AR3 | Bear Stearns Mortgage Funding Trust 2008-AR3 | 527160111 | 2345 | | LOWELL | AVE | | | RICHMOND | 94804 | 1035 |
| 15998575 | BSMF 2008-AR3 | Bear Stearns Mortgage Funding Trust 2008-AR3 | 514270163 | 612 | | 18TH | ST | | | RICHMOND | 94801 | 2083 |
| 16225536 | BSMF 2008-AR4 | Bear Stearns Mortgage Funding Trust 2008-AR4 | 529040187 | 907 | | 39TH | ST | | | RICHMOND | 94805 | -316 |
| 16349410 | BSABS 2005-HE8 | Bear Stearns Asset Backed Securities Trust 2006-HE8 | 408030048 | 818 | | BRADFORD | DR | | | RICHMOND | 94806 | 1715 |
| 16825489 | SASC 2005-10 | Structured Asset Securities Corp. 2005-10 | 514270112 | 907-609 | | 20TH | ST | | | RICHMOND | 94801 | 2623 |
| 16853536 | BSABS 2007-HE3 | Bear Stearns Asset Backed Securities Trust 2007-HE5 | 406070566 | 1705 | | CUTTING | BLVD | | | RICHMOND | 94805 | 1387 |
| 16855417 | SASC 2005-10 | Structured Asset Securities Corp. 2005-10 | 544191024 | 3121 | | BLACK FEATHER | DR | | | RICHMOND | 94805 | 2123 |
| 16969091 | LPMAC 2007-CH3 | LP Morgan Mortgage Acquisition Trust 2007-CH3 | 413450030 | 3161 | | BIRMINGHAM | DR | APT | 207 | RICHMOND | 94806 | 2079 |
| 18828081 | TMST 2006-5 | Thornburg Mortgage Securities Trust 2006-5 | 432160434 | 5567 | | CIVIC CENTER | ST | | | EL SOBRANT | 94803 | 3871 |
| 18859730 | RALI 2007-QO5 | Residential Accredit Loans Inc. 2007-QO5 | 510100379 | 5016 | | BEKKILL | DR | | | RICHMOND | 94804 | 5016 |
| 16956487 | BARN 2004-3AC | Structured Adjustable Rate Mortgage Loan Trust 2004-3AC | 513390423 | 61 | | BERK | AVE | | | RICHMOND | 94804 | 7485 |
| 17437982 | BSMF 2008-AR3 | Bear Stearns Mortgage Funding Trust 2008-AR3 | 414260110 | 782 | | SHANE | DR | | | RICHMOND | 94805 | 1771 |
| 17429132 | BSMF 2007-AR5 | Bear Stearns Mortgage Funding Trust 2007-AR5 | 426225016 | 5396 | | SATH | ST | | | RICHMOND | 94803 | 3984 |
| 18929132 | GSAA Home Equity Trust 2005-4 | GSAA Home Equity Trust 2005-4 | #N/A | #N/A | #N/A | COUNTRY VIEW | DR | | | RICHMOND | #N/A | #N/A |
| 20724381 | TMST 2006-4 | Thornburg Mortgage Securities Trust 2006-4 | 431410117 | 4642 | | THUNDERHEAD | CT | | | RICHMOND | 94801 | 2144 |
| 21042247 | LPMAC 2006-CPT1 | LP Morgan Mortgage Acquisition Corp. 2006-CPT1 | 413450030 | 3673 | | 15TH | ST | | | RICHMOND | 94801 | 3212 |
| 21053260 | DOMT 2005-3 | Option One Mortgage Loan Trust 2005-3 | 9401400113 | 235 | | DEER RUN | DR | | | RICHMOND | 94801 | 1512 |
| 21055440 | HASC 2005-OPT1 | HSI Asset Securitization Corporation Trust 2005-OPT1 | 500920106 | 19 | | HARBOR VIEW | DR | | | RICHMOND | 94804 | 7486 |
| 21067447 | SVHE 2005-OPT4 | Soundview Home Equity Loan Trust 2005-OPT4 | #N/A | #N/A | #N/A | #N/A | #N/A | | | RICHMOND | #N/A | #N/A |
| 21076605 | BSARM 2007-4 | Bear Stearns ARM Trust 2007-4 | 500900222 | 1955 | | NORTHSHORE | DR | | | RICHMOND | 94804 | 2590 |
| 22002524 | BAM 2007-AR4 | Structured Asset Mortgage Investments II Trust 2007-AR4 | 491160132 | 3060 | | STEPHEN | DR | | | RICHMOND | 94803 | 2535 |
| 22472450 | BAM 2007-AR5 | Structured Asset Mortgage Investments II Trust 2007-AR5 | 414260131 | 8136 | | HENDERSON | DR | | | RICHMOND | 94806 | 2771 |
| 22534283 | BAM 2007-AR5 | Structured Asset Mortgage Investments II Trust 2007-AR5 | 506051070 | 128 | | CREST | AVE | | | RICHMOND | 94801 | 4031 |
| 22598742 | LPMAC 2006-CH2 | J.P. Morgan Mortgage Acquisition Corp. 2006-CH2 | 524320016 | 507 | | 9TH | ST | | | RICHMOND | 94801 | 2715 |
| 22828696 | LPMAC 2007-CH5 | J.P. Morgan Mortgage Acquisition Trust 2007-CH5 | 414210098 | 4027 | | MINUET | DR | | | RICHMOND | 94803 | 2738 |
| 24322027 | CHLT 2006-AR1 | Citigroup Mortgage Loan Trust 2006-AR1 | 500905333 | 506 | | SEA VIEW | DR | | | POINT RICHM | 94801 | 4130 |
| 23016120 | CHLT 2006-AR1 | Citigroup Mortgage Loan Trust 2006-AR1 | 527150132 | 7723 | | LOWELL | AVE | | | RICHMOND | 94804 | 1079 |
| 23016071 | CHLT 2007-AR8 | Citigroup Mortgage Loan Trust 2007-AR8 | 431840070 | 4623 | | ROBERT | WAY | | | RICHMOND | 94803 | 2433 |
| 26160126 | BAM 2007-AR5 | Structured Asset Mortgage Investments II Trust 2007-AR5 | 507170248 | 5600 | | SUTTER | AVE | | | RICHMOND | 94804 | 6281 |
| 30441836 | LBMLT 2005-WL1 | Long Beach Mortgage Loan Trust 2005-WL1 | 414034037 | 3040 | | SHANE | DR | | | RICHMOND | 94805 | 2626 |
| 30517858 | LBMLT 2005-WL1 | Long Beach Mortgage Loan Trust 2005-WL1 | #N/A | #N/A | #N/A | #N/A | #N/A | | | RICHMOND | #N/A | #N/A |
| 31084827 | BCAP 2007-AA1 | Barclays Capital Inc. BCAP LLC Trust 2007-AA1 | 431450005 | 3333 | | HIDDEN SPRINGS | CT | | | RICHMOND | 94803 | 2146 |
| 31221435 | LMT 2005-3 | Lehman Mortgage Trust 2005-3 | 405581026 | 2514 | | HOMESTEAD | CIR | | | RICHMOND | 94806 | 5249 |
| 31768128 | LXS 2005-8 | Lehman XS Trust 2005-8 | 543510004 | 1112 | | CHANSLOR | AVE | | | RICHMOND | 94801 | 3546 |
| 33029117 | AHM 2007-1 | American Home Mortgage Investment Trust 2007-1 | 431351008 | 5668 | | MAY | WAY | | | RICHMOND | 94803 | 2020 |
| 33041200 | AHM 2007-1 | American Home Mortgage Investment Trust 2007-1 | | | | | RD | | | RICHMOND | | |
| 35500981 | CML 2003-5 | Countrywide ABS 2003-05 | 425000277 | 969 | | PARKSIDE | DR | | | RICHMOND | 94803 | 1239 |

Exhibit C

| Loanid | Bloomberg/DealName | Lender/DealName | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36874141 | CVM-L 2004-7 | Countrywide MBS 2004-7 | 405640064 | 882 | | MULBERRY | CT | | | RICHMOND | 94805 | 6114 |
| 40220045 | MHL 2005-3 | Mortgage IT Trust 2005-3 | 520926201S | 729 | | 22ND | ST | | | RICHMOND | 94801 | 3371 |
| 40282716 | LXS 2007-7N | Lehman XS Trust 2007-7N | 414141107S | 2849 | | GONZAGA | AVE | | | RICHMOND | 94806 | 3113 |
| 40072465 | SARM 2007-8 | Structured Adjustable Rate Mortgage Loan Trust 2007-8 | 560920138S | 4 | | SANDPOINT | DR | | | RICHMOND | 94804 | 4524 |
| 41066963 | WFMBS 2004-Y | Wells Fargo Mortgage Backed Securities 2004-Y | 405610021 | 3337 | | PARK RIDGE | DR | | | RICHMOND | 94806 | 5817 |
| 40714135 | LXS 2007-15N | Lehman XS Trust 2007-15N | 526011003 | 3409 | | TULARE | AVE | | | RICHMOND | 94804 | 1153 |
| 47377925 | BSABS 2005-SD4 | Bear Stearns Asset Backed Securities Trust 2005-SD4 | 524300102 | 725 | | 52ND | ST | | | RICHMOND | 94804 | 1409 |
| 48897894 | WFHBS 2006-AR2 | Wells Fargo Mortgage Backed Securities 2006-AR2 | 560950078S | 205 | | SEAPOINT | PL | | | RICHMOND | 94801 | 4137 |
| 48988057 | HVMLT 2007-3 | HarborView Mortgage Loan Trust 2007-3 | 405610024 | 3846 | | PARK RIDGE | DR | | | RICHMOND | 94806 | 5818 |
| 50048625 | SAST 2006-3 | Saxon Asset Securities Trust 2006-3 | #N/A | #N/A | #N/A | #N/A | #N/A | | #N/A | RICHMOND | #N/A | #N/A |
| 51095723 | WFHBS 2005-AR14 | Wells Fargo Mortgage Backed Securities 2005-AR14 | 405900046 | 2930 | | LONGVIEW | DR | | | RICHMOND | 94806 | 5243 |
| 51046541 | MLMI 2005-A9 | Merrill Lynch Mortgage Investors Inc 2005-A9 | 560920027 | 74 | | MARINA LAKES | DR | | | RICHMOND | 94804 | 7449 |
| 53118604 | WFMBS 2005-AR1 | Wells Fargo Mortgage Backed Securities 2005-AR1 | 560920038 | 907 | | SEA VIEW | DR | | | POINT RICHMOND | 94801 | 4129 |
| 54848922 | FHAMS 2005-FA9 | First Horizon Mortgage Pass-Through Trust 2005-FA9 | 506340018 | 8010 | | WENK | DR | | | RICHMOND | 94804 | 5058 |
| 56513972 | COMFC 2005-CA | Chevy Chase (CC) Funding 2005-CA | 517300078 | 1921 | | BISSELL | AVE | | | RICHMOND | 94805 | 2256 |
| 56501705 | COMFC 2005-2A | Chevy Chase (CC) Funding 2005-2 | 527010108 | 3328 | | EMERIC | AVE | | | RICHMOND | 94805 | 4604 |
| 65501735 | ARSI 2004-W8 | Argent Securities Inc 2004-W8 | 405340019 | 3540 | | RIDGEWOOD | WAY | | | RICHMOND | 94806 | 1978 |
| 40460027 | FHAMS 2005-FA4 | First Horizon Mortgage Securities Trust 2005-FA4 | 528110021 | 2924 | | LINCOLN | AVE | | | RICHMOND | 94804 | 1207 |
| 37607063 | FHAMS 2005-AA4 | First Horizon Alternative Mortgage Securities Trust 2005-AA4 | 506340272 | 912 | | SEAVIEW | DR | | | POINT RICHMOND | 94801 | 4161 |
| 37907083 | WFHBS 2006-AR2 | Wells Fargo Mortgage Backed Securities 2006-AR2 | 560900145S | 146 | | MARINA LAKES | DR | | | RICHMOND | 94804 | 7452 |
| 60017207 | WFHBS 2006-AR2 | Wells Fargo Mortgage Backed Securities 2006-AR2 | 560900015S | 140 | | MARINA LAKES | DR | | | RICHMOND | 94804 | 7458 |
| 58640680 | SAMI 2004-AR5 | Structured Asset Mortgage Investments Inc 2004-AR5 | 527030023 | 2284 | | BUSH | AVE | | | RICHMOND | 94805 | 4850 |
| 58193470 | CWALT 2004-1472 | Countrywide ALT 2004-1472 | 516110022 | 877 | | 37TH | ST | | | RICHMOND | 94805 | 1778 |
| 58226305 | ABSHE 2004-HE10 | Asset Backed Securities Corporation Home Equity Loan Trust 2004-HE10 | 534712017S | 947 | | 9TH | ST | | | RICHMOND | 94801 | 2211 |
| 58936857 | WFHBS 2006-AR2 | Wells Fargo Mortgage Backed Securities 2006-AR2 | 560900288 | 10 | | BAYSIDE | CT | | | RICHMOND | 94804 | 7441 |
| 38447981 | WFHBS 2006-AR2 | Wells Fargo Mortgage Backed Securities 2006-AR2 | 560960333 | 188 | | BAYSIDE | CT | | | RICHMOND | 94804 | 7480 |
| 50492244 | HASC 2007-HE1 | HSI Asset Securitization Corporation Trust 2007-HE1 | 405660026 | 1098 | | HERITAGE | CT | | | RICHMOND | 94806 | 9547 |
| 51072910 | BAFC 2006-G | Banc of America Funding Corporation 2006-G | 522081010 | 5300 | | ESMOND | AVE | | | RICHMOND | 94805 | 1430 |
| 51072611 | WFMBS 2006-AR19 | Wells Fargo Mortgage Backed Securities 2006-AR19 | 560950027S | 101 | | SEAVIEW | CT | | | RICHMOND | 94801 | 4165 |
| 52000659 | PPS 2004-WWF1 | Park Place Securities Inc 2004-WWF1 | 556160204 | | | SANTA FE | AVE | | | PT RICHMOND | 94801 | 0 |
| 52188057 | CWALT 2004-2071 | Countrywide ALT 2004-2071 | 526010247 | 1078 | | MCLAUGHLIN | ST | | | RICHMOND | 94805 | 1044 |
| 52501425 | PPS 2004-WHQ2 | Park Place Securities Inc 2004-WHQ2 | 513010133 | 3741 | | WALLER | AVE | | | RICHMOND | 94804 | 3328 |
| 54329313 | CVM_L 2004-ECC1 | Countrywide ABS 2004-ECC1 | 513304067 | 4011 | | TAFT | AVE | | | RICHMOND | 94804 | 3483 |
| 54889821 | CVM_L 2004-14 | Countrywide ABS 2004-14 | 534020010 | 629 | | 10TH | ST | | | RICHMOND | 94801 | 2281 |
| 60002699 | MSAC 2006-HE7 | Morgan Stanley ABS Capital I Trust 2006-HE7 | 432161043A | 5567 | | DEER RUN | DR | | | EL SOBRANT | 94803 | 3871 |
| 73115227 | MSAC 2006-HE7 | Morgan Stanley ABS Capital I Trust 2006-HE7 | 414202004 | 8042 | | COLETTE | DR | | | RICHMOND | 94806 | 2713 |
| 73280445 | WFHBS 2007-AR9 | Wells Fargo Mortgage Backed Securities 2007-AR9 | 560700020 | 1910 | | NORTHSHORE | DR | | | RICHMOND | 94804 | 2574 |
| 77224244 | CWALT 2005-3CB | Countrywide ALT 2005-3CB | 560700210 | 2811 | | HUMPHREY | AVE | | | RICHMOND | 94804 | 1117 |
| 78675444 | HVMLT 2005-2 | HarborView Mortgage Loan Trust 2005-2 | 526240210 | 2208 | | SHELDON | DR | | | RICHMOND | 94803 | 2315 |
| 80339183 | CWM_L 2005-9 | Countrywide ABS 2005-9 | 431151033 | 713 | | LEGENDS | PL | | | RICHMOND | 94806 | 1699 |
| 80081155 | PPS 2005-WHC4 | Park Place Securities Inc 2005-WHC4 | 405080334 | | | ESMOND | AVE | | | RICHMOND | 94805 | 1384 |
| 81840302 | CVM_L 2004-BC4 | Countrywide ABS 2004-BC4 | 528190001S | 2800 | | ROCK ROSE | WAY | | | RICHMOND | 94806 | 1894 |
| 82011126 | PPS 2005-WHC4 | Park Place Securities Inc 2005-WHC4 | 405000037 | 757 | | MCKENZIE | DR | | | RICHMOND | 94806 | 2613 |
| 82470875 | MARM 2004-14 | MASTR Adjustable Rate Mortgage Trust 2004-14 | 414020059 | 2044 | 9 | MCKENZIE | DR | | | RICHMOND | 94806 | 3331 |
| 83556500 | ARSI 2005-W2 | Argent Securities Inc 2005-W2 | 519140019 | 962 | | 39TH | ST | | | RICHMOND | 94804 | 2916 |
| 84159714 | MARM 2004-14 | MASTR Adjustable Rate Mortgages Trust 2004-14 | 483420147 | 8125 | | RAIN CLOUD | DR | | | RICHMOND | 94803 | 2713 |
| 84028003 | HVMLT 2005-1 | HarborView Mortgage Loan Trust 2005-1 | 414202007 | 8014 | | COLETTE | DR | | | RICHMOND | 94806 | 6031 |
| 85133035 | | | 510104010S | 2715 | | SAN MATEO | ST | | | RICHMOND | 94804 | |

Exhibit C

| Loanid | BloombergDealName | LenderDealName | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plan 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 90900827 | GPMF 2005-AR3 | GreenPoint MTA Trust 2005-AR3 | 5134050480 | 4800 | | BELL | CT | | | RICHMOND | 94804 | 4310 |
| 90891347 | GPMF 2005-AR4 | GreenPoint Mortgage Funding Trust 2005-AR4 | 5404500079 | 487 | | METRO WALK | WAY | | | RICHMOND | 94801 | 3228 |
| 96969873 | MLM 2005-A8 | Merrill Lynch Mortgage Investors Inc. 2005-A8 | 5094210276 | 1321 | S | 57TH | ST | | | RICHMOND | 94804 | 4812 |
| 97036919 | CWL 2005-3 | Countrywide ABS 2005-03 | 5605000353 | 314 | | COMMODORE | DR | | | RICHMOND | 94804 | 7418 |
| 97036956 | GPMF 2005-AR5 | GreenPoint MTA Trust 2005-AR5 | 5062500008 | 3008 | | HUMPHREY | AVE | | | RICHMOND | 94804 | 11165 |
| 97040206 | DBALT 2005-5 | Deutsche Alt-A Securities Mortgage Loan Trust 2005-5 | 5941710142 | 619 | | 11TH | ST | | | RICHMOND | 94801 | 2721 |
| 89730704 | GPMF 2005-AR3 | GreenPoint MTA Trust 2005-AR3 | 5131410096 | 360 | S | 38TH | ST | | | RICHMOND | 94804 | 3255 |
| 90686918 | LBML1 2005-WL2 | Long Beach Mortgage Loan Trust 2005-WL2 | 5365000303 | 123 | | 4TH | ST | | | RICHMOND | 94801 | 3556 |
| 96714502 | CWALT 2005-18 | Countrywide ALT 2005-18 | 5171500014 | 485 | | 44TH | ST | | | RICHMOND | 94805 | 2239 |
| 90409660 | CWALT 2005-11CB | Countrywide ALT 2005-11CB | 5130350118 | 3014 | | CENTER | AVE | | | RICHMOND | 94804 | 3083 |
| 90810359 | MLM 2006-AR1 | Merrill Lynch Mortgage Investors Inc. 2006-AR1 | 4281910305 | 108 | | PARK | LN | | | RICHMOND | 94803 | 1222 |
| 91506016 | CWALT 2005-11CB | Countrywide ALT 2005-11CB | 5150500346 | 687 | | 27TH | ST | | | RICHMOND | 94804 | 1505 |
| 91606817 | CWL 2005-4 | Countrywide ABS 2005-04 | 5131540079 | 319 | S | 38TH | ST | | | RICHMOND | 94804 | 3228 |
| 91700082 | CWALT 2005-20CB | Countrywide ALT 2005-20CB | 4311310108 | 2816 | | SHELDON | DR | | | RICHMOND | 94803 | 2317 |
| 92008635 | CWALT 2005-11CB | Countrywide ALT 2005-11CB | 5404080073 | 228 | S | 20TH | ST | | | RICHMOND | 94804 | 2710 |
| 92615126 | CWALT 2005-27 | Countrywide ALT 2005-27 | 5270020046 | 1524 | | HAYES | ST | | | RICHMOND | 94806 | 4809 |
| 93487050 | ARS 2005-W4 | Argent Securities Trust 2005-W4 | 5340230282 | 640 | | 7TH | ST | | | RICHMOND | 94801 | 2218 |
| 96513239 | ARS 2005-M2 | Argent Securities Trust 2005-M2 | 4534150023 | 706 | | DEVILS DROP | CT | | | RICHMOND | 94803 | 2843 |
| 102971413 | BALTA 2005-7 | Bear Stearns Alt-A Trust 2005-9 | 5606540549 | 207 | | BAYSIDE | CT | | | RICHMOND | 94804 | 7481 |
| 103115713 | HVMLT 2005-16 | HarborView Mortgage Loan Trust 2005-16 | 4353100288 | 5480 | | LENORA | RD | | | RICHMOND | 94803 | 3485 |
| 103145319 | RAMC 2005-3 | Renaissance Mortgage Acceptance Corp. 2005-3 | 5132090099 | 5005 | | STATE | AVE | | | RICHMOND | 94804 | 4591 |
| 103109871 | CWALT 2006-OA1 | Countrywide ALT 2006-OA1 | 5440520046 | 228 | S | 18TH | ST | | | RICHMOND | 94804 | 2626 |
| 104540177 | CWALT 2005-62 | Countrywide ALT 2005-62 | 5542730033 | 517 | | 2ND | ST | | | RICHMOND | 94801 | 2603 |
| 105226079 | CWALT 2005-63 | Countrywide ALT 2005-63 | 5133060097 | 6000 | | FRAY | AVE | | | RICHMOND | 94804 | 4375 |
| 105106729 | CWALT 2005-58 | Countrywide ALT 2005-58 | 4055020042 | 5770 | | NORTHRIDGE | DR | | | RICHMOND | 94806 | 5299 |
| 107226842 | CWALT 2005-76 | Countrywide ALT 2005-76 | 5162251008 | 473 | | MOUNT | ST | | | RICHMOND | 94805 | 2405 |
| 109680620 | SAMI 2006-AR3 | Structured Asset Mortgage Investments II Trust 2005-AR8 | 5606010104 | 2500 | | BEACH HEAD | WAY | | | RICHMOND | 94804 | 7477 |
| 107309168 | GSR 2005-5F | GSR Mortgage Loan Trust 2005-5F | 4321120001 | 5051 | | BLACKBOARD | WAY | | | RICHMOND | 94803 | 3807 |
| 107965965 | BALTA 2005-7 | Bear Stearns Alt-A Trust 2005-7 | 4311540281 | 4694 | | FRAN | WAY | | | RICHMOND | 94803 | 2428 |
| 109669390 | LUM 2005-1 | Luminent Mortgage Loan Trust 2005-1 | 5060500337 | 202 | | SEAVIEW | DR | | | RICHMOND | 94801 | 4190 |
| 110167196 | SAIL 2005-BC13 | Structured Asset Investment Loan Trust 2005-BC13 | 5061082018 | 307 | S | 6TH | ST | | | RICHMOND | 94804 | 2213 |
| 110351421 | CWALT 2005-A3 | Countrywide ALT 2005-A3 | 5182800019 | 915 | | 35TH | ST | | | RICHMOND | 94805 | 1755 |
| 110900027 | HVMLT 2005-15 | HarborView Mortgage Loan Trust 2005-15 | 5193740277 | 117 | S | 36TH | ST | | | RICHMOND | 94804 | 3512 |
| 110460012 | ACE 2005-HE4 | ACE Securities Corp. Home Equity Loan Trust 2005-HE4 | 4321500190 | 5128 | | CARRANGE | DR | | | RICHMOND | 94803 | 3851 |
| 110496866 | ACE 2005-HE4 | ACE Securities Corp. Home Equity Loan Trust 2005-HE4 | 5440200203 | 198 | S | 22ND | ST | | | RICHMOND | 94804 | 2781 |
| 110521817 | ACE 2005-HE5 | ACE Securities Corp. Home Equity Loan Trust 2005-HE5 | 5154110158 | 112 | | 26TH | ST | | | RICHMOND | 94804 | 1902 |
| 110918486 | DBALT 2005-5 | Deutsche Alt-A Securities Mortgage Loan Trust 2005-5 | 4055600053 | 1028 | | LANDMARK | CT | | | RICHMOND | 94806 | 3845 |
| 111057706 | ACE 2006-NC1 | ACE Securities Corp. Home Equity Loan Trust 2006-NC1 | 4053000344 | 3391 | | SOUTHRIDGE | DR | | | RICHMOND | 94806 | 5245 |
| 111069062 | SAIL 2004-3 | Structured Asset Investment Loan Trust (SAIL) 2004-3 | 5440610098 | 218 | S | 19TH | ST | | | RICHMOND | 94804 | 2898 |
| 111666975 | CWALT 2005-58 | Countrywide ALT 2005-58 | 4511020295 | 2612 | | CINDY | CT | | | RICHMOND | 94803 | 3230 |
| 111621465 | CWL 2005-4B4 | Countrywide ABS 2005-4B4 | 4312510086 | 4628 | | SWEETWOOD | DR | | | RICHMOND | 94803 | 2825 |
| 112071955 | CWL 2005-4B4 | Countrywide ABS 2005-4B4 | 5340202023 | 701 | | 6TH | ST | APT | 4 | RICHMOND | 94801 | 2270 |
| 112410953 | DBALT 2006-AR6 | Deutsche Alt-A Securities Mortgage Loan Trust 2006-AR6 | 4056500306 | 5501 | | VISTA | CT | | | RICHMOND | 94806 | 5860 |
| 112780006 | ACE 2006-NC3 | ACE Securities Corp. Home Equity Loan Trust 2006-NC3 | 5611910422 | 434 | | ALAMO | AVE | | | RICHMOND | 94801 | 1830 |
| 112776914 | CWALT 2005-71 | Countrywide ALT 2005-71 | 5282000118 | 723 | | 30TH | ST | | | RICHMOND | 94804 | 1405 |
| 113255066 | DBALT 2007-BAR1 | Deutsche Alt-A Securities Mortgage Loan Trust 2007-BAR1 | 5240100282 | 970 | | WILSON | AVE | | | RICHMOND | 94805 | 1351 |
| 113404699 | ACE 2006-NC3 | ACE Securities Corp. Home Equity Loan Trust 2006-NC3 | 5131310085 | 420 | S | 41ST | ST | | | RICHMOND | 94804 | 3338 |
| 113624199 | DBALT 2006-AR6 | Deutsche Alt-A Securities Mortgage Loan Trust 2006-AR6 | 5442220067 | 619 | S | 21ST | ST | | 426 | RICHMOND | 94804 | 3615 |

Exhibit C

| LoanId | BloombergDealName | LeveledDealName | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11383624 | DBALT 2007-AR1 | Deutsche Alt-A Securities Mortgage Loan Trust 2007-AR1 | 5180100157 | 708 | | 96TH | ST | | | RICHMOND | 94805 | 1716 |
| 11409154 | ACE 2007-WM2 | ACE Securities Corp. Home Equity Loan Trust 2007-WM2 | 5440910005 | 247 | S | 18TH | ST | | | RICHMOND | 94804 | 2625 |
| 11201666 | SAIL 2005-2 | Structured Asset Investment Loan Trust (SAIL) 2005-2 | 5171400014 | 4219 | | NEVIN | AVE | | | RICHMOND | 94805 | 2341 |
| 11235813 | DBALT 2007-AR2 | Deutsche Alt-A Securities Mortgage Loan Trust 2007-AR2 | 4281500707 | 1043 | | TRAILSIDE | DR | | | EL SOBRANTE | 94803 | 3898 |
| 11439863 | SABC 2006-NC1 | Structured Asset Securities Corp 2006-NC1 | 5180600734 | 5530 | | ROOSEVELT | AVE | | | RICHMOND | 94805 | 2159 |
| 11455683 | DBALT 2007-AR3 | Deutsche Alt-A Securities Mortgage Loan Trust 2007-AR3 | 5180700044 | 5520 | | ROOSEVELT | AVE | | | RICHMOND | 94805 | 3565 |
| 11473141 | DBALT 2007-OA3 | Deutsche Alt-A Securities Mortgage Loan Trust 2007-OA3 | 4304600006 | 5008 | | KIPLING | DR | | | RICHMOND | 94803 | 1722 |
| 11450063 | CVWL1 2006-62 | Countrywide ALT 2006-62 | 5242700363 | 3423 | | CLINTON | AVE | | | RICHMOND | 94801 | 2327 |
| 11486030 | CVWL1 2006-51 | Countrywide ALT 2006-51 | 5302600163 | 1363 | | LINCOLN | AVE | | | RICHMOND | 94805 | 2090 |
| 11517487 | DBALT 2007-AR3 | Deutsche Alt-A Securities Mortgage Loan Trust 2007-AR3 | 4056601318 | 1210 | | SUMMER | LN | | | RICHMOND | 94806 | 5561 |
| 11540461 | DBALT 2007-1 | Deutsche Alt-A Securities Mortgage Loan Trust 2007-1 | 4056700028 | 5777 | | OAKMONT | DR | | | RICHMOND | 94806 | 1546 |
| 11552254 | SARM 2005-9 | Structured Adjustable Rate Mortgage Loan Trust 2005-9 | 5230620062 | 711 | | KERN | ST | | | RICHMOND | 94806 | 5951 |
| 11590902 | GSR 2006-2F | GSR Mortgage Loan Trust 2006-2F | 4056700125 | 5717 | | OAKMONT | DR | | | RICHMOND | 94801 | 4204 |
| 11577159 | CVM 2005-AB5 | Countrywide ABS 2005-AB5 | 5922500073 | 1914 | | HELLINGS | AVE | | | RICHMOND | 94806 | 5951 |
| 11590934 | BAFC 2006-A | Bank of America Funding Corporation 2005-A | 4056700091 | 5729 | | OAKMONT | DR | | | RICHMOND | 94806 | 3219 |
| 11634608 | CVWL1 2006-OA1 | Countrywide ALT 2006-OA1 | 4362230224 | 21 | | PYRAMID | DR | | | RICHMOND | 94806 | 5271 |
| 11637834 | SAIL 2006-7 | Structured Asset Investment Loan Trust (SAIL) 2006-7 | 4056200013 | 3794 | | NORTHRIDGE | DR | | | RICHMOND | 94803 | 2420 |
| 11724721 | SARM 2005-18 | Structured Adjustable Rate Mortgage Loan Trust 2005-18 | 4311620058 | 3108 | | SHELDON | DR | | | RICHMOND | 94806 | 2123 |
| 11724871 | SARM 2005-19XS | Structured Adjustable Rate Mortgage Loan Trust 2005-19XS | 4313810090 | 3867 | | BLACK FEATHER | DR | | | RICHMOND | 94803 | 1735 |
| 11752680 | CVWL1 2006-OA2 | Countrywide ALT 2006-OA2 | 4056400404 | 3616 | | SELMI | GRV | | 135 | SAN PABLO | 94806 | 7452 |
| 11776427 | L29 2005-5N | Lehman X5 Trust 2005-5N | 5060601364 | 139 | | MARINA LAKES | DR | | | RICHMOND | 94804 | 6836 |
| 11794469 | SARM 2005-22 | Structured Adjustable Rate Mortgage Loan Trust 2005-22 | 4056500194 | 1071 | | NEWCASTLE | CT | | | RICHMOND | 94801 | 2550 |
| 11804065 | L29 2005-7N | Lehman X5 Trust 2005-7N | 4362100332 | 6425 | | SADDLEBACK | DR | | | RICHMOND | 94806 | 3962 |
| 11826087 | FFML 2006-FF2 | First Franklin Mortgage Loan Trust 2006-FF2 | 5003100050 | 1834 | | VISALIA | AVE | | | RICHMOND | 94801 | 3423 |
| 11824510 | L29 2005-23 | Structured Adjustable Rate Mortgage Loan Trust 2005-23 | 4056000003 | 1004 | | WAVERLY | ST | | | RICHMOND | 94806 | 3844 |
| 11829867 | HVML1 2005-4 | HarborView Mortgage Loan Trust 2005-4 | 5130350135 | 119 | S | 42ND | ST | | | RICHMOND | 94804 | 3233 |
| 11849665 | L29 2005-9N | Lehman X5 Trust 2005-9N | 5191520222 | 345 | S | 37TH | ST | | | RICHMOND | 94804 | 1546 |
| 11902011 | L29 2005-4N | Lehman X5 Trust 2005-4N | 5180000059 | 3128 | | ROOSEVELT | AVE | | | RICHMOND | 94804 | 1546 |
| 11952461 | SASC 2005-NC1 | Structured Asset Securities Corp. 2005-NC1 | 4141610063 | 2724 | | MASWALL | DR | | | RICHMOND | 94806 | 2748 |
| 11970252 | L29 2005-4N | Lehman X5 Trust 2005-4N | 4312650465 | 6046 | | ESCALON | CIR | | | RICHMOND | 94803 | 2056 |
| 11964011 | SASC 2005-NC1 | Structured Asset Securities Corp. 2005-NC1 | 4053600385 | 5970 | | LONGVIEW | CT | | | RICHMOND | 94806 | 6242 |
| 12015100 | SAIL 2005-3 | Structured Asset Investment Loan Trust (SAIL) 2005-3 | 5260110076 | 3425 | | TULARE | AVE | | | RICHMOND | 94804 | 1193 |
| 12045708 | L29 2005-GP3 | Lehman X5 Trust 2005-GP3 | 4053420032 | 9520 | | RIDGEWOOD | WAY | | | SAN PABLO | 94806 | 1978 |
| 12046633 | CVWL1 2006-HY10 | Countrywide ALT 2006-HY10 | 4056000187 | 3325 | | PARK RIDGE | DR | | | RICHMOND | 94806 | 9517 |
| 12057316 | INOX 2005-AR1 | IndyMac INDX Mortgage Loan Trust 2005-AR1 | 5180600281 | 695 | | AMADOR | ST | | | RICHMOND | 94805 | 1957 |
| 12080012 | SASC 2006-WF2 | Structured Asset Securities Corp. 2006-WF2 | 5070700215 | 11826 | | SAN BENITO | ST | | | RICHMOND | 94804 | 5331 |
| 12097373 | NHEL 2007-1 | Nomura Home Equity Loan Trust 2007-1 | 4147220007 | 2743 | | CARDIFF | CT | | | RICHMOND | 94806 | 2856 |
| 12097066 | INOX 2005-AR8 | IndyMac INDX Mortgage Loan Trust 2005-AR8 | 5009200114 | 5206 | | SCHOOL | AVE | | | RICHMOND | 94804 | 4449 |
| 12102080 | CVM1 2005-31 | Countrywide MBS 2005-31 | 4056000223 | 3317 | | PARK RIDGE | DR | | | RICHMOND | 94806 | 5517 |
| 12118079 | INOX 2005-AR12 | IndyMac INDX Mortgage Loan Trust 2005-AR12 | 5342600008 | 542 | | 3RD | ST | | | RICHMOND | 94801 | 2808 |
| 12131202 | SARM 2006-BNC3 | Structured Asset Securities (SAIL) 2006-BNC3 | 4053000559 | 2860 | | LONGVIEW | DR | | | SAN PABLO | 94806 | 5243 |
| 12140496 | INOX 2005-AR13 | IndyMac INDX Mortgage Loan Trust 2005-AR13 | 5605000140 | 112 | | BAY HARBOR | ST | | | RICHMOND | 94804 | 7485 |
| 12144678 | INOX 2005-AR14 | IndyMac INDX Mortgage Loan Trust 2005-AR14 | 4333910204 | 5977 | | HEAVENLY RIDGE | LN | | | RICHMOND | 94803 | 2828 |
| 12146662 | CVWL1 2005-17 | Countrywide ABS 2005-17 | 4142101053 | 6070 | | MOZART | DR | | | EL SOBRANTE | 94803 | 2748 |
| 12156271 | CVWL1 2005-78 | Countrywide ALT 2005-78 | 5154000048 | 4526 | | BELL | CT | | | RICHMOND | 94804 | 4310 |
| 12175505 | SASC 2006-WF3 | Structured Asset Securities Corp. 2006-WF3 | 5130740000 | 3724 | | OHIO | AVE | | | RICHMOND | 94804 | 3326 |
| 12183477 | FFML 2006-FF14 | First Franklin Mortgage Loan Trust 2006-FF14 | 5135160431 | 4852 | | OVEREND | AVE | | | RICHMOND | 94804 | 3441 |
| 12304007 | L29 2005-15N | Lehman X5 Trust 2005-15N | 4512330594 | 5057 | | ESCALON | CIR | | | RICHMOND | 94803 | 2055 |

Exhibit C

| LoanId | BloombergDealName | Lender/DealName | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 122085351 | LXS 2006-16N | Lehman XS Trust 2006-16N | 414242187 | 2967 | | OXFORD | AVE | | | RICHMOND | 94806 | 2956 |
| 122074631 | INDX 2005-AR25 | IndyMac INDX Mortgage Loan Trust 2005-AR25 | 813240477 | 609 | S | 49TH | ST | | | RICHMOND | 94804 | 4329 |
| 122066677 | BAFC 2006-D | Banc of America Funding Corporation 2006-D | 405292005A | 2295 | | BRISTLECONE | DR | | | RICHMOND | 94803 | 3560 |
| 122061781 | GPMF 2006-AR6 | GreenPoint Mortgage Funding Trust 2006-AR6 | 517020033 | 547 | | 39TH | ST | | | RICHMOND | 94805 | 1915 |
| 122057417 | BASC 2006-BC2 | Structured Asset Securities Corp. 2006-BC2 | 553070160 | 425 | | NEVIN | AVE | | | RICHMOND | 94801 | 3016 |
| 122052574 | GPMF 2006-AR7 | GreenPoint Mortgage Funding Trust 2006-AR7 | 502000033 | 3050 | | MORAN | AVE | | | RICHMOND | 94804 | 1140 |
| 122049953 | CWL 2006-3 | Countrywide ABS 2006-03 | 408010028 | 4400 | | JENKINS | WAY | | | RICHMOND | 94806 | 1742 |
| 122035248 | INDX 2006-AR8 | IndyMac INDX Mortgage Loan Trust 2006-AR8 | 519180023 | 255 | S | 45TH | ST | | | RICHMOND | 94804 | 3412 |
| 122029143 | BASC 2007-BC1 | Structured Asset Securities Corp. 2007-BC1 | 519210781 | 418 | | KEY | BLVD | | | RICHMOND | 94805 | 2428 |
| 122028650 | LXS 2007-4N | Lehman XS Trust 2007-4N | 508350076 | 949 | S | 4TH | ST | | | RICHMOND | 94804 | 4424 |
| 122025372 | LXS 2007-4N | Lehman XS Trust 2007-4N | 507050037 | 1701 | | MENDOCINO | ST | | | RICHMOND | 94804 | 5314 |
| 122047577 | LXS 2002-2N | Lehman XS Trust 2002-2N | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 122050761 | GPMF 2007-AR1 | Greenpoint Mortgage Funding Trust 2007-AR1 | 528540048 | 722 | | VENTURA | ST | | | RICHMOND | 94805 | 1451 |
| 122440081 | HVMLT 2006-1 | HarborView Mortgage Loan Trust 2006-1 | 901210006 | 5223 | | MACDONALD | AVE | | | RICHMOND | 94805 | 2433 |
| 122569651 | BNCMT 2007-1 | BNC Mortgage Loan Trust 2007-1 | 528070133 | 1031 | | BARRETT | ST | | | RICHMOND | 94801 | 1219 |
| 122656060 | INDX 2006-AR2 | IndyMac INDX Mortgage Loan Trust 2006-AR2 | 517070107 | 4315 | | BARRETT | AVE | | | RICHMOND | 94805 | 2355 |
| 122002815 | LXS 2007-4N | Lehman XS Trust 2007-4N | 540042020 | 2609 | | VIRGINIA | AVE | | | RICHMOND | 94804 | 2809 |
| 122057834 | BNCMT 2007-2 | BNC Mortgage Loan Trust 2007-2 | 420172082 | 5341 | | COACH | DR | | | RICHMOND | 94803 | 3567 |
| 122061080 | BNCMT 2007-2 | BNC Mortgage Loan Trust 2007-2 | 529072145 | 5457 | | SOLANO | AVE | | | RICHMOND | 94805 | 1529 |
| 122062622 | BNCMT 2007-2 | BNC Mortgage Loan Trust 2007-2 | 549081040 | 401 | S | 26TH | ST | | | RICHMOND | 94804 | 2839 |
| 122033708 | BNCMT 2007-2 | BNC Mortgage Loan Trust 2007-2 | 414032098 | 3085 | | BARKLEY | AVE | | | RICHMOND | 94806 | 2959 |
| 124043078 | BASC 2007-BC3 | Structured Asset Securities Corp. 2007-BC3 | 526000002 | 3434 | | RHEEM | AVE | | | RICHMOND | 94804 | 1140 |
| 124112018 | SASC 2007-WF2 | Structured Asset Securities Corp. 2007-WF2 | 501020102 | 5212 | | MACDONALD | AVE | | | RICHMOND | 94805 | 2434 |
| 124276247 | SASC 2007-BC3 | Structured Asset Securities Corp. 2007-BC3 | 558400015 | 124 | | MARTINA | ST | | | RICHMOND | 94801 | 3563 |
| 124364925 | SASC 2007-WF2 | Structured Asset Securities Corp. 2007-WF2 | 432181027 | 5407 | | DEER RUN | DR | | | RICHMOND | 94803 | 3060 |
| 124390811 | BCAP 2006-AA2 | Barclays Capital Inc. BCAP LLC TRUST 2006-AA2 | 431210077 | 4428 | | SWEETWOOD | DR | | | RICHMOND | 94803 | 2523 |
| 124426478 | INDX 2006-AR3 | IndyMac INDX Mortgage Loan Trust 2006-AR3 | 529150005 | 785 | | 22ND | ST | | | RICHMOND | 94801 | 3326 |
| 124471431 | INDX 2007-FLX1 | IndyMac INDX Mortgage Loan Trust 2007-FLX1 | 405000070 | 3259 | | SOUTHRIDGE | DR | | | RICHMOND | 94806 | 5244 |
| 124560447 | SASC 2007-BC4 | Structured Asset Securities Corp. 2007-BC4 | 526044023 | 770 | | VENTURA | ST | | | RICHMOND | 94805 | 1462 |
| 124687465 | BNCMT 2007-4 | BNC Mortgage Loan Trust 2007-4 | 414200220 | 4083 | | MOZART | DR | | | RICHMOND | 94803 | 2749 |
| 147226808 | LXS 2007-16N | Lehman XS Trust 2007-16N | 570700230 | 4350 | | ROOSEVELT | AVE | | | RICHMOND | 94805 | 1699 |
| 124785957 | SASC 2007-BNC1 | Structured Asset Securities Corp. 2007-BNC1 | 534540008 | 539 | | 11TH | ST | | | RICHMOND | 94801 | 2719 |
| 124825907 | INDX 2007-AR1 | IndyMac INDX Mortgage Loan Trust 2007-AR1 | 524000032 | 948 | | 30TH | ST | | | RICHMOND | 94804 | 1306 |
| 124933043 | BASC 2007-BC4 | Structured Asset Securities Corp. 2007-BC4 | 431191010B | 2918 | | SHELDON | DR | | | RICHMOND | 94803 | 2517 |
| 124446808 | LXS 2007-16N | Lehman XS Trust 2007-16N | 532650091 | 751 | | LASSEN | ST | | | RICHMOND | 94805 | 1444 |
| 124555354 | LXS 2007-16N | Lehman XS Trust 2007-16N | 538050020 | 422 | | 5TH | ST | | | RICHMOND | 94801 | 3006 |
| 124659555 | BNCMT 2007-4 | BNC Mortgage Loan Trust 2007-4 | 414070109 | 3116 | | JO ANN | DR | | | RICHMOND | 94806 | 2722 |
| 124905696 | SARM 2007-9 | Structured Adjustable Rate Mortgage Loan Trust 2007-9 | 453111008 | 4062 | | BLUFORD | WAY | | | RICHMOND | 94803 | 3803 |
| 124960972 | CWALT 2006-OC8 | Countrywide ALT 2006-OC8 | 519140017 | 980 | | CIVIC CENTER | ST | | | RICHMOND | 94804 | 1613 |
| 125018914 | INDX 2007-AR5 | IndyMac INDX Mortgage Loan Trust 2007-AR5 | 409480172 | 6208 | | AMEND | RD | | | RICHMOND | 94803 | 5500 |
| 125071709 | RAST 2007-A3 | Residential Asset Securities Trust (RAST) 2007-A3 | 532110037 | 121 | S | 8TH | ST | | | RICHMOND | 94804 | 2305 |
| 125196960 | CWHL 2006-HYB1 | Countrywide MBS 2006-HYB1 | 518010016 | 4620 | | CLINTON | AVE | | | RICHMOND | 94805 | 1418 |
| 125059392 | INDX 2007-AR5 | IndyMac INDX Mortgage Loan Trust 2007-AR5 | 409030024 | 5958 | | BARNARD | ST | | | RICHMOND | 94805 | 2708 |
| 125666526 | INDX 2007-AR6 | IndyMac INDX Mortgage Loan Trust 2007-AR6 | 405060024 | 2904 | | VISTA | DR | | | RICHMOND | 94806 | 5081 |
| 125778787 | INDX 2007-FLX6 | IndyMac INDX Mortgage Loan Trust 2007-FLX6 | 414173000 | 1401 | | PENNSYLVANIA | AVE | | | RICHMOND | 94801 | 2329 |
| 125802009 | INDX 2007-AR21 | IndyMac INDX Mortgage Loan Trust 2007-AR21IP | 532620183 | 2706 | | CENTER | AVE | | | RICHMOND | 94804 | 3021 |
| 122003696 | CWHL 2006-9 | Countrywide MBS 2006-9 | 560620340 | 89 | | SANDPOINT | DR | | | RICHMOND | 94804 | 4518 |
| 126658261 | CWL 2006-14 | Countrywide ABS 2006-14 | 515100006 | 909 | | 29TH | ST | | | RICHMOND | 94804 | 1521 |

Exhibit C

| LoanId | Bloomberg Deal Name | Lender/Deal Name | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 126172070 | CWALT 2005-OA12 | Countrywide ALT 2005-OA12 | 5404600070 | 328 | | MARINA | WAY | | | RICHMOND | 94801 | 3208 |
| 130008183 | BALTA 2005-7 | Bear Stearns Alt-A Trust 2005-7 | 4160720004 | 804 | | SONOMA | ST | | | RICHMOND | 94805 | 1123 |
| 130131104 | CWL 2005-18 | Countrywide MBS 2005-18 | 63542D175 | 1282 | | FASCINATION | CIR | | | RICHMOND | 94803 | 2051 |
| 130260480 | CWALT 2005-33CB | Countrywide ALT 2005-33CB | 5420100018 | 1102 | | CHANSLOR | AVE | | | RICHMOND | 94801 | 3546 |
| 130523444 | RESIF 2005-D | RESI Finance Limited Partnership 2005-D | 4036500025 | 3608 | | PARK RIDGE | DR | | | RICHMOND | 94806 | 6101 |
| 130083653 | CSFB 2005-AR26 | CS First Boston Mortgage Securities Corp. - 2005-AR26 | 52N1100013 | 5108 | | BLVD GARVIN | AVE | | | RICHMOND | 94804 | 1392 |
| 131573204 | CWHL 2005-19 | Countrywide MBS 2005-19 | 5261110013 | 2916 | | HILLTOP MALL | RD | | | RICHMOND | 94806 | 2100 |
| 131649481 | CWHL 2007-HY81 | Countrywide MBS 2007-HY81 | 4056600182 | 2044 | | HARBEL | CT | | | RICHMOND | 94806 | 5898 |
| 131907686 | CWL 2006-24 | Countrywide ABS 2006-24 | 4056600026 | 5382 | | SUMMER | LN | | | RICHMOND | 94806 | 2088 |
| 131941882 | CWALT 2005-36CB | Countrywide ALT 2005-36CB | 4056601178 | 1930 | | CAMERENA | LN | | | RICHMOND | 94803 | 2034 |
| 132044054 | HVMLT 2005-3 | HarborView Mortgage Loan Trust 2005-3 | 431235076 | 5008 | | ROCK ROSE | WAY | | | RICHMOND | 94806 | 1853 |
| 133497170 | CWL 2006-BC4 | Countrywide ABS 2006-BC4 | 4055500518 | 908 | | BRICKYARD | | | | RICHMOND | 94801 | 4141 |
| 133969340 | CWALT 2005-OA10 | Countrywide ALT 2005-OA10 | 5005200069 | 1201 | | | WAY | 218 | | RICHMOND | | |
| 133635094 | WNRBS 2005-AR9 | Wells Fargo Mortgage Backed Securities 2005-AR9 | | | | EMERIC | AVE | APT | | RICHMOND | 94806 | 4536 |
| 137583084 | HVHEI 2004-2 | HarborView Home Equity Trust 2004-2 | 527111040 | 2428 | | TULARE | AVE | | | RICHMOND | 94804 | 1027 |
| 137851744 | HVHEI 2004-2 | Wells Fargo Home Equity Trust 2004-2 | 5265100249 | 2901 | | 21ST | ST | | | RICHMOND | 94801 | 3304 |
| 138118747 | CWALT 2005-OC10 | Countrywide ALT 2005-OC10 | 514110013 | 418 | S | 47TH | ST | | | RICHMOND | 94804 | 3422 |
| 138110947 | CWL 2005-18 | Countrywide ABS 2005-18 | 5133800059 | 250 | | SACRAMENTO | AVE | | | RICHMOND | 94804 | 6802 |
| 138732007 | CWL 2006-16 | Countrywide ABS 2006-16 | 510135011 | 5434 | | GAYNOR | AVE | | | RICHMOND | 94801 | 4200 |
| 138733351 | CWL 2006-20 | Countrywide ABS 2006-20 | 5200700222 | 2101 | | SANTA CLARA | ST | | | RICHMOND | 94804 | 5280 |
| 138915428 | HVHEI 2005-AR16 | Wells Fargo Mortgage Backed Securities 2005-AR16 | 5070500214 | 1722 | | 35TH | ST | | | RICHMOND | 94804 | 1027 |
| 138711739 | CWALT 2006-OA12 | Countrywide ALT 2006-OA12 | 5162900190 | 812 | | YUBA | ST | | | RICHMOND | 94805 | 1754 |
| 138712783 | CWALT 2006-OA12 | Countrywide ALT 2006-OA12 | 5201220016 | 678 | | 33RD | ST | | | RICHMOND | 94805 | 1507 |
| 138706877 | CWALT 2006-OA17 | Countrywide ALT 2006-OA17 | 5182700028 | 608 | S | 33RD | ST | | | RICHMOND | 94804 | 1538 |
| 138578186 | CWL 2005-13 | Countrywide ABS 2005-13 | 5491000090 | 2728 | | MARTIN LUTHER KIN | AVE | | | RICHMOND | 94804 | 4038 |
| 140840723 | CWL 2006-16 | Countrywide ABS 2006-16 | 5132800073 | 4910 | | ESQUELA | CT | | | RICHMOND | 94804 | 4280 |
| 141031408 | BCAP 2006-AA1 | Barclays Capital Inc., BCAP LLC TRUST 2006-AA1 | 4321420210 | 5234 | | CARRIAGE | DR | | | RICHMOND | 94803 | 3854 |
| 141197286 | AMSI 2006-R1 | Ameriquest Mortgage Securities Inc. 2006-R1 | 5285300324 | 2512 | | DOWNER | AVE | | | RICHMOND | 94804 | 1438 |
| 141194480 | CWALT 2005-OC8 | Countrywide ALT 2005-OC8 | 5342220044 | 898 | | 6TH | ST | | | RICHMOND | 94801 | 2215 |
| 141226642 | RESIF 2005-B | RESI Finance Limited Partnership 2005-B | 4351000008 | 1009 | | TRAILSIDE | DR | | | EL SOBRANTE | 94803 | 3637 |
| 141281820 | AMSI 2006-R1 | Ameriquest Mortgage Securities Inc. 2006-R1 | 528110004 | 2704 | | MCBRYDE | AVE | | | RICHMOND | 94804 | 1260 |
| 141667364 | BSARM 2005-5 | Bear Stearns ARM Trust 2005-5 | 5103440037 | 2816 | | SAN LUIS | ST | | | RICHMOND | 94804 | 6921 |
| 141708508 | CWALT 2005-OC8 | Countrywide ALT 2005-OC8 | 5162200142 | 430 | | 27TH | ST | | | RICHMOND | 94804 | 1729 |
| 141580573 | CWALT 2005-OC8 | Countrywide ALT 2005-OC8 | 5021400185 | 1527 | | GARVIN | AVE | | | RICHMOND | 94801 | 2427 |
| 141590505 | CWALT 2005-OC8 | Countrywide ALT 2005-OC8 | 5201700141 | 1405 | | HELLINGS | AVE | | | RICHMOND | 94801 | 2394 |
| 141808611 | BSARM 2007-2 | Bear Stearns ARM Trust 2007-2 | 5132240020 | 4841 | | BERK | AVE | | | RICHMOND | 94804 | 4318 |
| 145009692 | CWHL 2006-42 | Countrywide ALT 2006-42 | 5260500243 | 1352 | | MARIPOSA | ST | | | RICHMOND | 94804 | 4895 |
| 145412987 | CWL 2006-28 | Countrywide ABS 2006-28 | 5241600157 | 3701 | | GARVIN | AVE | | | RICHMOND | 94805 | 1738 |
| 145904588 | GSR 2005-AR7 | GSR Mortgage Loan Trust 2005-AR7 | 4056400026 | 887 | | MULBERRY | PL | | | RICHMOND | 94806 | 8111 |
| 145010911 | GSAA 2007-1 | GSAA Home Equity Trust 2007-1 | 5804500339 | 1203 | | MELVILLE | SQ | APT | 217 | RICHMOND | 94804 | 4692 |
| 145011725 | STARM 2007-2 | STARM Mortgage Loan Trust 2007-2 | 5285200011 | 724 | | 29TH | ST | | | RICHMOND | 94804 | 1424 |
| 146078283 | WFHET 2004-4 | Wells Fargo Home Equity Trust 2004-4 | 4321110217 | 5044 | | BUCKBOARD | WAY | | | RICHMOND | 94803 | 3806 |
| 146421029 | CWALT 2007-ACB3 | Countrywide ALT 2007-ACB3 | 5240400100 | 857 | | 36TH | ST | | | RICHMOND | 94805 | 1316 |
| 146423111 | CWALT 2007-ACB3 | Countrywide ALT 2007-ACB3 | 5103810547 | 8225 | | CENTRAL | AVE | | | RICHMOND | 94804 | 5605 |
| 146480772 | STARM 2007-4 | STARM Mortgage Loan Trust 2007-4 | 5605601052 | 91 | | SOUTHWIND | CIR | | | RICHMOND | 94804 | 7405 |
| 145547801 | WFMBS 2006-AR2 | Wells Fargo Mortgage Backed Securities 2006-AR2 | 5608600083 | 207 | | MARINA LAKES | DR | | | RICHMOND | 94804 | 7456 |
| 147180102 | WFHET 2005-4 | Wells Fargo Home Equity Trust 2005-4 | 5271420043 | 2428 | | MARICOPA | AVE | | | RICHMOND | 94804 | 1010 |
| 147226677 | CWL 2007-2 | Countrywide MBS 2007-2 | 4622220130 | 5311 | | COUNTRY VIEW | DR | | | RICHMOND | 94803 | 3683 |

Exhibit C

| Loanid | BloombergDealName | LenderDealName | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plat 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 172043820 | CWALT 2007-OH3 | Countrywide ALT 2007-OH3 | 906090470 | 98 | | SEA ISLE | DR | | | RICHMOND | 94804 | 7470 |
| 170447015 | WFMBS 2007-10 | Wells Fargo Mortgage Backed Securities 2007-10 | 405950250 | 950 | | HAWK RIDGE | DR | | | RICHMOND | 94806 | 5808 |
| 171003571 | CMR 2007-15 | Countrywide MBS 2007-15 | 5070400225 | 1718 | | BUTTE | ST | | | RICHMOND | 94804 | 5216 |
| 171221177 | WFMBS 2007-13 | Wells Fargo Mortgage Backed Securities 2007-13 | 5606000334 | 18 | | SEA GULL | DR | | | RICHMOND | 94804 | 7407 |
| 171648326 | WFMBS 2007-AR7 | Wells Fargo Mortgage Backed Securities 2007-AR7 | 5071600208 | 6947 | | SANTA CRUZ | AVE | | | RICHMOND | 94804 | 6542 |
| 177370383 | CWHL 2007-HY8 | Countrywide MBS 2007-HY8 | 4021132216 | 6949 | | WAGON WHEEL | WAY | | | RICHMOND | 94808 | 3820 |
| 175563729 | CWL 2007-13 | Countrywide ABS 2007-13 | 4142270113 | 3015 | | WASWALL | DR | | | RICHMOND | 94806 | 2753 |
| 191035995 | COMLT 2007-8 | Option One Mortgage Loan Trust 2007-8 | 4059500277 | 11083 | | HERITAGE | CT | | | RICHMOND | 94801 | 5847 |
| 200028060 | BAYC 2004-3 | Bayview Commercial Asset Trust 2004-3 | 5142000423 | 1815 | | ROOSEVELT | AVE | | | RICHMOND | 94806 | 2833 |
| 200048753 | TMST 2004-4 | Thornburg Mortgage Securities Trust 2004-4 | 4050700138 | 801 | | POPPY | CT | | | RICHMOND | 94804 | 1871 |
| 202828292 | LPLT 2005-S1 | J.P. Morgan Alternative Loan Trust 2005-S1 | 5135810150 | 2438 | | CHANDLER | DR | | | RICHMOND | 94804 | 2925 |
| 203213919 | GSAA 2007-3 | GSAA Home Equity Trust 2007-3 | 5400700087 | 2951 | | CUTTING | BLVD | | | RICHMOND | 94804 | 2256 |
| 204072265 | SURF 2004-BC3 | Specialty Underwriting and Residential Finance Trust 2004-BC3 | 5172520023 | 4010 | | NEVIN | AVE | | | RICHMOND | 94805 | 1919 |
| 205686823 | CMLT 2007-SHL1 | Citigroup Mortgage Loan Trust 2007-SH1 | 4260810110 | 3119 | | FIESTA | CT | | | RICHMOND | 94804 | 2819 |
| 222485272 | CMLT 2007-SHL1 | Citigroup Mortgage Loan Trust 2007-SH1 | 5602120008 | 135 | S | 7TH | ST | | | RICHMOND | 94804 | 3401 |
| 240441251 | LUM 2005-6 | Luminent Mortgage Loan Trust 2005-6 | 5130540082 | 257 | S | 42ND | ST | | | RICHMOND | 94804 | 3661 |
| 240982016 | LUM 2007-2 | Luminent Mortgage Loan Trust 2007-2 | 432200006 | 5326 | | GLENWOOD | WAY | | | RICHMOND | 94803 | 2634 |
| 255919697 | CXHE 2004-D | Centex Home Equity Loan Trust 2004-D | 4142263017 | 3103 | | BIRMINGHAM | DR | | | RICHMOND | 94806 | 3561 |
| 324083016 | MSHEL 2005-1 | Morgan Stanley Home Equity Loan Trust 2005-1 | 4818520018 | 380/4 | | PAINTED PONY | RD | | | RICHMOND | 94803 | 2131 |
| 324590497 | LX9 2005-17 | Lehman X9 Trust 2005-17 | 5162100149 | 802 | | 30TH | ST | | | RICHMOND | 94804 | 1998 |
| 325111201 | GSAA 2005-12 | GSAA Home Equity Trust 2005-12 | 5342600006 | 1624 | | MARINA | WAY | | | RICHMOND | 94801 | 2778 |
| 400534707 | BASC 2005-10 | Structured Asset Securities Corp. 2005-10 | 5080110033 | 1233 | S | 55TH | ST | | | RICHMOND | 94804 | 4636 |
| 400595005 | CMLT 2005-HE3 | Citigroup Mortgage Loan Trust 2005-HE3 | 5141000083 | 557 | | 23RD | ST | | | RICHMOND | 94801 | 2803 |
| 400740272 | SAST 2007-2 | Saxon Asset Securities Trust 2007-2 | 5383000108 | | | OHIO | AVE | | | RICHMOND | 94804 | 0 |
| 401005087 | CSFB 2004-AR7 | Credit Suisse First Boston Mortgage Securities Corp. 2004-AR7 | 4269810047 | 1316 | | CLUB | LN | | | RICHMOND | 94803 | 1257 |
| 401272356 | CSFB 2005-2 | CS First Boston Mortgage Securities Corp. 2005-2 | 5381000106 | 245 | | 3RD | ST | | | RICHMOND | 94801 | 3454 |
| 402478815 | CSFB 2005-2 | CS First Boston Mortgage Securities Corp. 2005-2 | #N/A | #N/A | #N/A | #N/A | #N/A | | #N/A | #N/A | #N/A | 1944 |
| 405179039 | SARS 2005-16 | Structured Asset Securities Corp. 2005-16 | 4059000080 | 2852 | | MEADOW CREST | CT | | | RICHMOND | 94806 | 2724 |
| 405982498 | CSMC 2005-1 | CS First Boston Mortgage Securities Corp. 2005-1 | 414151004 | 2607 | | MOYERS | RD | | | RICHMOND | 94806 | 1137 |
| 410549545 | HEAT 2007-2 | CS First Boston Home Equity Asset Trust 2007-2 | 5280120125 | 3425 | | MARIPOSA | AVE | | | RICHMOND | 94804 | 2633 |
| 410598164 | HEAT 2007-2 | CS First Boston Home Equity Asset Trust 2007-2 | 5440020147 | 255 | S | 19TH | ST | | | RICHMOND | 94804 | 2444 |
| 411064603 | HEAT 2007-2 | CS First Boston Home Equity Asset Trust 2007-2 | 5290000000 | 1768 | | ESMOND | AVE | | | RICHMOND | 94801 | 5018 |
| 411785134 | CSMC 2007-4 | CS First Boston Mortgage Securities Corp 2007-4 | 4099100037 | 3334 | | PARK RIDGE | DR | | | RICHMOND | 94806 | 5018 |
| 502542063 | CSFS 2005-4 | CS First Boston Mortgage Securities Corp 2005-4 | 5290400125 | 1741 | | ESMOND | AVE | | | RICHMOND | 94801 | 2443 |
| 511009104 | HASC 2006-OPT1 | HSI Asset Securitization Corporation Trust 2006-OPT1 | 5061810251 | 1259 | | 1ST | ST | | | RICHMOND | 94801 | 3443 |
| 511002018 | HASC 2006-OPT4 | HSI Asset Securitization Corporation Trust 2006-OPT2 | 5242000108 | 3819 | | GARVIN | AVE | | | RICHMOND | 94805 | 1334 |
| 511002643 | SVHE 2006-OPT4 | Soundview Home Equity Loan Trust 2006-OPT4 | 4140940085 | 2246 | | JO ANN | DR | | | RICHMOND | 94806 | 2719 |
| 511003151 | COMLT 2006-1 | Option One Mortgage Loan Trust 2006-1 | #N/A | #N/A | #N/A | PARKGATE | | | #N/A | #N/A | #N/A | #N/A |
| 511006297 | COMLT 2006-1 | Option One Mortgage Loan Trust 2006-1 | 4055810088 | 3318 | | 36TH | ST | | | RICHMOND | 94806 | 1999 |
| 511009530 | ABSHE 2006-HE5 | Asset Backed Securities Corporation Home Equity Loan Trust 2006-HE5 | 5131520158 | 324 | S | 36TH | ST | | | RICHMOND | 94804 | 3290 |
| 511006183 | SVHE 2006-OPT3 | Soundview Home Equity Loan Trust 2006-OPT3 | 5302100009 | 2027 | | HELLINGS | AVE | | | RICHMOND | 94801 | 2540 |
| 531013339 | COMLT 2007-1 | Option One Mortgage Loan Trust 2007-1 | 5139401490 | 4453 | | TAFT | AVE | | | RICHMOND | 94804 | 3447 |
| 531014434 | COMLT 2007-FXD2 | Option One Mortgage Loan Trust 2007-FXD2 | 5162710175 | 5105 | | NEVIN | AVE | | | RICHMOND | 94805 | 2438 |
| 531016387 | COMLT 2007-5 | Option One Mortgage Loan Trust 2007-5 | 5150350163 | 3222 | | OHIO | AVE | | | RICHMOND | 94804 | 3069 |
| 531019783 | COMLT 2007-8 | Option One Mortgage Loan Trust 2007-8 | 5177700114 | 420 | | 38TH | ST | | | RICHMOND | 94805 | 2216 |
| 601429072 | WAMU 2004-AR9 | Washington Mutual Pass-Through Certificates, Series 2004-AR9 | 5605200006 | 28 | | SHORENWOOD | CT | | | RICHMOND | 94804 | 7488 |
| 601562627 | WAMU 2005-AR8 | Washington Mutual Pass-Through Certificates, Series 2005-AR8 | 5662200006 | 305 | | GRANDVIEW | CT | | | RICHMOND | 94801 | 3700 |
| 601567659 | WAMU 2005-AR8 | Washington Mutual Pass-Through Certificates, Series 2005-AR8 | 4009100202 | 232 | | TANGLEWOOD | DR | | | RICHMOND | 94806 | 5514 |

Exhibit C

| Loan Id | Bloomberg/DealName | Lender/DealName | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 201068038 | WAMU 2005-8 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-8 | 51912C0244 | 840 | | HUMBOLDT | ST | | | RICHMOND | 94805 | 1970 |
| 201068484 | WAMU 2005-8 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-8 | 510757C016 | 6123 | | PANAMA | AVE | | | RICHMOND | 94804 | 5725 |
| 201058484 | WAMU 2005-8 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-8 | 5006020026 | 201 | | SEACLIFF | WAY | | | RICHMOND | 94801 | 4159 |
| 201067145 | WAMU 2005-AR11 | WaMu Mortgage Pass-Through Certificates Series 2005-AR11 | 5006020028 | 807 | | SEACLIFF | DR | | | RICHMOND | 94808 | 9109 |
| 201065000 | WAMU 2005-AR12 | WaMu Mortgage Pass-Through Certificates Series 2005-AR12 | 5005010221 | 4635 | | CLINTON | AVE | | | RICHMOND | 94805 | 1417 |
| 201068462 | WAMU 2005-AR13 | WaMu Mortgage Pass-Through Certificates, Series 2005-AR13 | 433401C025 | 15177 | | SOLITUDE | LN | | | EL SOBRANT | 94803 | 2815 |
| 201068574 | WAMU 2005-AR13 | WaMu Mortgage Pass-Through Certificates, Series 2005-AR13 | 5006020026 | 304 | | SEAVIEW | DR | | | POINT RICHM | 94801 | 4161 |
| 201068039 | WAMU 2005-AR13 | WaMu Mortgage Pass-Through Certificates, Series 2005-AR13 | 5241000202 | 2916 | | MCBRYDE | AVE | | | RICHMOND | 94804 | 1155 |
| 201070744 | WAMU 2005-AR15 | WaMu Mortgage Pass-Through Certificates, Series 2005-AR15 | 5241000133 | 2014 | | ROOSEVELT | AVE | | | RICHMOND | 94801 | 3349 |
| 201072218 | WAMU 2005-AR1 | WaMu Mortgage Pass-Through Certificates, WMALT Series 2005-AR1 | 5141400135 | 621 | | 33RD | ST | | | RICHMOND | 94804 | 1331 |
| 201177033 | WAMU 2005-5 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-5 | 5041400143 | | | OXFORD | ST | | | RICHMOND | 94808 | 2815 |
| 201173590 | WAMU 2005-AR5 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-AR5 | 414202C04 | 27728 | | PANAMA | DR | | | RICHMOND | 94803 | 1210 |
| 201066527 | WAMU 2005-AR6 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-AR6 | 4265350117 | 1218 | | GREENWAY | CT | | | RICHMOND | 94805 | 2610 |
| 201063212 | WAMU 2006-7 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-7 | 433340C041 | 221 | | PAMELA | CT | | | RICHMOND | 94803 | 2067 |
| 201043043 | WAMU 2005-AR8 | WaMu Mortgage Pass-Through Certificates, Series 2005-AR8 | 4912350045 | 5035 | | ESCALON | CIR | | | RICHMOND | 94806 | 6121 |
| 201045028 | WAMU 2005-AR8 | WaMu Mortgage Pass-Through Certificates, Series 2005-AR8 | 4059400032 | 3540 | | PARK RIDGE | DR | | | RICHMOND | 94801 | 1956 |
| 201057900 | WAMU 2005-AR8 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-AR8 | 5612310267 | 576 | | ALAMO | AVE | | | RICHMOND | 94808 | 2842 |
| 20413425 | ACCR 2005-2 | Accredited Mortgage Loan Trust 2005-2 | 414500249 | 2877 | | GROOM | DR | | | RICHMOND | 94801 | 1078 |
| 205447385 | WMALT 2007-OA1 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA1 | 6271600115 | 2729 | | LOWELL | AVE | | | RICHMOND | 94804 | 1779 |
| 205570002 | WMALT 2006-AR17 | WaMu Mortgage Pass-Through Certificates, Series 2006-AR17 | 5161120009 | 670 | | 39TH | ST | | | RICHMOND | 94805 | 3807 |
| 205568000 | WMALT 2007-OA2 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA2 | 4321120042 | 6105 | | BUCKBOARD | WAY | | | RICHMOND | 94803 | 1850 |
| 205502341 | WMALT 2007-OA2 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA2 | 5262100188 | 2851 | | GARVIN | AVE | | | RICHMOND | 94804 | 2100 |
| 205606733 | WMALT 2006-AR18 | WaMu Mortgage Pass-Through Certificates, Series 2006-AR18 | 4056600024 | 2854 | | HILLTOP MALL | RD | | | RICHMOND | 94806 | 2029 |
| 205583743 | WMALT 2005-AR19 | WaMu Mortgage Pass-Through Certificates, Series 2005-AR19 | 4312820025 | 4715 | | MEADOWBROOK | DR | | | RICHMOND | 94803 | 1501 |
| 205533007 | WMALT 2006-AR19 | WaMu Mortgage Pass-Through Certificates, Series 2006-AR19 | 5150400231 | 824 | | 25TH | ST | | | RICHMOND | 94804 | 5653 |
| 205564919 | WMALT 2007-2 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-2 | 405660024 | 727 | | MONARCH | CT | | | RICHMOND | 94806 | 1968 |
| 205739497 | WMALT 2007-HY1 | WaMu Mortgage Pass-Through Certificates, Series 2007-HY1 | 4067200299 | 5773 | | FERN MEADOW | CT | | | RICHMOND | 94806 | 2057 |
| 205740800 | WAMU 2007-HY1 | WaMu Mortgage Pass-Through Certificates, Series 2007-HY1 | 5005000744 | 60 | | ROCKPORT | CT | | | POINT RICHM | 94804 | 4132 |
| 205758918 | WMALT 2007-OA3 | Washington Mutual Mortgage Pass-Through Certificate, WMALT Series 2007-OA3 | 5006000026 | 501 | | SEACLIFF | PL | | | RICHMOND | 94801 | |
| 205614241 | WMALT 2007-2 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-2 | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 205671729 | WMALT 2007-OA5 | Washington Mutual Mortgage Pass-Through Certification, WMALT Series 2007-OA5 | 5134020069 | 4345 | | BELL | AVE | | | RICHMOND | 94804 | 4307 |
| 205270003 | HS6 2007-HE1 | HS6 Asset Securitization Corporation Trust 2007-HE1 | 5005810054 | 3376 | | PARKGATE | CT | | | RICHMOND | 94806 | 1969 |
| 01010570 | HS2 2007-HE1 | HS6 Asset Securitization Corporation Trust 2007-HE1 | 5006600065 | 1812 | | NORTHSHORE | DR | | | RICHMOND | 94804 | 2577 |
| 541990022 | WAMU 2005-PR4 | Morgan Stanley Mortgage Loan Trust 2005-PR4 | 4320010047 | 46 | | QUAIL HILL | LN | | | RICHMOND | 94803 | 2833 |
| 5070702 | MSAC 2004-HE8 | Morgan Stanley ABS Capital I Trust 2004-HE8 | #N/A | | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 611006709 | CONLT 2005-4 | Option One Mortgage Loan Trust 2005-4 | 5006620619 | 28 | | HARBOR VIEW | DR | | | RICHMOND | 94804 | 7468 |
| 611009770 | LPMAC 2005-OPT2 | LP Morgan Mortgage Acquisition Corp. 2005-OPT2 | 5362510028 | 269 | | 9TH | ST | | | RICHMOND | 94801 | 3039 |
| 611011417 | SWHE 2006-OPT6 | Standview Home Equity Loan Trust 2006-OPT6 | 4141410028 | 2669 | | GONZAGA | AVE | | | RICHMOND | 94806 | 3113 |
| 611015762 | SGMS 2006-OPT2 | Soctete Generale Mortgage Securities Trust 2006-OPT2 | 5242000163 | 848 | | 35TH | ST | | | RICHMOND | 94805 | 1321 |
| 611010664 | CONLT 2007-3 | Option One Mortgage Loan Trust 2007-3 | 6606400017 | 2004 | | HOFFMAN | BLVD | | | RICHMOND | 94804 | 3857 |
| 611022054 | SWHE 2007-OPT1 | Standview Home Loan Trust 2007-OPT1 | 5491510166 | 823 | S | 24TH | ST | | | RICHMOND | 94804 | 3953 |
| 671002004 | SWHE 2004-PR2 | Washington Mutual Securities (WAMU) 2004 - PR2 | 5291400126 | 1159 | | 34TH | ST | | | RICHMOND | 94804 | 1173 |
| 672877148 | WAMU 2004-PR1 | Washington Mutual Securities (WAMU) 2005 - PR1 | 5195000044 | 579 | | 20TH | ST | | | RICHMOND | 94805 | 2123 |
| 672897428 | WAMU 2004-PR2 | Washington Mutual Securities (WAMU) 2004 - PR2 | 5345010182 | 829 | | LUCAS | AVE | | | RICHMOND | 94801 | 2255 |
| 677716806 | WAMU 2004-PR2 | Washington Mutual Securities (WAMU) 2004 - PR2 | 5005300357 | 2105 | | SEA SHELL | DR | | | RICHMOND | 94804 | 7485 |
| 678811548 | WAMU 2004-PR2 | Washington Mutual Securities (WAMU) 2004 - PR2 | 5161500131 | 420 | | 32ND | ST | | | RICHMOND | 94804 | 1706 |
| 687230462 | WAMU 2005-PR2 | Washington Mutual Securities (WAMU) 2005 - PR2 | 4315000624 | 3409 | | STEWARTON | DR | | | RICHMOND | 94803 | 2057 |
| 696801771 | MLMI 2005-A5 | Merrill Lynch Mortgage Investors Inc. 2005-A5 | 4269210029 | 1003 | | VIEW | DR | | | RICHMOND | 94805 | 1249 |
| 696001422 | WAMU 2005-PR2 | Washington Mutual Securities (WAMU) 2005 - PR2 | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 696001885 | FHW 2005-S001 | Freddie Mac Securities REMIC Trust Mortgage 2005-S1 | 5381600146 | 364 | | 6TH | ST | | | RICHMOND | 94801 | 3308 |

Exhibit C

| LoanId | BloombergDealName | LenderDealName | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plat 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 69054370 | MSAC 2004-NC7 | Morgan Stanley ABS Capital I Trust 2004-NC7 | 426541010A | 1140 | | PARKRIDGE | DR | | | RICHMOND | 94803 | 1230 |
| 80348767 | MSAC 2008-HE3 | Morgan Stanley ABS Capital I Trust 2008-HE3 | 414007012R | 3146 | | MOYERS | RD | | | RICHMOND | 94808 | 2735 |
| 69569714 | LBMLT 2006-WL2 | Long Beach Mortgage Loan Trust 2006-WL2 | 556043022 | 281 | | WASHINGTON | CT | | | RICHMOND | 94801 | 3914 |
| 69370360 | SAST 2003-3 | Saxon Asset Securities Trust 2003-3 | 534172032 | 1123 | | ROOSEVELT | AVE | | | RICHMOND | 94801 | 2761 |
| 70207460 | RESIF 2006-D | RESI Finance Limited Partnership 2006-D | 414049127 | 2919 | | GROOM | DR | | | RICHMOND | 94808 | 2642 |
| 70312/622 | WAMU 2006-PR3 | Washington Mutual Securities (WMALt) 2006 - PR3 | 508160137 | 5221 | | TEHAMA | AVE | | | RICHMOND | 94804 | 5127 |
| 70269721 | WAMU 2006-PR1 | Washington Mutual Securities (WMALt) 2009 - PR1 | 560460471 | 1200 | | BRICKYARD | WAY | APT | 315 | RICHMOND | 94801 | 4147 |
| 72961/6062 | LBMLT 2006-10 | Long Beach Mortgage Loan Trust 2006-10 | 514170140 | 531 | | 16TH | ST | | | RICHMOND | 94801 | 2813 |
| 72976808 | WAHE 2007-HE1 | WaMu Asset-Backed Certificates 2007-HE1 | 405650343 | 1091 | | FARNSTEAD | CT | | | RICHMOND | 94808 | 5449 |
| 70123600 | WAMU 2007-OA2 | WaMu Mortgage Pass-Through Certificates Series 2007-OA2 | 432123015 | 5441 | | VICTORIA | LN | | | EL SOBRANT | 94803 | 3832 |
| 70086171 | WAMU 2007-HY2 | WaMu Mortgage Pass-Through Certificates Series 2007-HY2 | 405600354 | 5951 | | VISTA | DR | | | RICHMOND | 94808 | 5082 |
| 70097245 | WAMU 2007-HY3 | WaMu Mortgage Pass-Through Certificates Series 2007-HY3 | 431230485 | 5052 | | ESCALON | CIR | | | RICHMOND | 94803 | 2066 |
| 70091586 | WAMU 2007-HY3 | WaMu Mortgage Pass-Through Certificates Series 2007-HY3 | 431230826 | 5051 | | ESCALON | CIR | | | RICHMOND | 94803 | 2057 |
| 70091785 | WAMU 2007-HY3 | WaMu Mortgage Pass-Through Certificates Series 2007-HY3 | 532620/0185 | 5801 | | ESMOND | AVE | | | RICHMOND | 94805 | 1427 |
| 72081118 | WAMU 2007-HY3 | WaMu Mortgage Pass-Through Certificates Series 2007-HY3 | 405910353 | 464 | | WOOD GLEN | DR | | | RICHMOND | 94808 | 5728 |
| 72081492 | WAMU 2007-HY3 | WaMu Mortgage Pass-Through Certificates Series 2007-HY3 | 405640073 | 3912 | | BELMI | GRV | | | RICHMOND | 94806 | 1844 |
| 70103571 | WMALT 2007-OA3 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA3 | 516010090 | 715 | | 58TH | ST | | | RICHMOND | 94805 | 1850 |
| 70311/4359 | WAMU 2007-OA5 | WaMu Mortgage Pass-Through Certificates Series 2007-OA5 | 560500354 | 1300 | | QUARRY | CT | APT | 303 | RICHMOND | 94801 | 4150 |
| 70119980 | WAMU 2007-HY7 | WaMu Mortgage Pass-Through Certificates Series 2007-HY7 | 432132018 | 5448 | | TANDEM | LN | | | EL SOBRANT | 94803 | 3828 |
| 63107/7132 | DOMLT 2007-8 | Option One Mortgage Loan Trust 2007-8 | 431157015 | 3033 | | DESERET | DR | | | RICHMOND | 94803 | 2330 |
| 100008680 | HEMI 2006-HE1 | Merrill Lynch Mortgage Investors Inc. 2006-HE1 | 431350013 | 3966 | | MORNINGSIDE | DR | | | EL SOBRANT | 94805 | 2126 |
| 100010439 | HVMLT 2005-10 | HarborView Mortgage Loan Trust 2005-10 | 516290022 | 229 | | 25TH | ST | | | RICHMOND | 94804 | 1807 |
| 100010602 | HVMLT 2005-10 | HarborView Mortgage Loan Trust 2005-10 | 432132019 | 5498 | | TANDEM | LN | | | RICHMOND | 94803 | 3828 |
| 100009863 | FHLT 2006-A | Fremont Home Loan Trust 2006-A | 532620015A | 5419 | | ESMOND | AVE | | | RICHMOND | 94805 | 1108 |
| 100037657 | ACE 2005-RM1 | ACE Securities Corp. Home Equity Loan Trust 2005-RM1 | 420201012 | 23 | | QUAIL HILL | LN | | | RICHMOND | 94803 | 2833 |
| 100178142 | CARR 2005-NC4 | Carrington Mortgage Loan Trust 2005-NC4 | 431221017 | 5403 | | CLEARFIELD | AVE | | | RICHMOND | 94803 | 2614 |
| 100188307 | NLMI 2006-RM4 | New Century Home Equity Loan Trust 2006-RM4 | 515192015 | 4226 | | OVERBND | AVE | | | RICHMOND | 94803 | 3395 |
| 100214697 | NCHET 2006-A | New Century Home Equity Loan Trust 2006-A | 516270162 | 660 | | 40TH | ST | | | RICHMOND | 94805 | 1810 |
| 100254428 | CARR 2005-NC5 | Carrington Mortgage Loan Trust 2005-NC5 | 516210027 | 504 | | MCLAUGHLIN | ST | | | RICHMOND | 94805 | 1947 |
| 100414829 | LBMLT 2006-7 | Long Beach Mortgage Loan Trust 2006-7 | 432107079 | 4950 | | BUCKBOARD | WAY | | | RICHMOND | 94803 | 3901 |
| 100537060 | MSAC 2006-NC3 | Morgan Stanley ABS Capital I Trust 2006-NC3 | #N/A | | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 100721146 | CARR 2006-NC2 | Carrington Mortgage Loan Trust 2006-NC2 | 516151017 | 4407 | | CUTTING | BLVD | | | RICHMOND | 94804 | 3544 |
| 100783195 | CARR 2006-NC3 | Carrington Mortgage Loan Trust 2006-NC3 | 534260015 | 749 | | 10TH | ST | | | RICHMOND | 94801 | 22201 |
| 100704240 | MABS 2006-NC2 | MASTR Asset Backed Securitizations Trust 2006-NC2 | 406630225 | 804 | | WILLIAMS | DR | | | RICHMOND | 94808 | 1781 |
| 100805666 | CARR 2006-NC3 | Carrington Mortgage Loan Trust 2006-NC3 | 431151020 | 2722 | | SHELDON | DR | | | RICHMOND | 94803 | 2319 |
| 100614813 | MSAC 2006-NC5 | Morgan Stanley ABS Capital I Trust 2006-NC5 | 532634013 | 5911 | | ESMOND | AVE | | | RICHMOND | 94805 | 1112 |
| 100847612 | MSAC 2006-HE3 | Morgan Stanley ABS Capital I Trust 2006-HE3 | 515391010 | 263 | | 4TH | ST | | | RICHMOND | 94804 | 3421 |
| 101057657 | CARR 2006-NC5 | Carrington Mortgage Loan Trust 2006-NC5 | 513402018Z | 4155 | | BELL | AVE | | | RICHMOND | 94804 | 4526 |
| 101121723 | HSI 2007-NC1 | HSI Asset Securitization Corporation Trust 2007-NC1 | 520010013 | 5901 | | DOREMUS | AVE | | | RICHMOND | 94805 | 1542 |
| 101121/4954 | MSAC 2007-NC4 | Morgan Stanley ABS Capital I Trust 2007-NC4 | 433401014 | 1220 | | FASCINATION | CIR | | | RICHMOND | 94803 | 2625 |
| 101213144 | MABS 2007-NCW | MASTR Asset Backed Securitization Trust 2007-NCW | 408490015 | 5905 | | AMEND | RD | | | RICHMOND | 94803 | 3577 |
| 106000418 | CHASE 2006-A2 | Chase Mortgage Finance Trust 2006-A2 | 405650016E | 809 | | MEADOW VIEW | DR | | | RICHMOND | 94806 | 8108 |
| 106000003 | JPMAT 2005-A8 | J.P. Morgan Mortgage Trust 2005-A8 | 560500086 | 20 | | LIGHTHOUSE | LN | | | RICHMOND | 94804 | 7402 |
| 106650300 | CFAB 2004-2 | Chase Funding Mortgage Loan 2004-2 | 515162085 | 386 | S | 36TH | ST | | | RICHMOND | 94804 | 3230 |
| 110339591 | IMM 2004-11 | Impac CMB Trust 2004-11 | 519260121 | 5212 | | SILVA | AVE | | | RICHMOND | 94805 | 2410 |
| 110341/5528 | IMM 2005-5 | Impac CMB Trust 2005-5 | 431150024 | 3017 | | STEPHEN | DR | | | RICHMOND | 94803 | 2334 |
| 110062037 | BSABS 2006-IM1 | Bear Stearns Asset Backed Securities Trust 2006-IM1 | 405070003 | 5733 | | OAKMONT | DR | | | RICHMOND | 94806 | 5951 |
| 110380/7231 | IMSA 2005-3 | Impac Secured Assets Corp. 2005-3 | 512500188 | 461 | | CARLSTON | ST | | | RICHMOND | 94805 | 2401 |

Exhibit C

| Loanid | Bloomberg/Deal Name | Lender/Deal Name | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plat 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 110368604 | IMSA 2007-1 | Impac Secured Assets Corp. 2007-1 | 509200104 | 8204 | | CRERLY | AVE | | | RICHMOND | 94804 | 4741 |
| 110364230 | IMSA 2007-1 | Impac Secured Assets Corp. 2007-1 | 516191010 | 3310 | | NEVIN | AVE | | | RICHMOND | 94805 | 2146 |
| 110384978 | IMBA 2007-2 | Impac Secured Assets Corp. 2007-2 | 414161012 | 3016 | | PHILLIPS | CT | | | SAN PABLO | 94806 | 2744 |
| 110406323 | CHASE 2007-S4 | Chase Mortgage Finance Trust 2007-S4 | 433481028 | 208 | | PIONEER | CT | | | RICHMOND | 94803 | 2646 |
| 17830060940 | CHASE 2007-A1 | Chase Mortgage Finance Trust 2007-A1 | 516240003 | 3215 | | SILVA | AVE | | | RICHMOND | 94805 | 2409 |
| 17930056695 | JPMMT 2005-A4 | J.P. Morgan Mortgage Trust 2005-A4 | 509020132 | 32 | | SANDPOINT | DR | | | RICHMOND | 94804 | 4524 |
| 176548317 | CHASE 2005-S2 | Chase Mortgage Finance Trust 2005-S2 | 512100179 | 944 | | MCLAUGHLIN | ST | | | RICHMOND | 94805 | 1947 |
| 176500086 | JPMMT 2005-A8 | J.P. Morgan Mortgage Trust 2005-A8 | 507000018 | 1300 | | SANTA CLARA | ST | | | RICHMOND | 94804 | 5234 |
| 183924580 | LPALT 2005-S1 | J.P. Morgan Alternative Loan Trust 2005-S1 | 520122008 | 5808 | | SIERRA | AVE | | | RICHMOND | 94805 | 1905 |
| 184451128 | CHASE 2005-S2 | Chase Mortgage Finance Trust 2005-S2 | 432192010 | 5537 | | CABRILLO NORTE | | | | RICHMOND | | 3977 |
| 184834730 | LPALT 2005-S1 | J.P. Morgan Alternative Loan Trust 2005-S1 | 596193023 | 66 | | IDAHO | ST | | | RICHMOND | 94801 | 4046 |
| 200028227 | M&AC 2007-HE7 | Morgan Stanley ABS Capital I Trust 2007-HE7 | 516040180 | 3229 | | BARRETT | | | | RICHMOND | 94804 | 1717 |
| 200282782 | M&AC 2007-HE7 | Morgan Stanley ABS Capital I Trust 2007-HE7 | 561210182 | 1240 | | LEO | ST | | | RICHMOND | 94801 | 1983 |
| 200409000 | NC-HET 2005-B | New Century Home Equity Loan Trust 2005-B | 428571068 | 1324 | | PARK CENTRAL | CT | | | RICHMOND | | 1282 |
| 220219761 | IMSA 2005-5 | Impac Secured Assets Corp. 2005-5 | 435100004 | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 500727762 | ELAT 2007-1 | Ellington Loan Acquisition Trust 2007-1 | 431100201 | 1039 | | RIDGEVIEW | DR | | | EL SOBRANT | 94803 | 3641 |
| 500050490 | ELAT 2007-1 | Ellington Loan Acquisition Trust 2007-1 | 544181074 | 335 | 8 | 13TH | ST | | | RICHMOND | 94804 | 2505 |
| 501145691 | RESIF 2005-A | RESI Finance Limited Partnership 2005-A | 431050023 | 3770 | | PAINTED PONY | RD | | | RICHMOND | 94803 | 2115 |
| 634700437G | HEAT 2005-8 | CS First Boston Home Equity Asset Trust 2005-8 | 516125028 | 818 | | ALAMO | AVE | | | RICHMOND | 94801 | 1999 |
| 4009024569 | FFML 2006-FF15 | First Franklin Mortgage Loan Trust 2006-FF15 | 517120003 | 443 | | 45TH | ST | | | RICHMOND | 94805 | 2301 |
| 401057100 | FFML 2006-FF15 | First Franklin Mortgage Loan Trust 2006-FF15 | 560010002 | 2508 | | BEACH HEAD | WAY | | | RICHMOND | 94804 | 7477 |
| 401059209 | FFML 2006-FF18 | First Franklin Mortgage Loan Trust 2006-FF18 | 414080008 | 2628 | | ALTA MIRA | DR | | | RICHMOND | 94803 | 2759 |
| 40258182 | FFMER 2007-3 | First Franklin Mortgage Loan Trust 2007-3 | 516010000 | 716 | | 39TH | ST | | | RICHMOND | 94805 | 1850 |
| 424036285 | MANA 2007-A3 | Merrill Lynch Alternative Loan Trust 2007-A3 | 414140013B | 2854 | | GONZAGA | AVE | | | RICHMOND | 94803 | 3114 |
| 467031685G | MANA 2007-OAR1 | Merrill Lynch Alternative Loan Trust 2007-OAR1 | 431080024 | 3740 | | LONGHORN | CT | | | RICHMOND | | 2101 |
| 501270083 | MABS 2005-HE1 | MASTR Asset Backed Securitizations Trust 2005-HE1 | 526050014 | 2361 | | MCBRYDE | AVE | | | RICHMOND | 94804 | 1248 |
| 500417312 | BAFC 2006-D | Banc of America Funding Corporation 2006-D | 506920100 | 1977 | | SHASTA | ST | | | RICHMOND | 94804 | 5334 |
| 502447921 | BOAMB 2004-J | Banc of America Mortgage Securities 2004-J | 406050016 | 1047 | | MYRTLEWOOD | CT | | | RICHMOND | 94806 | 5938 |
| 503022100B | RESIF 2005-D | RESI Finance Limited Partnership 2005-D | 527200081 | 2524 | | LOWELL | AVE | | | RICHMOND | 94804 | 1078 |
| 503296167 | BAFC 2005-G | Banc of America Funding Corporation 2005-G | 560050012 | 347 | | SANDY BAY | CT | | | RICHMOND | 94801 | 4154 |
| 547365090 | BOAMB 2006-D | Banc of America Mortgage Securities 2006-D | 560020010 | 77 | | HARBOR VIEW | DR | | | RICHMOND | 94804 | 7466 |
| 548240008 | BOAA 2005-5 | Banc of America Alternative Loan Trust 2005-5 | 432111004 | 4654 | | BLOSSOMG | WAY | | | RICHMOND | 94803 | 3903 |
| 572965450 | CMALT 2007-A6 | CitiMortgage Alternative Loan Trust 2007-A6 | 431160040 | 4588 | | FRAN | WAY | | | RICHMOND | 94803 | 2428 |
| 573965319 | CMS 2007-3 | Citicorp Mortgage Securities Inc. 2007-3 | 586183021 | 31 | | IDAHO | ST | | | RICHMOND | 94801 | 4044 |
| 582069043 | BAFC 2007-C | Banc of America Funding Corporation 2007-C | 552060121 | 1419 | | LINCOLN | AVE | | | RICHMOND | 94801 | 5300 |
| 586104979 | BOAMB 2005-E | Banc of America Mortgage Securities 2005-E | 414170157 | 2210 | | BARNARD | ST | | | RICHMOND | 94806 | 2708 |
| 683221622 | RESIF 2005-D | RESI Finance Limited Partnership 2005-D | 540480784 | 1643 | | NEVIN | PLZ | | | RICHMOND | 94801 | 3242 |
| 700072288 | ACE 2004-FM1 | ACE Securities Corp. Home Equity Loan Trust 2004-FM1 | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 700215707 | FALT 2005-3 | Fremont Home Loan Trust 2005-3 | 400501017 | 2474 | | HOMESTEAD | CIR | | | RICHMOND | 94806 | 5262 |
| 700589274 | BOAA 2005-8 | Banc of America Alternative Loan Trust 2005-8 | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A | #N/A |
| 710044903 | MLCC 2007-2 | Merrill Lynch Mortgage Investors Trust Series MLCC 2007-2 | 560060013 | 1757 | | NORTHSHORE | DR | | | RICHMOND | 94804 | 2579 |
| 5500002410 | HMAC 2004-2 | Homestar Mortgage Acceptance Corp. 2004-2 | 432201043 | 144 | | WOODSTOCK | CT | | | RICHMOND | 94803 | 7306 |
| 981276342 | CMALT 2007-A1 | CitiMortgage Alternative Loan Trust 2007-A1 | 435160048 | 1004 | | RIDGEVIEW | DR | | | EL SOBRANT | 94803 | 3640 |
| 904051694 | DSLA 2004-AR2 | Downey Savings and Loan Association Mortgage Loan Trust 2004-AR2 | 517180016 | 449 | | 36TH | ST | | | RICHMOND | 94805 | 2211 |
| 904152189 | DSLA 2005-AR3 | Downey Savings and Loan Association Mortgage Loan Trust 2005-AR3 | 526200005 | 2342 | | ESMOND | AVE | | | RICHMOND | 94804 | 1314 |
| 904103329 | DSLA 2006-AR1 | Downey Savings and Loan Association Mortgage Loan Trust 2006-AR1 | 560600068 | 80 | | SEAGULL | DR | | | RICHMOND | 94804 | 7407 |
| 904264209 | DSLA 2007-AR1 | Downey Savings and Loan Association Mortgage Loan Trust 2007-AR1 | 414043101 | 2800 | | GROOM | DR | | | RICHMOND | 94806 | 2642 |
| 904248646 | HVMLT 2007-7 | Harbor View Mortgage Loan Trust 2007-7 | 534550079 | 651 | | 12TH | ST | | | RICHMOND | 94801 | 2723 |

Exhibit C

| LoanId | Bloomberg Deal Name | Lender/Deal Name | Parcel Number | House Number | Dir | Street Name | Street Suffix | Unit | Unit Value | City | Zip | Plus 4 |
|--------|---------------------|------------------|---------------|--------------|-----|-------------|---------------|------|-----------|------|-----|--------|
| 9718055519 | CMALT 2007-A3 | CitiMortgage Alternative Loan Trust 2007-A3 | 5084500000 | 926 | | CHANSLOR | AVE | | | RICHMOND | 94801 | 3542 |

# Exhibit C



# Homeownership Protection Program

## A Solution to a Critical Problem

Mortgage Resolution
PARTNERS

# Homeownership Protection Program

This presentation has been prepared for discussion purposes only and does not constitute a legally binding commitment or obligation of any of the referenced entities herein to enter into the transactions described. The terms and conditions outlined herein are not a comprehensive statement of the applicable terms and conditions that would be contained in the definitive documentation for the transactions contemplated herein. This presentation should not be deemed a comprehensive disclosure of risks or other implications of the transactions discussed herein.

A program term sheet and FAQ is intended to be part of this presentation and contains additional information.

Mortgage Resolution
PARTNERS

2

# The Real State of U.S. Housing Today

## Home prices continue to deteriorate, jeopardizing mortgage loans and homeowners

- In June of 2006, U.S. residential housing prices hit their peak. Now, nearly six years later, the market is once again at a record post-2006 low (down 33.8% from peak as of year-end 2011).

- Over 22% of the 52.5 million U.S. homes that are mortgaged had "underwater" mortgage loans at the beginning of 2012.

- Such mortgages are generally concentrated in states that experienced acute housing price increases during the bubble -- Arizona, California, Florida and Nevada, to name but a few.

- After short-lived and shallow periods of home price appreciation in mid 2010 and again in 2011, recent pricing trends have turned decidedly negative (the S&P Case Shiller 20 City Index is down 7.5% nationwide from its previous post-crash high in May of 2010).

- The National Association of Realtors, in its December 2011 survey, found that foreclosure sales averaged a discount of 22% compared with non-distressed home sales (up from 20% a year earlier). Short sales, with the cooperation of the lender, averaged 13% below market value. RealtyTrac found even larger differences in 2011.

- **Despite hopes to the contrary, the situation is not materially improving.**

3

Mortgage Resolution ª
**PARTNERS**

# The Homeownership Protection Program Will Help End this National Nightmare

## Empowering communities to do what Washington and the private sector have been unable to

- The Program employs the ultimate right of local communities and governments – *through the constitutionally guaranteed power of eminent domain* – to retake control over the welfare of their neighborhoods and their fiscal solvency.

- Organized by Mortgage Resolution Partners – in public/private ventures with cities and counties that have been most affected by the mortgage and housing crisis – the Program will force lenders to surrender their mortgage loans to governments for full and fair value as determined by local courts in condemnation proceedings.

- As the current fair market value of such mortgage loans is considerably less than the face amount thereof, governments will be able to restructure the mortgage loans acquired though eminent domain and refinance severely underwater homeowners (with the ability and creditworthiness to make payments on their restructured loans) into new loans to be sold to large, private sector investors as FHA GinnieMae securities.

- <u>No taxpayer funds will be used in connection with the Program and the Program requires no state or federal legislation, or administrative action.</u>

4

Mortgage Resolution
**PARTNERS**

# Communities are the Principal Drivers of the Homeownership Protection Program

## Municipalities have enormous incentives to adopt and execute the Program

- Defaulted mortgages are typically associated with the cessation of real estate tax payments and other ratable and usage charges payable to localities. This stresses local budgets and financing.

- Throughout the mortgage crisis, underwater loans have demonstrated high default levels – regardless of other borrower circumstances. This tendency poses a threat to areas continuing to see price depreciation.

- Large volumes of defaulted mortgages result in neighborhood blight, abandonment, unkempt property and transience. These factors exacerbate the already compromised housing economics in affected areas and accelerate price depreciation.

- Municipal, county and state governments, and agencies, have a public interest in halting defaults and consequent neighborhood deterioration.

- **The Program provides a practical and efficient solution to this intractable dilemma.**

Mortgage Resolution
**PARTNERS**

# A Grass Roots Crisis That Demands a Solution

The impact on cities must be resolved locally as broader national policies have proven inadequate

- Post-crash, cities and towns have suffered greatly, often in seldom understood ways:

- For example, when a foreclosed home is sold by a lender in foreclosure, the home's respective tax assessment is permanently reset in many communities.

  o Consider, for example, a home that was purchased for $400,000 with a $360,000 mortgage and has a current tax assessment of the purchase price.

  *If that home sells in foreclosure for $200,000, its tax assessment is reset, and can only increase by a small amount each year in many communities. The rate of increase may be tied to inflation, which erodes tax revenues until the home is again sold.*

  o Conversely, consider what would happen if the same homeowner refinanced the mortgage and (quite reasonably) contested its real estate tax assessment.

  *The home's assessment may be reduced to $200,000, but the assessment could float freely back up to $400,000 as markets recover. Of course, once the assessment reaches $400,000, the rate of increase will be limited on an annual basis in many communities.*

Mortgage Resolution
**PARTNERS**

6

# A Half-Decade of Partial Mortgage Resolution Solutions have Come up Short

## Why does the mortgage crisis still burden the U.S., given the plethora of other programs to end it?

- Private- and government-sponsored modification programs generally have not worked because they do not emphasize significant principal reduction. Overall, fewer than 50% of the 2.26 million mortgages modified from 2008 – 2011 were current at year-end 2011. The majority of modifications have merely capitalized missed payments or reduced monthly payments by less than 10%.

- While encouraging lenders and servicers to pursue loan modifications in lieu of foreclosure, government programs (together with aftermath of the late 2010 "document-gate" foreclosure scandal) have curtailed the pace of foreclosures and liquidations. As a result, Q3 2011 saw a backlog of 394,000 repossessed homes awaiting liquidation, plus an additional 2.86 million homes securing mortgages that were 12 months or more delinquent, for a total "shadow inventory" of homes well down the foreclosure pipeline of 3.25 million. This excludes another approximately 1.4 million loans that are between 60 days and 11 months delinquent.

- As of January 2012, based on current default rates for various categories of loans, Amherst Securities estimated that between 7.4 million and 9.4 million additional home mortgage loans are in danger of defaulting over the next six years, assuming no further price declines or changes to interest rates.

7

Mortgage Resolution
**PARTNERS**

# A Half-Decade of Partial Mortgage Resolution Solutions have Come up Short (cont'd)

## Systemic problems in the housing and mortgage industries have diluted other solutions' effectiveness

- At its post-bubble peak, the excess inventory of vacant housing rose to nearly 2.1 million units. That number has declined somewhat – particularly in the case of rental housing. Legacy excess unutilized vacant housing remains at over one million units.

- $873 billion of 2nd lien/HELOC (Home Equity Lines of Credit) mortgage loans exist behind a large portion of the most heavily underwater first mortgage loans. This has made resolution of underwater first mortgages by methods other than foreclosure and liquidation nearly impossible; second mortgage lenders (most of which are large banks) are not willing to offer proportionate relief, despite their subordinate lien status.

- Ironically, many borrowers continue to pay their second-lien lenders even as they are in default on their first mortgage, in order to maintain revolving lines of credit.

- **The $1.1 trillion of remaining "private-label" residential mortgage backed securities pose extraordinary additional problems by virtue of contractual documentation that never envisioned a housing price meltdown. Servicers are paralyzed by restrictive servicing contracts generally forbidding loan sales and limiting loan modifications. With shrinking margins and continued risks of litigation, servicers act only when forced to.**

8

Mortgage Resolution
**PARTNERS**

# The Homeownership Protection Program: A Practical Solution that Works

## Why will the Program succeed where other solutions have failed?

- The Program operates at at the local level to acquire underwater mortgages through *eminent domain,* which is a public – not a private – right.

- Mortgage Resolution Partners (MRP) acts as manager and forms partnerships with local governments to facilitate the eminent domain and mortgage restructuring process.
  - MRP coordinates with local officials to identify subject mortgages and refine program structure.
  - MRP and third-parties preliminarily screens for loans qualifying for modification and refinancing.
  - MRP earns a fair, flat and transparent per-loan fee for its services.

- Not all borrowers will qualify for Program.  Only borrowers who appear likely to repay their loans will be accepted.  The Program will initially acquire loans that are (i) significantly underwater and (ii) relatively current (not in default)—emphasizing loans held by private-label securitization trusts.

- Loans and liens will be acquired through eminent domain at *fair value,* which is expected to be <u>less</u> than the market value of the home.

- **The Program will partner with institutional investors that fund the condemnation action in order to obtain access to attractively priced, GinnieMae-backed mortgage securities that will result from the restructuring and refinancing of the mortgages acquired under the Program.  Investors will approve acquired mortgage pools and will earn all payments received on the acquired mortgages prior the re-securitization thereof.**

Mortgage Resolution
**P A R T N E R S**

9

# The Program Begins Where it is Most Urgently Needed – The State of California

## A $5 billion, initial series to kickoff an up-to-$500 billion, 3,000,000-home, multi-state effort.

- California has one of the highest percentages and the highest dollar amount of at-risk loans. It is a natural and efficient first state for the program.

- California legal precedent and political posture favor the Program and constitute an ideal proving ground.

- Counties and cities should have the authority under California and Federal law to acquire by eminent domain residential mortgage loans secured by real property when the debtor and the secured property are within its jurisdiction.

- A consortium of the county and city governments in San Bernardino County, California (the largest county in the United States, outside of Alaska) is promulgating a "Joint Powers Authority" to undertake the first series of the Program together with MRP.

- The Program has obtained supporting legal opinions of national counsel specializing in constitutional law and financial regulation. At the California and local level, the Program relies on firms with expertise and experience in local eminent domain law and litigation. San Bernardino County has conducted its own legal review before proceeding with the Program.

**In addition, Robert Hockett, Cornell University Law School Professor of Financial and Economic Law has authored a memorandum of law and white paper on the issue of public taking of mortgage loans and liens for the purposes of the Program.**

Mortgage Resolution
**PARTNERS**

10

# The Program's "Five Stages of Relief"

The Program's five stages for resolving underwater mortgages at the local level



Mortgage Resolution
**PARTNERS**

11

# A Step-by-Step Analysis of the Program's Operational Methodology

## Transaction Activity

Manager/City Select Underwater Mortgagors

Pre-screening and Evaluation of Publically and Privately Available City Mortgage Data

Manager/Investor Selects List of Target Mortgages



Investors' Fund Compensation Escrow (and MRP Fee)

City Commences Quick Take Condemnation Proceeding

Court Sets Prelim. Compensation and Orders Mortgagee to Surrender Loan

Trustee/Mortgagee Transfers Loan to Municipality for Cash Consideration

Remaining Valuation Reserve Retained by City Until Final Value Determination

Subsequent Valuation Trial



Manage/Initiates Refi Process with Gov't Approved Vendor

Loan Principal Reduced and Refinanced with New Gov't Insured Mortgage

Investor Funds Closing Fees/Expenses

Conveyance of Refinanced Loans Authorized by Investor in Exchange for GNMA RMBS at Premium

Valuation Reserve Distributed to Mortgagees or Pre-designated Charity upon Court Order









## Investor Collateral

Pre-funding Tranche Commitment

Compensation Escrow Receipt

Whole Loans and Reserve Cash

Refinanced Whole Loan and Reserve Cash

GNMA RMBS

Mortgage Resolution PARTNERS

12

# Program Contacts

**Steven Gluckstern (Mortgage Resolution Partners, LLC)**
sgluckstern@mortgageresolutionpartners.com
917 561 6503 (m)
415 678 5134 (o)

**Donald H. Putnam (Mortgage Resolution Partners, LLC)**
dputnam@mortgageresolutionpartners.com
415 350 5266 (m)
415 677 5898 (o)

**Daniel Alpert (Westwood Capital, LLC)**
dalpert@westwoodcapital.com
917 453 6640 (m)
212 953 6448 (o)

**Len Blum (Westwood Capital, LLC)**
lblum@westwoodcapital.com
917 699 3597 (m)
212 972 2455 (o)

Mortgage Resolution
**PARTNERS**