United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON (f/k/a The Bank of New York) and THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. (f/k/a The Bank of New York Trust Company, N.A.), as Trustees, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RICHMOND, et al.,<br><br>Defendants. | No. C 13-03664 CRB<br><br>**ORDER DENYING MOTION FOR RULE 11 SANCTIONS** |

Defendants the City of Richmond, Richmond City Council, Mortgage Resolution Partners L.L.C. and Gordian Sword L.L.C. have filed a Motion for Rule 11 Sanctions, in which they argue that Plaintiffs The Bank of New York Mellon, The Bank of New York Mellon Trust Company, U.S. Bank National Association, Wilmington Trust Company, and Wilmington Trust, National Association violated Rule 11 because "[e]ven if there could have been any reasonable doubt as to the ripeness of Plaintiffs' claims at the time Plaintiffs filed their Second Amended Complaint (and there should not have been), this Court's ruling [in Wells Fargo Bank v. City of Richmond, No. 13-3663] resolved any such doubt and Plaintiffs should have dismissed their case." Mot. (dkt. 55) at 1. The Court finds these matters suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), VACATES the hearing currently set for January 24, 2014, and DENIES the Motion.

Rule 11 sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). The Court finds that the Second Amended Complaint in this case was neither frivolous nor filed for an improper purpose. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). Moreover, Plaintiffs' opposition to dismissal was not inappropriate, both because it preserved Plaintiffs' opportunity to appeal,[1] and because it raised legitimate (if ultimately unpersuasive) arguments not raised in the Wells Fargo case. See, e.g., Order re MTD (dkt. 53) at 7 ("Plaintiffs also asserted during oral argument that although the city counsel has not yet approved the plan, the City Manager's letter to homeowners itself creates an injury, which makes the issue presently fit for determination."). There is no basis for imposing sanctions here.

**IT IS SO ORDERED.**

Dated: January 15, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs have indeed appealed the Order Granting Defendants' Motion to Dismiss. See Notice of Appeal (dkt. 64).